# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Office of the Clerk

## After Filing an Appeal:
## An Introduction for Attorneys

You have received this guide because you filed a notice of appeal in the U.S. Court of Appeals for the Ninth Circuit. It provides information you need to know to represent an appellant before the court.

---

**For Habeas Appeals**

If you are appealing the denial of a habeas corpus petition under 28 U.S.C. § 2254 or 2255, you are receiving this guide because the district court or court of appeals has granted a certificate of appealability (COA) on one or more of the specific issues in the case.

---

**Read this guide carefully. If you don't follow instructions, the court may dismiss your case.**

---

**This Guide Is Not Legal Advice**

Court employees are legally required to remain neutral; that means they can't give you advice about how to win your case. However, if you have a question about procedure—for example, which forms to send to the court or when a form is due—this packet should provide the answer. If it doesn't, you may contact the clerk's office for more information.

# WHAT'S IN THIS GUIDE?

HOW AN APPEAL WORKS.................................................................................................................3

PRACTICE RULES AND RESOURCES ...........................................................................................4

    Practice Guides ............................................................................................................................4

    Appellate Mentoring Program ...................................................................................................4

IMPORTANT RULES FOR ALL CASES .........................................................................................4

    Ninth Circuit Bar Admission .......................................................................................................4

    Register for Electronic Filing .......................................................................................................5

    Complete a Mediation Questionnaire .......................................................................................5

    Meet Your Deadlines ...................................................................................................................5

    Complete Your Forms Properly...................................................................................................5

    Deliver Papers the Right Way ......................................................................................................6

    Keep Copies of Your Documents................................................................................................6

    Pay the Filing Fee or Request a Waiver .....................................................................................6

    If You Move, Tell the Court .........................................................................................................7

HANDLING AN APPEAL: THREE STAGES ....................................................................................8

    Stage One: Opening a Case .........................................................................................................9

    Stage Two: Preparing and Filing Briefs ...................................................................................11

    Stage Three: The Court's Final Decision..................................................................................15

HOW TO WRITE AND FILE MOTIONS .......................................................................................16

    How to Write a Motion..............................................................................................................16

    How to File a Motion .................................................................................................................17

    What Happens After You File.....................................................................................................17

    How to Respond to a Motion from Opposing Counsel...........................................................17

    Emergency Motions ..................................................................................................................18

IF YOU DON'T AGREE WITH A COURT DECISION ....................................................................19

    During Your Case: Motion for Reconsideration ......................................................................19

    After Your Case: Motions and Petitions...................................................................................19

HOW TO CONTACT THE COURT ...............................................................................................22

# HOW AN APPEAL WORKS

The chart below shows the path of an appeal from the lowest federal court to the highest. Review these steps to make sure you understand where you are in the process.

**U.S. District Court or Bankruptcy Appellate Panel.** Your case in the U.S. Court of Appeals may come from a U.S. District Court or the Bankruptcy Appellate panel. In a very small number of cases, if the court of appeals gives you permission, you can appeal directly from the bankruptcy court to the court of appeals. (*See* 28 U.S.C. § 158(d) if you want more information about appealing directly from a bankruptcy court.)

**U.S. Court of Appeals.** When reviewing the lower court's decision in your case, the court of appeals (usually a panel of three judges) will carefully consider everything that has happened so far. The court will also read all the papers that you and opposing counsel file during your case. The court will look to see whether a lower court or agency has made a constitutional, legal, or factual mistake. You are not allowed to present new evidence or testimony in the court of appeals.

**U.S. Supreme Court.** If you do not agree with the decision of the court of appeals, you can ask the United States Supreme Court to review your case. The Supreme Court chooses which cases it wants to hear. It reviews only a small number of cases each year.

U.S. District Court
or
Bankruptcy Appellate Panel

⬇



*You are here

U.S. Court of Appeals

⬇

U.S. Supreme Court

Your case may not go through all of the stages shown above. For example, if the U.S. Court of Appeals resolves your case the way that you want, you won't need to file a petition in the U.S. Supreme Court.

# PRACTICE RULES AND RESOURCES

This guide highlights rules that you **absolutely must follow** after filing a case. You are also responsible for reviewing and following the Federal Rules of Appellate Procedure (Fed. R. App. P.), the Ninth Circuit Rules (9th Cir. R.), and the general orders. The Federal Rules and the Ninth Circuit Rules are available at www.ca9.uscourts.gov/rules.

## Practice Guides

In addition to the rules above, the following guides can support your practice before this court. You can find these and other resources on the court's website under *Legal Guides*:

- **Appellate Practice Guide.** A thorough manual of appellate practice prepared by the Appellate Lawyer Representatives.

- **Perfecting Your Appeal.** You can view this video for free at www.ca9.uscourts.gov or purchase it from the clerk's office for $15.00.

## Appellate Mentoring Program

The appellate mentoring program provides guidance to attorneys who are new to federal appellate practice or who would benefit from mentoring at the appellate level. Mentors are volunteers who have experience in immigration, habeas corpus, or appellate practice in general. If you are interested, a program coordinator will match you with a mentor, taking into account your needs and the mentor's particular strengths.

To learn more, email the court at mentoring@ca.9.uscourts.gov or go to www.ca9.uscourts.gov. On the website, select the "Attorneys" tab, look for "Appellate Mentoring Program," then choose "Information."

# IMPORTANT RULES FOR ALL CASES

The rules in this section apply to all attorneys who file a notice of appeal in the Ninth Circuit. You must understand and follow each one.

## Ninth Circuit Bar Admission

To practice before the court of appeals, you must be admitted to the Bar of the Ninth Circuit. For instructions on how to apply, go to www.ca9.uscourts.gov. Select the "Attorneys" tab, look for "Attorney Admissions," then choose "Instructions."

## Register for Electronic Filing

Unless the court gives you an exemption, you must use the Ninth Circuit's electronic filing system, called CM/ECF (Case Management/Electronic Case Files). To learn more and to register, go to www.ca9.uscourts.gov then click "Filing a Document – CM/ECF."

For additional guidance on filing documents and making payments electronically, read the Ninth Circuit Rules, especially Rule 25-5. For a complete list of the available types of filing events, see the CM/ECF User Guide. To find the guide, go to "Filing a Document" as described just above, look for "Documentation & Training," then select "CM/ECF User Guide."

## Complete a Mediation Questionnaire

You must complete a mediation questionnaire unless your appeal is a habeas case (28 U.S.C. §§ 2241, 2254 and 2255) or a petition for a writ (28 U.S.C. § 1651). (*See* 9th Cir. R. 3-4.) The court uses the questionnaire to assess settlement potential.

If you are required to complete a questionnaire, you must file it no later than **seven days** after the clerk's office dockets your case. To find the form, go to www.ca9.uscourts.gov/forms.

To request a conference with a mediator, call the Mediation Unit at (415) 355-7900, email ca09_mediation@ca9.uscourts.gov, or make a written request to the Chief Circuit Mediator. You may request conferences confidentially. For more information about the court's mediation program, go to www.ca9.uscourts.gov/mediation.

## Meet Your Deadlines

Read all documents you get from the court. They will contain important instructions and deadlines for filing your court papers. **If you miss a deadline or fail to respond to the court as directed, the court may dismiss your case.**

## Complete Your Forms Properly

Everything you send to the court must be clear and easy to read. If we can't read your papers, we may send them back to you. To make the clerk's job easier, please:

- ✓ Include your case number on all papers you send to the court or to opposing counsel.

- ✓ Number your pages and put them in order.

- ✓ If you are not filing electronically, use only one paper clip or a single staple to keep your documents organized. The clerk's office must scan your documents and extra binding makes that job difficult.

## Deliver Papers the Right Way

When you deliver papers to the court or to opposing counsel, you must take certain steps to show you sent them to the right place on time.

- ✓ **Use the correct address.** Before you put anything in the mail, make sure the address is current and correct.

  - To find current addresses for the court, see "How to Contact the Court," at the end of this guide. You may deliver a document to the court in person, but you must hand it to someone designated to receive documents in the clerk's office.

  - To find the correct address for opposing counsel, see opposing counsel's notice of appearance. Opposing counsel should have sent a copy of this document to you after you filed your notice of appeal. The notice states opposing counsel's name and address.

- ✓ **Attach a certificate of service.** You must attach a signed certificate of service to each document you send to the court or to opposing counsel unless the document will be served on all parties electronically via CM/ECF.

- ✓ **Send a copy of *all* documents to opposing counsel.** When you send a document to the court, you must also send a copy (including any attachments) to opposing parties or counsel who are not registered for electronic filing.

## Keep Copies of Your Documents

Make copies of all documents you send to the court or to opposing counsel and keep all papers sent to you.

## Pay the Filing Fee or Request a Waiver

The filing fee for your case is $505.00. The fee is due when you file your notice of appeal. If you don't pay the fee, you will receive a notice informing you that you have **21 days** to either pay the fee or request a waiver because the appellant can't afford to pay.

- **If appellant can afford the fee.** Send a check or money order to the district court. **Do not send your payment to the court of appeals** unless you are appealing a Bankruptcy Appellate Panel decision (see the note just below). Please note that after you pay the fee, the court cannot refund it, no matter how your case turns out.

> **For Bankruptcy Appellate Panel Cases**
>
> Submit your payment to the court of appeals using the electronic filing system or send a check or money order to the court. Make your check out to "Clerk, U.S. Courts." Don't forget to include your case number.

- **If appellant can't afford to pay.** You may ask the court to waive the fee by filing a motion to proceed in forma pauperis. See "Filing Opening Motions," below.

**If you do not pay the fee or submit a waiver request by the deadline, the court will dismiss your case. (9th Cir. R. 42-1)**.

## If You Move, Tell the Court

If your mailing address changes, you must immediately notify the court in writing. (9th Cir. R. 46-3.)

- **CM/ECF.** If you registered for CM/ECF, update your information online at https://pacer.psc.uscourts.gov/pscof/login.jsf.

- **Exempt Filers.** If you are exempt from CM/ECF, file a change of address form with the court. You can find the form on the court's website at www.ca9.uscourts.gov/forms.

If you don't promptly change your address, including your email address, you could miss important court notices and deadlines. As noted above, missing a deadline may cause the court to dismiss your case.

# HANDLING AN APPEAL: THREE STAGES

This section will help you understand and manage the different parts of your case. We describe the basic documents you must file with the court and the timing of each step.

To begin, review the chart below. It introduces the three stages of a case.



**1 Opening**
- You file a notice of appeal.
- The court sends you a case schedule.
- You pay filing fees or get a waiver.
- You start compiling excerpts of record.
- You order transcripts from the district court if you need them.
- You and opposing counsel may file motions.
- You respond to any court orders or motions from opposing counsel.

**2 Briefing**
- You submit an opening brief and excerpts of record.
- Opposing counsel submits an answering brief.
- You may submit a reply to opposing counsel's brief.

**3 Decision**
- The court decides your case.
- If you don't like the result, you decide whether to take further action.

## Stage One: Opening a Case

By the time you receive this guide, you have already opened a case by filing a notice of appeal. In response, the clerk's office created the case record and gave you a case number and a briefing schedule.

If you haven't already paid the filing fee, you must do so now. See "Pay the Filing Fee or Request a Waiver," above.

 **The court may dismiss your case at any time.** Even if you pay the fees and get a briefing schedule, the court may decide not to keep your case for a variety of legal reasons. If the court dismisses your case and you think the court was wrong, see "If You Don't Agree with a Court Decision," below.

Now is also the time to:

- start compiling excerpts of record
- order any transcripts you need from the district court, and
- file any opening motions with the court.

This section discusses each of these steps in turn.

### *Preparing Excerpts of Record*

The Ninth Circuit Court of Appeals does not require an appendix of record. Instead, you must file excerpts of record with your opening brief. (*See* 9th Cir. R. 30-1.1.) Your excerpts of record should be clear and well-organized. They should include all the documents that the court will need to understand and decide the issues in your petition.

Start putting together your excerpts of record now, before you write your opening brief. Then, as you write the brief, you can mark each record page that you reference so you can easily add the marked pages to your excerpts.

To learn the rules that govern what your excerpts should and should not include, and how to format them, read 9th Cir. R. 30-1. We also recommend that you read Chapter X of Appellate Practice Guide; see "Practice Guides," above.

### *Ordering Transcripts*

If your appeal will refer to matters discussed during district court hearings, you'll want to include a transcript of those hearings in your excerpts of record. To order transcripts, consult the district court where your case originated.

---

**For Bankruptcy Appeals**

If you are appealing a Bankruptcy Appellate Panel decision or a district court decision that began in bankruptcy court, your transcript designation form must also include any court orders or written pleadings—for example, motions and briefs filed earlier in your case—that you might want to include in your excerpts.

---

### *Filing Opening Motions*

Here are two common motions that you might make at the beginning of your case.

**Motion to Proceed in Forma Pauperis**

File this motion to ask the court to waive the appellant's filing fee. To file your motion, you must complete and include Form 4: Motion and Affidavit for Permission to Appeal in Forma Pauperis. The form is available on the court's website at www.ca9.uscourts.gov/forms.

The court will grant your IFP motion only if it finds that:

- appellant has financial need, and
- your appeal is not frivolous.

If the court denies the IFP motion, you must then pay the fees or the court will dismiss your case. (*See* Ninth Circuit Rule 42-1.)

---

**If Appellant Already Has IFP Status**

If a district court gave appellant permission to proceed in forma pauperis and no one has revoked that status, you don't have to file again now. (*See* Federal Rule of Appellate Procedure 24(a).)

---

**For Prisoners Filing Civil, Non-Habeas, Appeals**

Even if the court grants your IFP motion, appellant must pay the filing fee if he or she has sufficient funds in a prison account. (*See* 28 U.S.C. § 1915(b).) If this applies to you, we will notify you that fees are due. You must then complete and return a form to allow prison officials to deduct the funds from appellant's prison account.

---

**Motion for Transcripts at Government Expense**

If the appellant has IFP status and you need to order transcripts from a district court, you might want to file a motion for transcripts at government expense. You must first file this motion in the district court. If the district court denies your motion, you may file the same motion in the court of appeals. (*See* 28 U.S.C. § 753(f).) If you do so, be sure to follow the instructions in "How to Write and File Motions," below.

**Motion for Injunction Pending Appeal**

You can also file a motion for injunction pending appeal, sometimes called a motion for injunctive relief. Be specific about what type of relief you are asking for, why the court should grant the relief, and the date by which you want the court to respond. In addition, be sure to follow the instructions in "How to Write and File Motions," below.

## Stage Two: Preparing and Filing Briefs

During the second stage of your case, you and opposing counsel will prepare and file written briefs. The required components of a brief are set out in Fed. R. App. P. 28 and 32, and 9th Cir. R. 28-2, 32-1, and 32-2. You should familiarize yourself with those rules and follow them carefully. In this section, we cover some key points of briefing practice.

### *Opening Brief*

You will write and file the first brief in your case. In the opening brief, you must:

- state the facts of the case
- describe the relief you are seeking for the appellant
- provide legal arguments to support your petition, and
- include citations to the excerpts of record.

**Deadline for filing.** You must file your opening brief and excerpts of record by the deadline stated in the briefing schedule.

**If you do not file your brief on time or request an extension, the court will dismiss your case.**

**For Habeas Appeals**

You are allowed to bring your appeal because a court gave you a certificate of appealability (COA) on one or more specific issues in your case. Before you write your opening brief, look closely at the court order granting your COA. It should list the specific issues on which you may appeal. You may discuss only those issues (the "certified issues") unless you make changes to your brief. To ask the court to consider other issues, you must do both of the following:

- ✓ Add a heading titled "Certified Issues" and then discuss the issues your COA covers.

- ✓ Add a heading titled "Uncertified Issues" and then discuss any issues your COA does not cover.

If you use these two headings, the court will read your "Uncertified Issues" section as a motion to expand the COA. For more information, read Ninth Circuit Rule 22-1(e).

---

**Tips for Writing Your Briefs**

Keep these points in mind to write a better brief:

**Avoid unnecessary words.** Don't use 20 words to say something you can say in ten.

**Think things through.** Make logical arguments and back them up with legal rules.

**Be respectful.** You can disagree without being disagreeable. Focus on the strengths of your case, not the character of others.

**Tell the truth.** Don't misstate or exaggerate the facts or the law.

**Proofread.** Before you file, carefully check for misspellings, grammatical mistakes, and other errors.

### *Answering Brief*

In response to your opening brief, opposing counsel may file an answering brief. If opposing counsel files an answer, they must send a copy to you.

The time scheduling order sets the deadline for the answering brief. Please note that the opening and answering brief due dates are not subject to the rules for additional time described in Fed. R. App. P. 26(c). In particular, if you file your opening brief early, it does not advance the due date for your opponent's answering brief. (*See* 9th Cir. R. 31-2.1.)

### *Reply Brief*

You are invited to reply to opposing counsel's answering brief, but you are not required to do so. If you write a reply brief, do not simply restate the arguments in your opening brief. Use the reply brief to directly address the arguments in opposing counsel's answering brief.

You must file your reply brief within **21 days** of the date the government serves you with its answering brief.

### *How to File a Brief*

Rules for filing briefs depend on whether or not you are required to file electronically.

**CM/ECF.** After we review and confirm your electronic submission, we will request paper copies of the brief that are identical to the electronic version. Do not submit paper copies until we direct you to do so. (*See* 9th Cir. R. 31-1.) You must also send **two copies** of the brief to any exempt or unregistered opposing parties or counsel.

**Exempt Filers Only.** Please follow these steps:

- ✓ Send the original document and **six copies** of your brief to the court.

- ✓ Send **two copies** to opposing counsel.

- ✓ Attach a signed certificate of service to the original and to each copy for opposing counsel or party.

- ✓ Keep a copy for your records.

### How to File Excerpts of Record

Submit your excerpts in PDF format using CM/ECF on the same day that you submit your brief. You must serve a paper copy of your excerpts on any unregistered party.

If the excerpts contain sealed materials, you must submit the sealed documents separately, along with a motion to file under seal. (9th Cir. R. 27-13(e).) You must serve sealed filings on all parties by mail or by email if they are registered for electronic filing, or if mutually agreed, rather than through CM/ECF.

After approving your electronic submission, the clerk will direct you to file individually bound paper copies of the excerpts of record with white covers.

To review the rules for filing excerpts, see 9th Cir. R. 30-1.


### If You Need More Time to File

Usually, you may ask for one streamlined extension of up to 30 days from the brief's existing due date. (*See* 9th Cir. R. 31-2.2(a) for conditions and exceptions.)

- **CM/ECF.** Electronic filers do not need to use a written motion; you may submit your request using the "File Streamlined Request to Extend Time to File Brief" event on CM/ECF on or before your brief's existing due date.

- **Exempt Filers.** Make your request by filing Form 13 on or before your brief's existing due date. You can find Form 13 on the court's website at www.ca9.uscourts.gov/forms.

If you need more than 30 days, or if the court has already given you a streamlined extension, you must submit a written motion asking for more time. Your motion must show both diligence and substantial need. You must file your request at least **seven days** before your brief is due. The motion must meet the requirements of 9th Cir. R. 31-2.2(b). You may use Form 14 for this motion, or write your own motion.

Usually, in response to an initial motion for more time, the court will adjust the schedule. (*See* Circuit Advisory Committee Note to Ninth Circuit Rule 31-2.2.) If you followed the correct procedures to ask for more time but the court doesn't respond by the date your brief is due, act as though the court has granted your request and take the time you asked for.


### What Happens After You File

After you and opposing counsel have filed your briefs, a panel of three judges will evaluate the case. Sometimes the court decides a case before briefing is complete (9th Cir. R. 3-6); if that happens, we will let you know.

Judges conduct oral hearings in all cases unless all members of the panel agree that oral argument would not significantly aid the decision-making process. (Fed. R. App. P. 34(a)(2).)

**Notification of oral hearings.** We will notify you of the potential dates and location of an oral hearing approximately 14 weeks in advance. After you receive notice, you have **three calendar days** to inform the court of any conflicts. We distribute calendars about ten weeks before the hearing date.

**Changes to oral hearing dates or location.** The court will change the date or location of an oral hearing only if you show good cause for the change. If you wish to submit a request to continue a hearing, you must do so within 14 days of the hearing. Note, however, that the court grants such requests only if you can show exceptional circumstances. (9th Cir. R. 34-2.)

Oral arguments are live streamed to YouTube. Viewers can access them through the court's website. Go to www.ca9.uscourts.gov and choose "Live Video Streaming of Oral Arguments and Events."

## Stage Three: The Court's Final Decision

After the judges decide your case, you will receive a memorandum disposition, opinion, or court order stating the result. If you are happy with the outcome, congratulations.

If you or opposing counsel didn't get the final results you want, either of you may take the case further. We explain your options in the section called "After Your Case," below.

# HOW TO WRITE AND FILE MOTIONS

This section provides general guidelines for writing and filing motions, including motions discussed elsewhere in this guide. The motion you want to make may have special rules—for example, a different page limit or deadline—so be sure that you also read its description, as noted below.

## How to Write a Motion

If you want to file a motion with the court, follow these guidelines:

✓ Clearly state **what** you want the court to do.

✓ Give the legal reasons **why** the court should do what you are asking.

✓ Tell the court **when** you would like it done.

✓ For criminal appeals, include the defendant's bail status. (9th Cir. R. 27-2.8.1.)

✓ Tell the court what the opposing party's position is. (Circuit Advisory Committee Note to Ninth Circuit Rule 27-1(5); 9th Cir. R. 31-2.2(b)(6).)

✓ If you are filing a response requesting affirmative relief, include your request in the caption. (Fed. R. App. P. 27(a)(3)(B)) and use the correct filing type

✓ Don't write a motion that is more than 20 pages long unless you get permission from the court.

If you like, you may support your motion with an affidavit or declaration. (28 U.S.C. § 1746.) Do not submit a proposed order.

> ### Cases Scheduled for Argument or Submitted to a Panel
>
> If your case has been (1) scheduled for oral argument, (2) argued, or (3) submitted to or decided by a panel, then the first page or cover of your motion must include the date of argument, submission, or decision and, if known, the names of the judges on the panel. (9th Cir. R. 25-4.)

## How to File a Motion

To file your motion, you must follow the rules described in "Deliver Papers the Right Way," at the beginning of this guide. Keep the following points in mind.

- **CM/ECF.** For electronic filing, follow instructions on CM/ECF. If there are any non-registered parties, you must send a hard copy to that party.

- **Exempt Filers.** Send the original document to the court and send a copy to opposing counsel. Remember to attach a signed certificate of service to the original and to any copies. Always keep a copy for your own records.

Note that you should not include a notice of motion or a proposed order with your motion. (Fed. R. App. P. 27(a)(2)(C)(ii) and (iii).)

## What Happens After You File

The path of a motion depends on the details of your case. Certain motions—for example, a motion to dismiss the case—may automatically stay the briefing schedule. (*See* 9th Cir. R. 27-11.) The following steps are common after filing a motion.

**Opposing counsel may respond.** After you file a motion, opposing counsel has ten days to file a response. (*See* Fed. R. App. P. 27(a)(3)(A); Fed. R. App. P. 26(c).) In the response, opposing counsel will tell the court why it disagrees with the arguments in your motion.

**You may reply to opposing counsel's response.** If opposing counsel responds, you may tell the court why you think opposing counsel's view is incorrect. If you file a reply, don't just repeat the arguments in your original motion. Instead, directly address the arguments in opposing counsel's response. You usually have **seven days** to file a reply with the court, starting on the day opposing counsel serves you with their response. (*See* Fed. R. App. P. 27(a)(3)(B).) Normally, a reply may not be longer than ten pages.

**The court decides your motion.** After you and opposing counsel file all papers related to the motion, a panel of two or three judges will decide the issue.

## How to Respond to a Motion from Opposing Counsel

Your opponent may also submit motions to the court. For example, opposing counsel may file a motion to dismiss the case or to ask the court to review the case more quickly than usual. If opposing counsel files a motion, you are allowed to respond with your arguments against it. Your response may not be longer than 20 pages.

Usually, you must file your response with the court no more than **ten days** from the day the motion is served on you.

**Read More About These Motions**

If you are making one of the following motions, read the section noted here:

**Motion to proceed in forma pauperis** in "Filing Opening Motions," above.

**Motion for transcripts at government expense** in "Filing Opening Motions," above.

**Motion for injunctive relief pending appeal** in "Filing Opening Motions," above.

**Motion for extension of time to file a brief** in "If You Need More Time to File," above.

**Motion for reconsideration** in "If You Don't Agree With a Court Decision," below.



## Emergency Motions

An emergency motion asks the court to act within 21 days to avoid irreparable harm. Your motion must meet the requirements of 9th Cir. R. 27-3.

If you need emergency relief, you must notify the Emergency Motions department in San Francisco before you file the motion. Call them at 415-355-8020 or e-mail emergency@ca9.uscourts.gov. Please note that a request for more time to file a document with the court or any other type of procedural relief does *not* qualify as an emergency motion. (*See* Circuit Court Advisory Committee Note to 27-3(3).)

Finally, if you absolutely must notify the court of an emergency outside of standard office hours, call 415-355-8000. This line is for true emergencies that cannot wait until the next business day—for example, imminent removal from the United States.

# IF YOU DON'T AGREE WITH A COURT DECISION

If you think the court of appeals made an incorrect decision about important issues in your case, you can ask the court to take a second look. You may do this during your case—for example, if you disagree with the court's ruling on a motion. Or you may ask the court to review its final decision at the end of your case.

## During Your Case: Motion for Reconsideration

If you disagree with a court order or ruling during your case, you may file a motion for reconsideration stating the reasons why you think the court's ruling was wrong. Your motion may not be longer than 15 pages.

A motion for reconsideration of an order that does not end the case—that is, a non-dispositive order—is due **within 14 days** of the date stamped on the court order. (9th Cir. R. 27-10(a).) In addition to these rules, please follow the general guidelines in "How to Write and File Motions," above.

## After Your Case: Motions and Petitions

If you think the court's final decision in your case was wrong and you want to take further action, you have two options:

- File a motion for reconsideration or petition for rehearing in this court.

  - ➢ If the court decided your case in an order, then you would file a motion for reconsideration, as discussed just above. In civil appeals involving a federal party, you have **45 days** (instead of 14 days) to file a motion for reconsideration of a court order that ends your case. In all other cases you have 14 days. (9th Cir. R. 27-10(a).)

  - ➢ If the court decided your case in a memorandum disposition or opinion, then you would file a petition for rehearing, discussed below.

- File a petition for writ of certiorari with the U.S. Supreme Court.

It is most common to do these things one after the other—that is, to file a petition for rehearing or motion for reconsideration in this court and then, if that doesn't succeed, petition the Supreme Court. It is technically possible to file both petitions at the same time but that is not the typical approach. Our discussion focuses on the common path.



### *Court of Appeals: Petition for Rehearing*

To ask the court of appeals to review its final decision in your case, you must file a petition for rehearing. Before starting a petition, remember that you must have a legal reason for believing that this court's decision was incorrect; it is not enough to simply dislike the outcome. You will not be allowed to present any new facts or legal arguments in your petition for rehearing. Your document should focus on how you think the court overlooked existing arguments or misunderstood the facts of your case.

A petition for rehearing may not be longer than 15 pages. Your petition is due **within 14 days** of the date stamped on the court's opinion or memorandum disposition, except that in civil cases involving a federal party you have **45** days. To learn more about petitions for rehearing, see Fed. R. App. P. 40 and 40-1.

Most petitions for rehearing go to the same three judges who heard your original petition. It is also possible to file a petition for rehearing en banc. This type of petition asks 11 judges to review your case instead of three. The court grants petitions for rehearing en banc only in rare, exceptional cases. To learn more about petitions for rehearing en banc, see Fed. R. App. P. 35.

### *U.S. Supreme Court: Petition for Writ of Certiorari*

If the court of appeals denies your petition for rehearing—or if it rehears your case and issues a new judgment you don't agree with—you have 90 days from the denial order or the new decision to petition the U.S. Supreme Court to hear your case. You do this by asking the Supreme Court to grant a writ of certiorari. You must file the petition with the Supreme Court directly. A writ of certiorari directs the appellate court to send the record of your case to the Supreme Court for review.

The Supreme Court is under no obligation to hear your case. It usually reviews only cases that have clear legal or national significance—a tiny fraction of the cases people ask it to hear each year. Learn the Supreme Court's Rules before starting a petition for writ of certiorari. (You can find the rules and more information about the Supreme Court at www.supremecourt.gov.)

# HOW TO CONTACT THE COURT

## Court Addresses: San Francisco Headquarters

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
|---|---|---|
| Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, CA 94119-3939 | Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals 95 Seventh Street San Francisco, CA 94103-1526 | 95 Seventh Street San Francisco, CA 94103 |

## Court Addresses: Divisional Courthouses

| *Pasadena* | *Portland* | *Seattle* |
|---|---|---|
| Richard H. Chambers Courthouse 125 South Grand Avenue Pasadena, CA 91105 | The Pioneer Courthouse 700 SW 6th Ave, Ste 110 Portland, OR 97204 | William K. Nakamura Courthouse 1010 Fifth Avenue Seattle, WA 98104 |

## Court Website

www.ca9.uscourts.gov

The court's website contains the court's rules, forms, and general orders, public phone directory, information about electronic filing, answers to frequently asked questions, directions to the courthouses, bar admission forms, opinions and memoranda, live streaming of oral arguments, links to practice manuals, an invitation to join our pro bono program, and more.