**No. 20-55770**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ALEJANDRO RODRIGUEZ, et al.
Petitioners-Appellees,

v.

WILLIAM BARR, et al.
Respondents-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:07-cv-03239-TJH

**EXCERPTS OF RECORD
VOLUME 1**

ETHAN P. DAVIS
*Acting Assistant Attorney General*
Civil Division

ERNESTO MOLINA
*Deputy Director*
Office of Immigration Litigation

SARAH S. WILSON
*Senior Litigation Counsel*
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-532-4700
sarah.s.wilson@usdoj.gov

## TABLE OF CONTENTS

**Notice of Appeal (ECF 559)** ...................................................................................1

**Order Denying Motion to Vacate Permanent Injunction and Decertify Class (ECF 555)** ................................................................................................................4

**Amended Order on Motion to Dismiss (ECF 547)** .............................................9

**Order Granting Motion to Clarify/Reconsider (ECF 546)** ...............................13

**Order Granting in Part and Denying in Part Motion to Dismiss (527)** ............15

JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700
    sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>        Petitioners,<br><br>   vs.<br><br>DAVID MARIN, *in his capacity as*<br>*U.S. Immigration and Customs*<br>*Enforcement, Los Angeles District*<br>*Field Office Director, et al.,*<br><br>        Respondents. | Case No. CV 07-3239-TJH<br><br>NOTICE OF APPEAL<br><br>**The Honorable Terry Hatter, Jr.** |

Notice is hereby given that, under 28 U.S.C. § 1292(a)(1), WILLIAM BARR, United States Attorney General; CHAD WOLF, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility, Respondents in the above-named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from an order denying Respondents' motion to vacate the permanent injunction (ECF 550) and motion to vacate the preliminary injunction and decertify the class (ECF 533), entered in this action on May 28, 2020, ECF 555.

Dated: July 27, 2020

JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
Appellate Court Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

002

# CERTIFICATE OF SERVICE

I certify that on July 27, 2020, I served a copy of the foregoing by CM/ECF which delivered a copy to all counsel of record, including:

Ahilan T. Arulanantham
Email: aarulanantham@aclu-sc.org

Michael Kaufman
Email: mkaufman@aclu-sc.org

Zoe McKinney
Email: ZMcKinney@aclusocal.org


*/s/  Sarah Wilson*
Sarah Wilson
United States Department of Justice

1

# United States District Court
# Central District of California
# Western Division

ALEJANDRO RODRIGUEZ, *et al.*,

        Petitioners,

    v.

DAVID MARIN, *et al.*,

        Respondents.

CV 07-03239 TJH (SPx)

# Order

    The Court has considered Respondents' motion to vacate the preliminary injunction and decertify the class [dkt # 533] and Respondents' motion for reconsideration of the Court's March 9, 2020, order granting Petitioners' motion for reconsideration and to vacate the permanent injunction [dkt # 550], together with the moving and opposing papers.

    This case has been pending for 13 years and, at this point, has a very complex substantive and procedural history. The complexity is due, at least in part, to the fact that this case has ricocheted among this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

    In response to the instant motions, the Court has reviewed the entire record and,

1    in particular, the orders issued by this Court, the Ninth Circuit, and the Supreme Court.

2    Based on those orders, this case has been placed in a complicated, and unusual,

3    procedural posture.

4        The Court will, now, attempt to reconcile those orders so that this case can move

5    forward toward a final resolution.   In reconciling those orders, the Court cannot

6    overrule the orders issued by the Ninth Circuit or the Supreme Court.   Indeed, this

7    Court is duty bound to respect, give meaning, reconcile and apply the orders of those

8    higher courts.

9        Initially, the Court denied Petitioners' motion for class certification as to their

10   statutory claims.   The Ninth Circuit reversed, noting that certification would be proper

11   if the class were divided into subclasses.   *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th

12   Cir. 2010) ["*Rodriguez I*"].   On March 8, 2011, in light of *Rodriguez I*, this Court

13   certified the class action and defined the class as "all non-citizens within the Central

14   District of California who: (1) Are or will be detained for longer than six months

15   pursuant to the general immigration detention statutes pending completion of removal

16   proceedings, including judicial review; (2) Are not detained pursuant to a national

17   security detention statute…; and (3) Have not been afforded a hearing to determine

18   whether their prolonged detention is justified."   The Court certified four subclasses;

19   class members were divided into subclasses based on which immigration statute they

20   were detained under – 18 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

21       Petitioners, then, sought a preliminary injunction, which this Court granted, and

22   the Ninth Circuit affirmed.   *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)

23   ["*Rodriguez II*"].   Petitioners, then, moved for summary judgment and sought a

24   permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part

25   and reversed in part.   *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015)

26   ["*Rodriguez III*"].   The Ninth Circuit held that summary judgment and the permanent

27   injunction were warranted as to three of Petitioner's statutory claims and the

28   corresponding subclasses, but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and

the corresponding subclass.  *See Rodriguez III*, 804 F.3d at 1090.  The Government, then, sought a writ of *certiorari* from the Supreme Court, which was granted.  The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth Circuit to consider whether the class action may continue based on Petitioners' constitutional claims, which had not yet been considered by this Court.  *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ["*Jennings*"].  The Supreme Court was silent as to the status of the permanent injunction.  On remand, the Ninth Circuit, in turn, remanded this case to this Court for it to consider Petitioner's constitutional claims; the Ninth Circuit left this Court's permanent injunction in place "pending the consideration of vital constitutional issues."  *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ["*Marin*"].

On July 10, 2019, the Court granted Petitioners' motion for leave to file a Fourth Amended Complaint.  After Petitioners filed their Fourth Amended Complaint, Respondents moved to dismiss.

On November 7, 2019, the Court granted in part and denied in part Respondents' motion to dismiss Petitioners' Fourth Amended Complaint.  That order included language indicating that the Supreme Court had implicitly vacated the permanent injunction in *Jennings*.  On November 18, 2019, Petitioners moved for reconsideration of the November 7, 2019, order, arguing that the Ninth Circuit expressly left in place the "permanent injunction pending the consideration of… vital constitutional issues." *See Marin*, 909 F.3d at 256.

On November 27, 2019, before the Court had an opportunity to rule on Petitioners' motion for reconsideration, Respondents moved to vacate the preliminary injunction.

On March 9, 2020, the Court granted Petitioners' motion for reconsideration and issued an amended order that, *inter alia*, omitted the language regarding the permanent injunction, pursuant to *Marin*.

On April 7, 2020, Respondents filed a motion for reconsideration of the Court's

March 9, 2020, order and for an order vacating the permanent injunction, arguing that the Court's March 9, 2020, order, *inter alia*, deprived Respondents of the opportunity to brief whether a permanent injunction should remain in place for the duration of the proceedings in this matter. Respondents chose to file their motion to vacate the preliminary injunction before the Court could rule on Petitioners' motion for reconsideration, despite knowing that the status of the permanent injunction was in dispute.

Normally, a preliminary injunction remains in force until a case is finally resolved. Here, after the Court granted summary judgment in favor of Petitioners, it issued a permanent injunction, which superceded the preliminary injunction. Then, the Supreme Court reversed and vacated the summary judgment. Consequently, this Court initially held that the Supreme Court had implicitly vacated the permanent injunction when it vacated this Court's summary judgment. However, because the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending the consideration of the constitutional issues, *Marin*, 909 F.3d at 256, this Court is obligated to follow those instructions. Accordingly, Respondents' motions for reconsideration and to vacate the permanent injunction must be denied.

Because of the orders from the Ninth Circuit and the Supreme Court, there, now, exists a procedural quagmire in that there is a permanent injunction in place without a corresponding final judgment on the merits supporting that permanent injunction. Thus, this Court has been entrusted with the task of fitting the proverbial round peg into the square hole, while being duty bound to respect, give meaning, reconcile and apply the orders of the Ninth Circuit and the Supreme Court. The most sensical resolution to this procedural quagmire, while maintaining due respect for the orders of the Ninth Circuit and the Supreme Court, is for this Court to deem its previously issued permanent injunction to be, in effect, a preliminary injunction, which shall supercede the previously issued preliminary injunction, and which shall, now, remain in place pending a final resolution of Petitioners' constitutional claims. Accordingly, Respondents'

motion to vacate the preliminary injunction shall be denied as moot.

Finally, while considering the procedural quagmire caused by the continuation of the permanent injunction, the Court simultaneously considered Respondents' motion to de-certify the class. When the Court certified this case into sub-classes, it did so pursuant to *Rodriguez I*. Thereafter, the certification of the class permeated all aspects of this case. Indeed, the Court's original preliminary and permanent injunctions ordered remedies based on class members' membership in particular sub-classes. *See Rodriguez II and III*. Because the Ninth Circuit ordered the permanent injunction to remain in effect, the decertification of the class, at this juncture, would move this case backward rather than forward. As previously stated, that is not the direction the Court is attempting to move this case. Consequently, the motion to decertify the class must be denied.

IT IS SO ORDERED.

Date: May 28, 2020

Terry J. Hatter, Jr.
Senior United States District Judge

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | **Amended** |
| DAVID MARIN, *et al.*, | **Order** |
| Respondents. | [528] |

The Court has considered Respondents' motion to dismiss, together with the moving and opposing papers.

Over the past twelve years, this immigration class action has ricocheted between this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. At the initiation of this action, Petitioners set forth two theories of their case – statutory and constitutional – and moved forward with their statutory claims, first.

Initially, the Court denied Petitioners' motion for class certification as to their statutory claims. The Ninth Circuit reversed, noting that certification would be proper if the class were divided into subclasses. *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ["*Rodriguez I*"]. On April 5, 2010, in light of *Rodriguez I*, this Court certified the class as "all non-citizens within the Central District of California who: (1)

Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) Have not been afforded a hearing to determine whether their detention is justified."

Petitioners, then, sought a preliminary injunction, which this Court granted, and the Ninth Circuit affirmed. *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) ["*Rodriguez II*"]. Petitioners, then, moved for summary judgment and sought a permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part and reversed in part. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ["*Rodriguez III*"]. The Ninth Circuit held that summary judgment and a permanent injunction were warranted as to three of Petitioner's statutory claims and subclasses, but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and subclass. *See Rodriguez III*, 804 F.3d at 1090. The Ninth Circuit reasoned that the class was certified only as to those individuals who were detained while waiting for a determination as to their potential removability, whereas § 1231(a) dealt with those whom the Government had already deemed removable and were merely waiting to be removed. *Rodriguez III*, 804 F.3d at 1085-1086. The Government sought a writ of *certiorari*, which was granted.

The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth Circuit to consider whether the class may continue based on Petitioners' constitutional claims. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Notably, the issue of whether Petitioners' § 1231(a) claim and subclass were properly rejected by the Ninth Circuit was not appealed by Rodriguez and, therefore, never before the Supreme Court. The Ninth Circuit remanded the action to this Court for further proceedings, and left this Court's permanent injunction in place "[ending the consideration of vital constitutional issues."

On July 11, 2019, Petitioners filed a Fourth Amended Complaint ["FAC"] which, *inter alia*: (1) Added a new petitioner, Alex Cacho Castillo, who was detained

1   at the beginning of 2019, and released by May, 2019; (2) Reasserted a claim under §
2   1231(a); and (3) Added an Eighth Amendment claim.

3       Respondents, now, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

4       The party seeking federal jurisdiction bears the burden of establishing that
5   jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A complaint
6   will be dismissed under Fed. R. Civ. P. 12(b)(1) if, *inter alia*, there is no case or
7   controversy. *See Baker v. Carr*, 369 U.S. 186, 198 (1962).

8       While a complaint need not include detailed factual allegations for each element
9   of each claim, it must contain enough facts to state a claim for relief that is plausible
10  on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court
11  must accept all allegations in a complaint as true and draw all reasonable inferences
12  from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff
13  cannot simply restate the elements of her claim, but, rather, must allege enough facts
14  to allow the Court to draw a reasonable inference that a defendant is liable for the
15  misconduct alleged. *See Iqbal*, 556 U.S. at 678.

16      Respondents argued that because Cacho Castillo was detained for less than 6
17  months, he cannot serve as a named petitioner or be a member of this class.
18  Respondents are correct. Given the class definition, Cacho Castillo was, indeed,
19  misjoined. *See* Fed. R. Civ. P. 20(a)(1). Petitioners argued that because the Board of
20  Immigration Appeals opinion that allowed for Cacho Castillo's release may have been
21  recently overturned, the Government may, at any time, cause him to be detained,
22  again. According to Petitioners, Cacho Castillo "likely would become" a class member
23  in the near future. The possibility of future injury is too speculative, here, to make
24  Cacho Castillo's claims ripe for adjudication. *See Wolfson v. Brammer*, 616 F.3d
25  1045, 1057 (9th Cir. 2010). Because Cacho Castillo failed to allege a case or
26  controversy ripe for adjudication, he must be dismissed. *See Baker*, 369 U.S. at 198.

27      Respondents, further, argued that Petitioners' are barred from reasserting a
28  claim, here, under § 1231(a) in light of *Rodriguez III* and the Supreme Court's holding

1  in *Jennings*.   Indeed, the Ninth Circuit reversed this Court's grant of summary

2  judgment on Petitioners' § 1231(a) claim and held that the § 1231(a) claim and subclass

3  "does not exist" within this action. *See Rodriguez III*, 804 F.3d at 1090.   Nevertheless,

4  Petitioners argued that the § 1231(a) claim can move forward because the Ninth

5  Circuit's decision in *Rodriguez III* was incorrectly decided because it is inconsistent

6  with a prior Ninth Circuit case, *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir.

7  2011).  Petitioners' argument is misplaced.  If Petitioners thought that the Ninth Circuit

8  erred in deciding *Rodriguez III*, they should have petitioned the Ninth Circuit for

9  reconsideration or a hearing *en banc,* or sought review from the Supreme Court.

10 *Rodriguez III* is the law of the case to the extent that it resolved Petitioners' § 1231(a)

11 claim and subclass, and Petitioners cannot reassert their § 1231(a) claim, here, where

12 *Rodriguez III* so clearly resolved that claim.  *See Rodriguez III*, 804 F.2d at 1080.

13      Respondents, finally, argued that this Court lacks subject matter jurisdiction over

14 Petitioners' newly alleged Eighth Amendment claim because the new claim exceeded

15 the scope of the Supreme Court's remand in *Jennings*.   The Supreme Court's remand

16 and its corresponding instructions were addressed to the Ninth Circuit, not to this

17 Court.  Indeed, this Court is not limited to the scope set forth by the Supreme Court

18 to the Ninth Circuit, especially when the Ninth Circuit's subsequent remand to this

19 Court expressly instructed this Court to consider, *inter alia*, "any other relevant issue."

20      Accordingly,

21      𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉 as to

22 Petitioner Alex Cacho Castillo and Petitioners' § 1231 claim.

23      𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉

24 as to Petitioners' Eighth Amendment claim.

25 Date: March 9, 2020

26

27                          𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.

28                 𝕾𝖊𝖓𝖎𝖔𝖗 𝕲𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | Order |
| WILLIAM BARR, *et al.*, | |
| Respondents. | |

The Court has considered Petitioners' motion for "clarification or reconsideration," of the Court's November 7, 2019, order, together with the moving and opposing papers.

In this District, the grounds for a motion for reconsideration are governed by the Local Rules and the Federal Rules of Civil Procedure. Under the Local Rules, a party may move for reconsideration if: (1) Facts or law previously unknown and unknowable to the moving party come to light; (2) New facts or law emerge; or (3) There was a manifest failure to consider material facts. Local Rule 7-18. Under the Federal Rules of Civil Procedure, a party may move for reconsideration upon a showing of: (1) Mistake, surprise, or excusable neglect; (2) Newly discovered evidence; (3) Fraud; (4) A void judgment; (5) A satisfied or discharged judgment; or (6) Any other reason that

justifies relief.  *See* Fed. R. Civ. P. 59 and 60(b).

In *Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018), the Ninth Circuit stated that "… like the Supreme Court, we do not vacate the permanent injunction pending the consideration of … vital constitutional issues."  Upon further consideration, this Court will keep the permanent injunction in place pending a resolution on Petitioners' constitutional claims.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.  An amended order will issue.

Date: March 9, 2020

Terry J. Hatter, Jr.
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊

1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

11

12  ALEJANDRO RODRIGUEZ, *et al.*,          CV 07-03239 TJH (RNBx)

13          Petitioners,

14      v.                                       Order

15  DAVID MARIN, *et al.*,
                                                  [521]
16          Respondents.

17
18
19

20      The Court has considered Respondents' motion to dismiss, together with the

21  moving and opposing papers.

22      Over the past twelve years, this immigration class action has ricocheted between

23  this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

24  At the initiation of this action, Petitioners set forth two theories of their case – statutory

25  and constitutional – and moved forward with their statutory claims, first.

26      Initially, the Court denied Petitioners' motion for class certification as to their

27  statutory claims. The Ninth Circuit reversed, noting that certification would be proper

28  if the class were divided into subclasses. *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th

1    Cir. 2010) ["*Rodriguez I*"]. On April 5, 2010, in light of *Rodriguez I*, this Court
2    certified the class as "all non-citizens within the Central District of California who: (1)
3    Are or were detained for longer than six months pursuant to one of the general
4    immigration detention statutes pending completion of removal proceedings, including
5    judicial review; (2) Are not and have not been detained pursuant to a national security
6    detention statute; and (3) Have not been afforded a hearing to determine whether their
7    detention is justified."

8        Petitioners, then, sought a preliminary injunction, which this Court granted, and
9    the Ninth Circuit affirmed. *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)
10   ["*Rodriguez II*"]. Petitioners, then, moved for summary judgment and sought a
11   permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part
12   and reversed in part. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015)
13   ["*Rodriguez III*"]. The Ninth Circuit held that summary judgment and a permanent
14   injunction were warranted as to three of Petitioner's statutory claims and subclasses,
15   but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and subclass. *See Rodriguez
16   III*, 804 F.3d at 1090. The Ninth Circuit reasoned that the class was certified only as
17   to those individuals who were detained while waiting for a determination as to their
18   potential removability, whereas § 1231(a) dealt with those whom the Government had
19   already deemed removable and were merely waiting to be removed. *Rodriguez III*, 804
20   F.3d at 1085-1086. The Government sought a writ of *certiorari*, which was granted.

21       The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth
22   Circuit to consider whether the class may continue based on Petitioners' constitutional
23   claims. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Notably, the issue of
24   whether Petitioners' § 1231(a) claim and subclass were properly rejected by the Ninth
25   Circuit was not appealed by Rodriguez and, therefore, never before the Supreme Court.
26   The Ninth Circuit remanded the action to this Court for further proceedings.

27       Although neither the Supreme Court nor the Ninth Circuit expressly vacated the
28   permanent injunction, the Supreme Court implicitly did so because it reversed as to the

1    merits on summary judgment. *See Paige v. State of Cal.*, 102 F.3d 1035, 1040 (9th

2    Cir. 1996). However, the preliminary injunction remains in place.

3        On July 11, 2019, Petitioners filed a Fourth Amended Complaint ["FAC"]

4    which, *inter alia*: (1) Added a new petitioner, Alex Cacho Castillo, who was detained

5    at the beginning of 2019, and released by May, 2019; (2) Reasserted a claim under §

6    1231(a); and (3) Added an Eighth Amendment claim.

7        Respondents, now, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

8        The party seeking federal jurisdiction bears the burden of establishing that

9    jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A complaint

10   will be dismissed under Fed. R. Civ. P. 12(b)(1) if, *inter alia*, there is no case or

11   controversy. *See Baker v. Carr*, 369 U.S. 186, 198 (1962).

12       While a complaint need not include detailed factual allegations for each element

13   of each claim, it must contain enough facts to state a claim for relief that is plausible

14   on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court

15   must accept all allegations in a complaint as true and draw all reasonable inferences

16   from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff

17   cannot simply restate the elements of her claim, but, rather, must allege enough facts

18   to allow the Court to draw a reasonable inference that a defendant is liable for the

19   misconduct alleged. *See Iqbal*, 556 U.S. at 678.

20       Respondents argued that because Cacho Castillo was detained for less than 6

21   months, he cannot serve as a named petitioner or be a member of this class.

22   Respondents are correct. Given the class definition, Cacho Castillo was, indeed,

23   misjoined. *See Fed. R. Civ. P. 20(a)(1)*. Petitioners argued that because the Board of

24   Immigration Appeals opinion that allowed for Cacho Castillo's release may have been

25   recently overturned, the Government may, at any time, cause him to be detained,

26   again. According to Petitioners, Cacho Castillo "likely would become" a class member

27   in the near future. The possibility of future injury is too speculative, here, to make

28   Cacho Castillo's claims ripe for adjudication. *See Wolfson v. Brammer*, 616 F.3d

1     1045, 1057 (9th Cir. 2010).   Because Cacho Castillo failed to allege a case or

2     controversy ripe for adjudication, he must be dismissed.  *See Baker*, 369 U.S. at 198.

3         Respondents, further, argued that Petitioners' are barred from reasserting a

4     claim, here, under § 1231(a) in light of *Rodriguez III* and the Supreme Court's holding

5     in *Jennings*.   Indeed, the Ninth Circuit reversed this Court's grant of summary

6     judgment on Petitioners' § 1231(a) claim and held that the § 1231(a) claim and subclass

7     "does not exist" within this action.  *See Rodriguez III*, 804 F.3d at 1090.   Nevertheless,

8     Petitioners argued that the § 1231(a) claim can move forward because the Ninth

9     Circuit's decision in *Rodriguez III* was incorrectly decided because it is inconsistent

10    with a prior Ninth Circuit case, *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir.

11    2011). Petitioners' argument is misplaced.  If Petitioners thought that the Ninth Circuit

12    erred in deciding *Rodriguez III*, they should have petitioned the Ninth Circuit for

13    reconsideration or a hearing *en banc,* or sought review from the Supreme Court.

14    *Rodriguez III* is the law of the case to the extent that it resolved Petitioners' § 1231(a)

15    claim and subclass, and Petitioners cannot reassert their § 1231(a) claim, here, where

16    *Rodriguez III* so clearly resolved that claim.  *See Rodriguez III*, 804 F.2d at 1080.

17        Respondents, finally, argued that this Court lacks subject matter jurisdiction over

18    Petitioners' newly alleged Eighth Amendment claim because the new claim exceeded

19    the scope of the Supreme Court's remand in *Jennings*.   The Supreme Court's remand

20    and its corresponding instructions were addressed to the Ninth Circuit, not to this

21    Court.   Indeed, this Court is not limited to the scope set forth by the Supreme Court

22    to the Ninth Circuit, especially when the Ninth Circuit's subsequent remand to this

23    Court expressly instructed this Court to consider, *inter alia*, "any other relevant issue."

24

25        Accordingly,

26

27      𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉 as to

28    Petitioner Alex Cacho Castillo and Petitioners' § 1231 claim.

1    **It is further Ordered** that the motion to dismiss be, and hereby is, **Denied**
2    as to Petitioners' Eighth Amendment claim.

3

4    Date: November 7, 2019

5

6                                          Terry J. Hatter, Jr.
7                                  Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice