**No. 20-55770**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ALEJANDRO RODRIGUEZ, et al.
Petitioners-Appellees,

v.

WILLIAM BARR, et al.
Respondents-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:07-cv-03239-TJH

**BRIEF FOR APPELLANTS**

ETHAN P. DAVIS
*Acting Assistant Attorney General*
Civil Division

ERNESTO MOLINA
*Deputy Director*
Office of Immigration Litigation

SARAH S. WILSON
*Senior Litigation Counsel*
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-532-4700
sarah.s.wilson@usdoj.gov

# **TABLE OF CONTENTS**

Introduction ...................................................................................................... 1

Statement of Jurisdiction ................................................................................. 2

Statement of the Issues .................................................................................... 3

Statement of the Case ...................................................................................... 3

Summary of the Argument ............................................................................... 8

Standard of Review .......................................................................................... 9

Argument .......................................................................................................... 9

   I.   The district court's preliminary injunction order is inconsistent with *Winter* and the Supreme Court's remand instructions in *Jennings*. ........................... 9

      A.   The district court erred in converting the permanent injunction into a preliminary injunction. .............................................................................. 10

      B.   The district court erred in maintaining the injunction without considering the government's motion to decertify. ....................................................... 14

  II.   This Court's remand order did not (and indeed could not) grant the class a preliminary injunction or defer consideration of the class issues. ................. 15

Conclusion ..................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>
## <u>CASES</u>

*Abdi v. McAleenan*,
    405 F. Supp. 3d 467 (W.D.N.Y. 2019).................................................................12

*Borbot v. Warden Hudson Cty. Corr. Facility*,
    906 F.3d 274 (3d Cir. 2018) ...............................................................................13

*Davies v. Tritten*,
    No. 17-cv-3710, 2017 WL 4277145 (D. Minn. Sept. 25, 2017) .........................13

*Demore v. Kim*,
    538 U.S. 510 (2003)...........................................................................................12

*Dep't of Homeland Sec. v. Thuraissigiam*,
    140 S. Ct. 1959 (2020).......................................................................................12

*E. & J. Gallo Winery v. Andina Licores, S.A.*,
    446 F.3d 984 (9th Cir. 2006) ...............................................................................9

*Fernandez v. Lowe*,
    No. 3:17-cv-2301, 2018 WL 3584697 (M.D. Pa. July 26, 2018)........................13

*Garcia v. Whitaker*,
    No. 18-cv-6836, 2019 WL 3802536 (W.D.N.Y. Aug. 13, 2019)........................13

*Jennings v. Rodriguez*,
    138 S. Ct. 830 (2018)............................................................................ 1, *passim*

*Munaf v. Geren*,
    553 U.S. 674, 128 S. Ct. 2207 (2008).................................................................11

*Nikolic v. Decker*,
    No. 19-CV-6047, 2019 WL 5887500 (S.D.N.Y. Nov. 12, 2019) .......................13

*Otis v. Green*,
    No. 18–742, 2018 WL 3302997 (D.N.J. July 5, 2018) .......................................13

*Paige v. State of Cal.*,
   102 F.3d 1035 (9th Cir. 1996) ...................................................................6

*Poonjani v. Shanahan*,
   319 F. Supp. 3d 644 (S.D.N.Y. 2018) ....................................................13

*Reid v. Donelan*,
   390 F. Supp. 3d 201 (D. Mass. 2019)......................................................12

*Rodriguez v. Marin*,
   887 F.3d 954 (9th Cir. 2018) ...............................................................1, 5

*Rodriguez v. Marin*,
   909 F.3d 252 (9th Cir. 2018) .................................................... 1, *passim*

*Rodriguez v. Robbins*,
   715 F.3d 1127 (9th Cir. 2013) ........................................................ 1, 12

*Rodriguez v. Robbins*,
   804 F.3d 1060 (9th Cir. 2015) .................................................. 1, *passim*

*Sajous v. Decker*,
   No. 18-CV 2447 (AJN), 2018 U.S. Dist. LEXIS 86921, 2018 WL 2357266
   (S.D.N.Y. May 23, 2018).........................................................................12

*Shaughnessy v. Mezei*,
   345 U.S. 206 (1953)..................................................................................12

*Wade v. Kirkland*,
   118 F.3d 667 (9th Cir. 1997) ...............................................................15

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)...............................................................................4, 5

*Winter v. Natural Resources Defense Council*,
   555 U.S. 7 (2008)...................................................................... 2, *passim*

## **STATUTES**

### **Immigration and Nationality Act of 1952, as amended:**

Section 235(b),
    8 U.S.C. § 1225(b) ........................................................................... 1, 12

Section 236(a),
    8 U.S.C. § 1226(a) ...............................................................................1

Section 236(c),
    8 U.S.C. § 1226(c) ........................................................................... 1, 12

Section 241(a)(6),
    8 U.S.C. § 1231(a)(6).........................................................................4

Section 242(f)(1),
    8 U.S.C. § 1252(f)(1) ................................................................... 4, 5, 16

## **RULES**

Fed. R. App. P. 4(a)(1)(B) ..........................................................................3

Federal Rule of Appellate Procedure 32(a)(7)(A-C) ..................................2

Federal Rule of Civil Procedure 23(b)(2) ............................................6, 7

## INTRODUCTION

Petitioners-Appellees are a class of aliens detained for a period of six months or longer under one of three immigration detention provisions, 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). Excerpts of Record (ER) 22. The class challenged their detention on both statutory and constitutional grounds, but, in 2013, sought and obtained a classwide permanent injunction only on their statutory claims. *Rodriguez v. Robbins*, 804 F.3d 1060, 1065 (9th Cir. 2015) ("*Rodriguez III*"). On February 27, 2018, the Supreme Court reversed this Court's decision affirming the permanent injunction. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). That ruling left the class's constitutional claims unresolved. *Jennings*, 138 S. Ct. at 851. The Supreme Court remanded the case for this Court to consider them "in the first instance," beginning with the question of whether the case could be maintained as a class action with respect to the constitutional claims. *Id.* at 851-52. On remand, this Court followed suit and remanded for the district court to address the issues identified by the Supreme Court in its remand order. *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("*Marin*").

The injunction reversed by the Supreme Court over two and a half years ago nonetheless remains in place. On May 28, 2020, the district court converted its previous permanent injunction order into a classwide preliminary injunction on a set of constitutional claims that no court, including the district court, has examined on

the merits. It extended its injunction order to hold that the government's motion for class decertification could not be decided ahead of "a final resolution of Petitioners' constitutional claims." ER 8. The court declined to reconsider class certification concluding simply that decertification would "move th[e] case backward rather than forward." *Id.*

The district court's classwide preliminary injunction order conflicts with *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), which prohibits entry of a classwide preliminary injunction without considering whether the class is likely to succeed on the merits of the claims at issue, and the Supreme Court's decision in *Jennings*, 138 S. Ct. at 851, which instructed the court to consider class issues prior to reaching the merits of the constitutional claims. The Court should vacate the district court's preliminary injunction order and remand for proper consideration of the government's motion to decertify the class.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1). On May 28, 2020, the district court denied the government's motion to vacate the preliminary injunction and decertify the class. ER 4-8. On July 27, 2020, the government filed a timely notice of appeal. ER 1; *see* Fed. R. App. P. 4(a)(1)(B).

## STATEMENT OF THE ISSUES

(1) Whether the district court erred by converting its previously entered permanent injunction based on the class's statutory claims—an injunction that was vacated by the Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)—into a preliminary injunction based on a distinct set of constitutional claims, without determining whether the class is likely to succeed on the merits of its constitutional claims.

(2) Whether the district court erred by refusing to decide the government's motion for decertification contrary to the Supreme Court's instruction to "reexamine whether [Petitioners] can continue litigating their claims as a class" "before deciding" the merits of the constitutional claims, *Jennings*, 138 S. Ct. at 851.

## STATEMENT OF THE CASE

Petitioners are a class of aliens for which the Immigration and Nationality Act (INA) permits or requires detention pending proceedings to remove them from the United States. ER 22. They brought this lawsuit in 2007 contending that their prolonged detention violates both the INA and the Constitution. ER 79-80. In 2013, the district court entered a permanent injunction, agreeing with Petitioners on the statutory claims, holding that the INA requires that they be afforded individualized bond hearings after more than six months in detention, at which hearing the government will bear the burden "to prove by clear and convincing evidence that the

3

detainee is a flight risk or a danger to the community" to justify continued detention. *Rodriguez III*, 804 F.3d at 1065. In *Rodriguez III*, this Court affirmed the permanent injunction order, with the exception of decertifying the subclass detained pursuant to 8 U.S.C. § 1231(a)(6), and adding the requirement that the government provide "periodic" bond hearings every six months. *Id*. Both courts found that Petitioners were entitled to relief as a statutory matter, without addressing the constitutional claims. *Marin*, 909 F.3d at 255 ("[T]he district court . . . 'had no occasion to consider [the] constitutional arguments on their merits.'"); *Jennings,* 138 U.S. at 851 ("The Court of Appeals . . . had no occasion to consider respondents' constitutional arguments on their merits.").

On February 27, 2018, the Supreme Court reversed this Court's decision in *Rodriguez III*. *Jennings,* 138 U.S. at 852. After requesting that the parties submit supplemental briefing on the constitutional claims, the Supreme Court ultimately declined to consider the constitutionality of the statutes "in the first instance." *Jennings,* 138 S. Ct. at 851. The Supreme Court directed "the Court of Appeals" on remand to "first decide whether it continues to have jurisdiction despite 8 U.S.C. § 1252(f)(1)" and "reexamine whether respondents can continue litigating their claims as a class" in light of Federal Rule of Civil Procedure 23(b)(2), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), prior to addressing the merits of the constitutional claims. *Jennings,* 138 S. Ct. at 851-52.

On remand, the government moved this Court to vacate the permanent injunction. The Court initially deferred ruling on the motion and directed the parties to brief the jurisdictional and class issues alongside the merits of Petitioners' constitutional claims. *Rodriguez v. Marin*, 887 F.3d 954 (9th Cir. 2018) ("Ninth Circuit Briefing Order"). After briefing and argument, the Court declined to rule on these issues, stating, "[l]ike the Supreme Court, we will not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Marin*, 909 F.3d at 256. Instead, the Court directed the district court to address the following questions on remand:

(1) whether the class certified by the district court should remain certified for consideration of the constitutional issue and available class remedies;

(2) whether classwide injunctive relief is available under 8 U.S.C. § 1252(f)(1);

(3) whether a Rule 23(b)(2) class action (a) remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), and (b) whether such a class action is appropriate for resolving Petitioners' due process claims;

(4) whether composition of the previously identified subclasses should be reconsidered;

(5) the minimum requirements of due process to be accorded to all that will ensure a meaningful time and manner of opportunity to be heard; and;

(6)     a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

*Id*. at 257 & n.2.

On remand to the district court, the court granted Petitioners leave to file their Fourth Amended Complaint (FAC), in which they added a new named Petitioner, a claim under the Eighth Amendment, proposed changes to the subclass definitions, and re-asserted a statutory claim for the vacated section 1231 subclass. ER 20-55.

The government moved to dismiss the FAC, and the district court granted that motion in part on November 7, 2019. ER 15-19. In that order, the district court dismissed the new Petitioner, confirmed the decertification of the section 1231 subclass, and recognized that the permanent injunction had been vacated implicitly by the Supreme Court: "Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the merits on summary judgment. *See Paige v. State of Cal.*, 102 F.3d 1035, 1040 (9th Cir. 1996). However, the preliminary injunction remains in place." ER 16-17.

Petitioners moved for reconsideration of the order's vacatur language and argued that the district court erred in asserting that the Supreme Court had implicitly vacated the permanent injunction. ER 143. While the motion was pending, the government moved for vacatur of the preliminary injunction and class decertification

in a motion directed to answering the jurisdictional and class-based questions in the Court's remand order. ER 144. The government did not move for vacatur of the permanent injunction because the district court had already recognized its vacatur in the prior order, *see* ER 16-17.

On March 10, 2020, the district court granted Petitioners' motion for reconsideration, ER 13-14, and issued a revised order on the motion to dismiss, ER 9-12. The district court deleted the portion of its prior order suggesting that the permanent injunction had been implicitly overruled. *Compare* ER 16-17 *with* ER 10. In its place, the district court announced, "Upon further consideration, this Court will keep the permanent injunction in place pending a resolution on Petitioners' constitutional claims." ER 14.

The government moved for reconsideration of the orders, vacatur of the permanent injunction and decertification of the class. ER 146. On May 28, 2020, the district court denied the motions. ER 4-8. Regarding vacatur, the court stated that "because the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending the consideration of the constitutional issues, this Court is obligated to follow those instructions." ER 7. The district court acknowledged the force of the government's position that it is not appropriate to have a permanent injunction in place before a final judgment on the merits of the constitutional claims. *Id.* But the district court thought that responsibility for that problem lay with the

appellate courts, and the district court stated that it would "reconcile" the appellate courts' orders by "deem[ing] its previously issued permanent injunction to be, in effect, a preliminary injunction . . . which shall, now, remain in place pending a final resolution of [the] constitutional claims." *Id.* The district court did not evaluate the merits of the constitutional claims or find that the class is likely to succeed on those claims. The court also refused to consider whether this action could proceed as a class action, again claiming that this Court "ordered the permanent injunction to remain in effect," and stating that decertification "would move the case backward, not forward." ER 8.

## SUMMARY OF THE ARGUMENT

This Court should vacate the district court's preliminary injunction order and direct the court to decide the government's motion to decertify the class. The district court erred in entering a preliminary injunction based on a claim where to date, no court has evaluated the merits. That is flatly inconsistent with the well-established standard for preliminary injunctive relief set forth in *Winter*, 555 U.S. at 20. The district court compounded this error by failing to entertain the government's arguments regarding decertification—despite a clear instruction from the Supreme Court that the lower courts should decide the class issues before reaching a conclusion as to the merits of the constitutional claims. *Jennings*, 138 S. Ct. at 851. Nothing in this Court's remand order authorizes (much less requires) the district

8

court to contradict settled law regarding the standard for obtaining preliminary injunctive relief or to ignore the Supreme Court's remand instructions to address the viability of the class. Both constitute reversible error.

## STANDARD OF REVIEW

Although "the grant of a preliminary injunction is reviewed for an abuse of discretion," here the injunction was entered based on the district court's interpretation of this Court's remand order. *E. & J. Gallo Winery v. Andina Licores, S.A.*, 446 F.3d 984, 989 (9th Cir. 2006). As a result, "the district court's interpretation of the underlying legal principles is subject to de novo review and a district court abuses its discretion when it makes an error of law." *Id.*

## ARGUMENT

I. **The district court's preliminary injunction order is inconsistent with *Winter* and the Supreme Court's remand instructions in *Jennings*.**

The district court erred by entering a preliminary injunction on claims that no court has examined under the *Winter* standard, and further erred by declining to address the propriety of maintaining a class for resolution of the constitutional claims. The district court's order conflicts both with *Winter* and the Supreme Court's clear instruction in *Jennings* that the court consider class issues *before* proceeding to a decision on the merits, and it should be reversed.

### A. The district court erred in converting the permanent injunction into a preliminary injunction.

The district court had no authority to "deem" its injunction "to be, in effect, a preliminary injunction" on constitutional claims without first evaluating the merits of the claims. ER 7. In *Jennings*, the Supreme Court eliminated the legal basis for the injunction and with it any grounds for maintaining the preliminary injunction. 138 U.S. at 851. The district court's prior permanent injunction was based on its conclusions about the scope of the challenged detention provisions. *Rodriguez III*, 804 F.3d at 1065. But the Supreme Court rejected those conclusions, so the reasoning in the prior injunction cannot support a new injunction. *Jennings,* 138 U.S. at 851. The class's remaining claims in this case assert that the Constitution entitles them to bond hearings after six months of immigration detention, but the district court never assessed the likelihood that the class will succeed on the merits of those claims. *See* ER 7-8. Without making that finding, *Winter* prohibits the district court from entering a preliminary injunction based on those claims.

Preliminary injunctive relief is only appropriate if the moving parties can satisfy the standard set forth in *Winter*, 555 U.S. at 24. The party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 24 (citing *Munaf v. Geren,* 553 U.S. 674, 689-690 (2008)).

Preliminary injunctive relief even after such a determination is "extraordinary" and should "never be awarded as of right." *Id.* A fortiori, relief *before* any such determination has been made with respect to the injunctive factors is both unprecedented and improper.

The district court plainly did not comply with *Winter*. In its string of orders, the district court professed (and manifested) confusion as to the status of the court's prior injunction orders but does not, in any of its conflicting orders, discuss the merits of the constitutional claims or any of the other *Winter* factors. ER 4-19. The district court indicated that the merits of the claims did not factor into its decision to enter a preliminary injunction. ER 7-8 (describing the order as based on "obligation" and being "duty bound"). Rather, the district court was under the impression that it had to create a procedural justification for maintaining an injunction that had already been put in place by this Court. *Id.* Thus, the court deemed its preliminary injunction order a "sensical resolution" for the "procedural quagmire caused by the continuation of the permanent injunction." *Id.*

"Sensical" or not, it is plain error to enter a preliminary injunction without considering the *Winter* factors—including the likelihood of success on the merits and the government's explanation that the injunction is contrary to binding precedent. Here, the law of the case forecloses granting classwide constitutional relief to the section 1225(b) subclass as this Court has already acknowledged that

section 1225(b) is "clearly" constitutional in "likely the vast majority" of circumstances. *Rodriguez II*, 715 F.3d at 1140. The Supreme Court has already affirmed the constitutionality of immigration detention without a bond hearing under both sections 1226(c) and 1225(b) for periods exceeding six months. *See Demore v. Kim*, 538 U.S. 510 (2003) (upholding section 1226(c) as applied to aliens detained for longer than six months knowing that the administrative proceedings remained ongoing); *Shaughnessy v. Mezei*, 345 U.S. 206, 209 (1953) (affirming the constitutionality of more than 21 months detention of a former lawful permanent resident under the authority found today in section 1225(b)). And in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1982 (2020), the Supreme Court reaffirmed that, for aliens seeking initial admission "the power to admit or exclude aliens is a sovereign prerogative" and held that, with respect to their admission, such individuals are entitled to no more process than provided by statute.

Here, the decisive weight of the authority supports vacatur. Every court to examine the constitutionality of sections 1225(b) and 1226(c) since *Jennings* has held that there is no brightline constitutional entitlement to bond hearings after six months. *See, e.g., Abdi v. McAleenan*, 405 F. Supp. 3d 467 (W.D.N.Y. 2019) (rejecting a brightline constitutional standard for section 1225(b)); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019)) (rejecting a brightline constitutional standard for section 1226(c)); *Sajous v. Decker,* No. 18-CV 2447 (AJN), 2018 U.S.

Dist. LEXIS 86921, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018) (rejecting a brightline constitutional standard for section 1226(c)). The only circuit court to address the constitutionality of section 1226(a) has likewise agreed that it remains constitutional even after the passage of more than a year. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018). In addition, district courts across the country have affirmed the constitutionality of the challenged statutes well beyond the six-month mark. *See, e.g., Nikolic v. Decker*, No. 19-CV-6047, 2019 WL 5887500 (S.D.N.Y. Nov. 12, 2019) (finding 11.5-month detention under section 1226(c) constitutional); *Garcia v. Whitaker*, No. 18-cv-6836, 2019 WL 3802536 (W.D.N.Y. Aug. 13, 2019) (finding 17-month detention under section 1226(c) constitutional); *Fernandez v. Lowe*, No. 3:17-cv-2301, 2018 WL 3584697 (M.D. Pa. July 26, 2018) (finding 18-month detention under section 1226(c) constitutional); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644 (S.D.N.Y. 2018) (finding 15-month detention under section 1225(b) constitutional); *Otis v. Green*, No. 18–742, 2018 WL 3302997 (D.N.J. July 5, 2018) (finding 12-month detention under section 1225(b) constitutional); *Davies v. Tritten*, No. 17-cv-3710, 2017 WL 4277145 (D. Minn. Sept. 25, 2017) (finding 8-month detention under section 1226(c) constitutional). The district court therefore erred by refusing to consider the government's arguments or address the *Winter* factors prior to entering a preliminary injunction on the class's new claim.

**B.      The district court erred in maintaining the injunction without considering the government's motion to decertify.**

The district court's order also violated the Supreme Court's instruction to reexamine whether Petitioners can continue litigating their claims as a class "*before*" deciding the merits of the constitutional claims. *Jennings*, 138 S. Ct. at 851 ("Before the Court of Appeals addresses th[e] [constitutional] claims, however, it should reexamine whether respondents can continue litigating their claims as a class."); *see Marin*, 909 F.3d at 255 (ordering the district court "to reexamine whether the class should remain certified *for consideration of the constitutional issues* . . . and as a means for resolving petitioners' due process clause claims"). The government's motion to decertify the class presented the district court with the opportunity to address this issue, but the court refused to consider the merits of the motion because decertification "would move the case backward, not forward." ER 8. The Supreme Court's order makes clear, however, that the class certification questions had the potential to resolve the case in total—the opposite of moving it "backward." *Jennings*, 138 U.S. at 851-52. The district court's logic is also unbounded by any legal principle—ordering relief of course moves a case forward, but there must be a legal justification for the court's action, not merely an interest in achieving an outcome. Even if the Supreme Court had not specifically directed that class actions be resolved first, the district court's decision to rigidly limit the timing of when class issues can be raised (after a "final resolution of Petitioners' constitutional claims")

14

is effectively a refusal to consider the issue at all. Issues regarding the composition of the class are integral to the scope and validity of a preliminary injunction order and in any event must be decided well before the case can proceed to a final judgment. *See Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) (class certification is ordinarily decided prior to summary judgement briefing). The district court's refusal to consider the viability of the class based on the concern that it would undermine the classwide injunction is therefore contrary to the Supreme Court's (and this Court's) clear instruction that class issues should be resolved prior to adjudicating the constitutional claims.

## II. This Court's remand order did not (and indeed could not) grant the class a preliminary injunction or defer consideration of the class issues.

This Court's remand order did not afford Petitioners a preliminary injunction or prohibit the district court from considering the government's motion to decertify the class. The Court stated only that *it* would not vacate the injunction. *Marin*, 909 F.3d at 256. In declining to vacate the injunction itself, it was not directing the district court to indefinitely maintain the injunction, and certainly not requiring (contrary to the Supreme Court's order) that the district court refuse to decide any challenges to class certification until *after* it "resolv[ed]" the Petitioners' constitutional claims on the merits. ER 7, 14. Rather, this Court made clear that it was merely "taking its cue" from the Supreme Court by not expressly vacating the injunction, and "likewise remand[ing] this case to the district court" to do precisely

what the Supreme Court instructed it to do: consider a litany of issues, all with the potential to determine on whether classwide preliminary injunctive relief is appropriate on the constitutional claims. *Marin*, 909 F.3d at 255.

The Court's framing of the district court's tasks on remand demonstrates that the district court erred in construing the remand order as requiring it to adopt the permanent injunction as preliminary injunctive relief on the constitutional claims. To the contrary, this Court remanded for the district court to consider several issues that bear directly on whether a preliminary injunction on the constitutional claims is permissible, including determining "whether § 1252(f)(1) precludes classwide injunctive relief," *id.* at 256 n.1. Although this Court later resolved this issue in a subsequent case,[1] remand on this question had the potential to invalidate the injunction without any consideration of the merits, which demonstrates that the Court did not "order" that "the permanent injunction . . . remain in effect." ER 7.

The Court's discussion of the class certification issues also demonstrates that the Court did not bar the district court from vacating the injunction. The Court acknowledged that the "[t]he composition of the various subclasses may also require reconsideration" and deferred to the district court's "vastly" greater "experience with

---

[1] *See Padilla v. ICE*, 593 F.3d 1134, 1149-52 (9th Cir. 2019). The government has petitioned for a Writ of Certiorari on this issue, *ICE v. Padilla*, 20-234 (Aug. 28, 2020), and therefore preserves its argument that the 8 U.S.C. § 1252(f)(1) eliminates the court's jurisdiction to enjoin the operation of sections 1225 and 1226 on a classwide basis as it did here.

class litigation." *Marin*, 909 F.3d at 255. The Court's recognition that the subclasses may need to be "reconsidered" is incompatible with the district court's refusal to decide any issue related to the certification (or decertification) of the class. Moreover, the Court's acknowledgement that the district court is more experienced on class issues is flatly inconsistent with reading the order to prevent the district court from deciding those issues. And as a practical matter, there is no way to separate the class issues from the validity of a classwide injunction. Therefore, without answering the Court's questions regarding the need for modifications to the class, there would be no way to litigate whether a not-yet defined group is entitled to injunctive relief.

It is also contrary to *Winter* to construe this Court's remand order as entering a preliminary injunction. Despite considerable briefing on the issue, the Court does not cite *Winter* anywhere in the order and does not address any of the factors for preliminary injunctive relief. Its legal analysis fails to give sufficient support for the preliminary injunction entered here. The Court began by confirming that the constitutional claims are governed by a very different legal standard than applied to the statutory claims. *Marin*, 909 F.3d at 255. In *Rodriguez III*, 804 F.3d at 1083, the Court explained that the class's entitlement to relief was to be determined based on the relief available to the subclass member with the *strongest* claim. Here, the Court instructed that "the district court should determine 'the *minimum* requirements of

due process' for each subclass." *Marin*, 909 F.3d at 255 (emphasis added). Although the Court offered some general thoughts on the constitutionality of *mandatory* detention, *id*. at 256 (expressing concerns about "any statute that allows for arbitrary prolonged detention without any process"), it did not reach any legal conclusions or analyze the discretionary detention statutes covered by the injunction. The Court also openly questioned the continued validity of two critical features of the injunction and ordered the district court to "reassess and reconsider both the clear and convincing evidence standard and the six-month bond hearing requirement." *Marin*, 909 F.3d at 256, 257. Thus, the remand order falls well short of justifying the injunction entered here.

The remand order is better read as affording Petitioners the opportunity to move for a new preliminary injunction on remand. The Court correctly observed that no court had yet considered the merits of the constitutional claims. *Marin*, 909 F.3d at 255. Petitioners relied on that fact in opposition to the government's motion to vacate and requested that the Court give Petitioners "a full and fair opportunity to defend an alternative basis for the injunction" prior to vacatur. *Marin*, 13-56755, Dkt. 150 at 1. The remand order gave Petitioners that chance, but they did not take advantage of it. Nothing in the remand order affords Petitioners a placeholder injunction without requiring them to affirmatively request one satisfy their burden under *Winter*.

# CONCLUSION

The order of the district court should be reversed and the injunction should be lifted.

Dated: September 3, 2020        Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ERNESTO MOLINA
Deputy Director

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4700

Attorneys for Respondents-Appellants

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6(c), counsel for Respondent is unaware

of any cases pending before the Court that are related to the case at bar.

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(A-C) and Ninth Circuit Rule 32-1, I certify that the Brief For Respondents-Appellants was prepared using Microsoft Word using Times New Roman, 14 point, font type; is proportionally spaced; and contains 5,109 words.

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

 */s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice