No. 20-55770
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

TIMOTHY ROBBINS, et al.,

Respondents-Appellants,

v.

ALEJANDRO RODRIGUEZ, et al.,

Petitioners-Appellees.
_____

On Appeal from the United States District Court, Central District of California
No. CV 07-3239-TJH (RNB)
_____

**PETITIONERS-APPELLEES' MOTION TO DISMISS APPEAL IN PART FOR LACK OF APPELLATE JURISDICTION AND TO STAY BRIEFING PENDING RESOLUTION OF THIS MOTION**
_____

AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
MICHAEL KAUFMAN
mkaufman@aclusocal.org
ZOE MCKINNEY
zmckinney@aclusocal.org
ACLU Foundation
  of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone:  (213) 977-5211
Facsimilie:  (213) 977-5297

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN
mtan@alcu.org
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-26

JAYASHRI SRIKANTIAH
jsrikantiah@law.stanford.edu
Stanford Law School
Immigrants' Rights Clinic
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426


SEAN COMMONS
scommons@sidley.com
CODY JACOBS
cjacobs@sidley.com
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY...................1

III. ARGUMENT.........................................................................................................5

    A. Under Unambiguous Supreme Court Precedent, a Party Seeking Interlocutory Appeal of an Adverse Class-Certification Order Must First Seek Permission to Do So Under Rule 23(f) ............6

        1. Prior Ninth Circuit Cases Establishing Exceptions to this Rule Are Invalid Post-*Microsoft*........................................8

    B. Even Under Pre-*Microsoft* Ninth Circuit Precedent, the Order Denying Decertification of the Class Would Not Be Reviewable by This Court ......................................................................................11

CONCLUSION…………………………………………………………………...13

i

# TABLE OF AUTHORITIES

**Cases**

*Bates v. United Parcel Service, Inc.*,
  511 F.3d 974 (9th Cir. 2007) (en banc) ..............................................................9

*Cunningham v. Gates*,
  229 F.3d 1271 (9th Cir. 2000) ...................................................................11, 12

*Doe #1 v. Trump*,
  957 F.3d 1050 (9th Cir. 2020) .........................................................................13

*Immigrant Assistance Project of AFL-CIO v. I.N.S. (IAP)*,
  306 F.3d 842 (9th Cir. 2002) .............................................................................9

*Jennings v. Rodriguez (Rodriguez IV)*,
  138 S. Ct. 830 (2018) .........................................................................................3

*Microsoft Corp. v. Baker*,
  137 S. Ct. 1702 (2017) ............................................................................*passim*

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003) (en banc) ............................................................8

*Nutraceutical Corp. v. Lambert*,
  139 S. Ct. 710 (2019) ...........................................................................7, 8, 11

*Padilla v. Immigration and Customs Enforcement*,
  953 F.3d 1134 (9th Cir. 2020) .........................................................................13

*Pashby v. Delia*,
  709 F.3d 307 (4th Cir. 2013) ...........................................................................13

*Rodriguez v. Hayes (Rodriguez I)*,
  591 F.3d 1105 (9th Cir. 2010) ...........................................................................2

*Rodriguez v. Marin (Rodriguez V)*,
  909 F.3d 252 (9th Cir. 2018) .........................................................................3, 4

*Rodriguez v. Robbins*,
  715 F.3d 1127 (9th Cir. 2013) (*Rodriguez II*) ..................................................2

*Rodriguez v. Robbins (Rodriguez III)*,
   804 F.3d 1060 (9th Cir. 2015) ................................................................................3

*State of Cal., on Behalf of California Dept. of Toxic Substances*
   *Control v. Campbell*,
   138 F.3d 772 (9th Cir. 1998) ................................................................................12

**Statutes**

8 U.S.C. 1225(b) ................................................................................................2

8 U.S.C. 1226(a) ................................................................................................2

8 U.S.C. 1226(c) ................................................................................................2

8 U.S.C. 1231(a) ................................................................................................2

28 U.S.C. 1291 ...................................................................................................9

28 U.S.C. 1292 ...................................................................................................6

28 U.S.C. 1292(a)(1) ..........................................................................................5

**Other Authorities**

Fed. R. Civ. P. 23(f) ................................................................................*passim*

I.  **INTRODUCTION**

Petitioners respectfully move this Court to dismiss the portion of this appeal challenging the district court's denial of Respondents' motion to decertify the class for lack of appellate jurisdiction. Respondents failed to seek permission from this Court to appeal the district court's denial of their motion to decertify the class, as required by Fed. R. Civ. P. 23(f). Petitioners also respectfully request that the Court "stay the schedule for record preparation and briefing pending the Court's disposition of [this] motion." Cir. R. 27-11(a)(1).

II. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This appeal arises from the district court's denial of the government's motion to vacate the *Rodriguez* injunction and decertify the class. ER 4.[1]

Petitioners originally filed a class habeas petition in 2007 alleging that their prolonged confinement without rigorous individualized bond hearings violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. The district court initially denied Petitioner's motion for class certification.

---

[1] The government simultaneously moved for vacatur of the preliminary injunction and decertification of the class on November 27, 2019. The government then moved for vacatur of the permanent injunction on April 7, 2020. The district court denied all three in one order on May 28, 2020. ER 146. The present motion concerns only the portion of the government's appeal arising from the district court's denial of the government's motion to decertify the class. Petitioners will address the government's arguments as to vacatur of the injunction on the merits in their answering brief, currently due October 15, 2020.

Petitioner appealed and this Court reversed. *Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105 (9th Cir. 2010). After proceedings on remand, the district court certified a class consisting of "all non-citizens within the Central District of California who: (1) are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, (2) are not and have not been detained pursuant to a national security detention statute, and (3) have not been afforded a hearing to determine whether their detention is justified." Dkt. 77.[2] On March 8, 2011, the court approved the following subclasses within the certified class: (1) a subclass of members detained under 8 U.S.C. 1225(b); (2) a subclass of members detained under 8 U.S.C. 1226(a); (3) a subclass of members detained under 8 U.S.C. 1226(c); and (4) a subclass of members detained under 8 U.S.C. 1231(a). *See* Dkts. 101, 161.

In 2012, the district court entered a preliminary injunction requiring that the government identify all members of the Section 1225(b) and 1226(c) subclasses and provide each with an immigration judge bond hearing, and required that the Government bear the burden of proof by clear and convincing evidence at those hearings. Dkt 255. This court affirmed that order. *Rodriguez v. Robbins,* 715 F.3d 1127 (9th Cir. 2013) (*Rodriguez II*). In 2013, the district court entered a permanent injunction requiring largely the same relief to the entire class. Dkt 353. With two

---

[2] All "Dkt." citations are to the district court record.

2

exceptions, this Court affirmed the permanent injunction on statutory grounds.[3] On February 27, 2018, the Supreme Court reversed and remanded as to the statutory holdings, but declined either to vacate the injunction or to consider Petitioner's constitutional claims. *Jennings v. Rodriguez (Rodriguez IV)*, 138 S. Ct. 830 (2018). Instead, it directed this Court to consider the constitutional claims in the first instance, along with several other issues concerning class certification. *Id.* at 851-52. Notably, it did not vacate the district court's injunction. *Id.*

On remand, at the direction of this Court, the parties briefed the issues raised by the Supreme Court in *Rodriguez IV*. But this Court ultimately declined to rule on these issues, remanding to the district court to address them. Over Defendants' strenuous objection, this Court also did not vacate the injunction: "[l]ike the Supreme Court, we do not vacate the permanent injunction pending consideration of these vital constitutional issues." *Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 256 (9th Cir. 2018). Most pertinent here, this Court asked the district court to address (among other issues) whether the class should remain certified for consideration of the constitutional claims, whether a class action is appropriate for resolving Petitioners' due process claims, and whether the composition of the subclasses

---

[3] The Court reversed as to the Section 1231(a) subclass on the ground that it "d[id] not exist." *Rodriguez v. Robbins (Rodriguez III)*, 804 F.3d 1060, 1086 (9th Cir. 2015). It also required that *Rodriguez* bond hearings occur periodically every six months, which the district court's injunction had not required. *Id*. at 1074.

3

should be reconsidered. *Id*. at 257.

On remand in the district court, Petitioners filed their Fourth Amended Complaint (FAC), including new subclass definitions based on class members' constitutional claims. Dkt. 515. The government moved to dismiss the FAC, and the court granted that motion in part and denied it in part. Dkts. 521, 527. In ruling on the motion to dismiss, the district court stated that the Supreme Court had "implicitly" vacated the permanent injunction, but that the preliminary injunction remained in place. Dkt. 527. Petitioners then moved the court for reconsideration on the grounds that this Court had expressly declined to vacate the permanent injunction while the district court considered the constitutional issues. Dkt. 528; *Rodriguez V*, 909 F.3d at 256. Shortly afterward, the government moved to vacate the preliminary injunction and decertify the class. Dkt. 533. Petitioners opposed that motion. Dkt. 539.

Several months later, the district court granted Petitioners' motion for reconsideration and issued an amended order removing the language vacating the permanent injunction. Dkts. 546, 547. The government moved for reconsideration of that order, again asking the court to vacate the permanent injunction. Dkt. 550.

Ultimately, the district court issued a single order denying the government's motion for reconsideration and motions to vacate the preliminary and permanent injunctions and decertify the class. ER 4. As to the class certification issue, the court

held that decertification of the class would severely inhibit the parties' and the court's ability to resolve the remaining jurisdictional and constitutional questions. ER 8.[4]

The government filed a notice of appeal in the district court on July 27, 2020, Dkt. 559, but did not seek permission from this Court to appeal the district court's denial of its motion to decertify the class.

## III. ARGUMENT

This Court lacks appellate jurisdiction over the portion of the district court's order denying the government's motion to decertify the class at this time.

Respondents assert this Court has jurisdiction over its entire appeal solely on the basis of 28 U.S.C. 1292(a)(1), which applies only to interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions[.]" Respondents have not established—or even attempted to establish—the basis for this Court's jurisdiction over the district court's class certification order. *See* ECF 6, Respondents' Opening Brief at 4. Nor could they, because under Fed. R. Civ. P. 23(f) as construed by two recent Supreme Court decisions, Respondents would have first needed to seek permission from this Court

---

[4] The chronology is as follows: the court granted in part and denied in part Respondents' motion to dismiss on November 7, 2019. Dkt. 527. It granted Petitioners' motion for reconsideration of that order on March 9, 2020. Dkt. 546. It denied Respondents' motion to reconsider the March 9 order as well as their motion to vacate the injunctions and decertify the class on May 28, 2020. ER 8.

5

to take an appeal from the district court's order. As they never sought such permission, this Court lacks jurisdiction over this interlocutory appeal.

### A. Under Unambiguous Supreme Court Precedent, a Party Seeking Interlocutory Appeal of an Adverse Class-Certification Order Must First Seek Permission to Do So Under Rule 23(f).

The plain terms of 28 U.S.C. 1292 and Rule 23(f) do not permit a party to appeal an order regarding class certification without prior permission. This Court's jurisdiction over interlocutory appeals is defined by 28 U.S.C. 1292. Section 1292(a)(1) confers jurisdiction over interlocutory orders dissolving or refusing to dissolve injunctions. It contains no prior permission requirement. However, an order denying a motion to decertify a class is not an order dissolving (or refusing to dissolve) an injunction. Such orders are appealable only as provided in Section 1292(e), which provides that "[t]he Supreme Court may prescribe rules," under the Rules Enabling Act, "to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d)."[5]

Federal Rule of Civil Procedure 23(f) is one such rule. Promulgated by the Court in 1998, the Rule provides in relevant part that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule. . . . A party must file a petition for permission to appeal with the circuit

---

[5] Sections 1292(b)-(d) cover other interlocutory orders not at issue here.

clerk . . . within 45 days after the order is entered if any party is [*inter alia*, a United States officer sued in their official capacity]." This rule "authorizes 'permissive interlocutory appeal' from adverse class-certification orders," but commits the decision whether to permit such appeal to "the sole discretion of the court of appeals." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017) (citation omitted). Thus, "[t]o take an immediate appeal from a federal district court's order granting or denying class certification, a party must first seek permission from the relevant court of appeals[.]" *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 713 (2019).

While the order at issue here is a denial of Respondent's motion to decertify, rather than an "order granting … class-action certification," Rule 23(f) also applies to orders that are "functionally equivalent" to orders granting class certification. *See Microsoft*, 137 S. Ct. at 1711 n.7. The Supreme Court treated a decertification ruling as the functional equivalent of an order denying class certification in *Lambert*. 139 S. Ct. at 713 ("[T]he District Court revisited [the class certification] decision and ordered the class decertified. From that point, Lambert had 14 days to ask the Court of Appeals for the Ninth Circuit for permission to appeal the order.") (citing Rule 23(f)). Similarly, the order denying decertification here is the functional equivalent of an order granting certification.

### 1. Prior Ninth Circuit Cases Establishing Exceptions to this Rule Are Invalid Post-*Microsoft*

Prior to the adoption of Rule 23(f), this Court had recognized an exception to Section 1292 permitting "pendent appellate jurisdiction" over interlocutory appeals of class certification decisions even without any form of prior permission, but those cases are "clearly irreconcilable" with *Microsoft* and *Lambert*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

In *Paige v. California*, this Court first held it could exercise jurisdiction over class certification decisions that were "inextricably intertwined" with orders properly subject to interlocutory appeal. 102 F.3d 1035, 1039 (9th Cir. 1996). There, this Court applied the Supreme Court's "inextricably intertwined test" for pendent jurisdiction to review a class certification order that had been challenged in connection with a preliminary injunction order. *Id.* (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)). This Court concluded that because it "could not uphold [the injunction] without also upholding certification of the class," the two orders were "therefore inextricably intertwined" such that it had jurisdiction over both. *Id.*

Two years after *Paige*, the Supreme Court adopted Rule 23(f) as the mechanism for interlocutory class certification appeals. Fed R. Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule."). However, the Ninth Circuit continued to treat the

8

"inextricably intertwined" doctrine as good law in reviewing interlocutory class certification appeals, even where the appealing party had not sought prior permission under Rule 23(f). *See Immigrant Assistance Project of AFL-CIO v. I.N.S. (IAP)*, 306 F.3d 842, 868-70 (9th Cir. 2002) (citing *Paige* without any discussion of Rule 23(f), and finding appellate jurisdiction over portions of class certification grant that were bound up with grant of injunctive relief); *see also Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 984-85 (9th Cir. 2007) (en banc) (without mentioning Rule 23(f), finding appellate jurisdiction over denial of class decertification order because it was "inextricably intertwined with the permanent injunction").

The "inextricably intertwined" exception, however, cannot survive *Microsoft*, which established that such common law exceptions are no longer permissible because they permit circumvention of Rule 23(f). 137 S. Ct. at 1711. In *Microsoft*, the Supreme Court considered whether this Court had properly exercised its jurisdiction over plaintiffs' appeal of an adverse class certification order. *Id.* at 1706-07. After an unsuccessful petition to this Court for permission to appeal the denial of class certification under Rule 23(f), plaintiffs stipulated to voluntary dismissal of their claims with prejudice, reserving the right to reinstate those claims should the appellate court reverse the class certification denial. *Id.* This Court held it could entertain the appeal as a final order under 28 U.S.C. 1291. *Id.* at 1711. The Supreme Court reversed, holding that the voluntary dismissal "tactic would undermine §

9

1291's firm finality principle, designed to guard against piecemeal appeals, and *subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders.*" *Id.* at 1707 (emphasis added).

*Microsoft* clarified that by enacting Section 1292(e), Congress authorized the Supreme Court "to provide for appellate review of interlocutory orders not governed by statute." 137 S. Ct. at 1714. Those provisions *must* "come from rulemaking"—like Rule 23(f)—"not judicial decisions in particular controversies or inventive litigation ploys." *Id.* The Supreme Court reasoned that "Rule 23(f) reflects the rulemakers' informed assessment" and "careful calibration," which "warrants the Judiciary's full respect," and that allowing parties to sidestep its requirements would "undercut [it]'s discretionary regime" and undermine "Congress' designation of rulemaking as the preferred means for determining whether and when pre-judgment orders should be immediately appealable." *Id.* at 1715-15 (quotation marks and citation omitted).

*Microsoft*'s rationale clearly cannot be reconciled with the "inextricably intertwined" doctrine. Under *Microsoft*, judicially-created alternatives purporting to confer jurisdiction over appeals beyond the scope of Section 1292 and Rule 23(f) are no longer permissible. Just as *Microsoft* found this Court's "voluntary-dismissal tactic" irreconcilable with Rule 23(f), so too the "inextricably-intertwined" doctrine is no longer valid because it was not created by rulemaking, as *Microsoft* requires.

10

The "inextricably intertwined" exception also "subverts . . . the process Congress has established for . . . determining when nonfinal orders may be immediately appealed." *Id.* at 1712-13. Under *Microsoft*, then, a party *must* follow Rule 23(f)'s procedural requirements, and this Court may not "assume[] jurisdiction of [an] appeal challenging" an interlocutory class certification order absent "permission to appeal under Rule 23(f)." *Id.* at 1714.

\* \* \*

Application of the rule here is straightforward: this Court must dismiss the class certification portion of Respondent's appeal. They neither sought nor received permission to appeal the district court's order as to the class certification issue under Rule 23(f). And they may not belatedly seek permission now, because Rule 23(f)'s "deadline is not subject to equitable tolling," as "courts are without authority to make exceptions" to it. *Lambert*, 139 S. Ct. at 714-15. Therefore, the class certification portion of Respondents' appeal should be dismissed.

> **B. Even Under Pre-*Microsoft* Ninth Circuit Precedent, the Order Denying Decertification of the Class Would Not Be Reviewable by This Court**

Even if the "inextricably intertwined" theory remained valid, the class certification order here would not fit within it. This Court has "consistently interpreted 'inextricably intertwined' very narrowly." *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000). "Two issues are not 'inextricably intertwined' if

11

[the Court] must apply different legal standards to each issue." *Id.* at 1285. "Just because the same facts are involved in both issues does not make the two issues inextricably intertwined." *State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 778 (9th Cir. 1998). Only if the Court "*must* decide the pendent issue in order to review the claims properly raised on interlocutory appeal," or "resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue," is "pendent appellate jurisdiction" proper. *Id.* (emphasis added).

Respondents suggest "there is no way to separate the class issues from the validity of a classwide injunction." ECF 6 at 17. But here, effective review of the injunction does not require review of the class certification order. The question before this Court is whether the district court committed some form of error in interpreting this Court's previous order as *requiring* that the permanent injunction remain in place pending final adjudication of the merits below. ER 7. This analysis is entirely independent from the question whether the district court erred in declining to decertify the class. The district court's discussion of whether to vacate the injunctions made no reference to the class. *See id.* 7-8. It was instead focused on exercising its duty to apply the various governing orders. *Id.* This Court need not consider whether the class is properly certified to analyze whether the district court erred in interpreting and applying the remand order in *Rodriguez V* as it did.

12

That the injunction covers a class does not render the class issues inextricably intertwined with the appeal of the district court's decision refusing to dissolve the injunction. Indeed, this Court regularly reviews injunctions that have broad—even nationwide—effect, without independently reviewing any question of class certification. *See, e.g.*, *Padilla v. Immigration and Customs Enforcement*, 953 F.3d 1134, 1142-52 (9th Cir. 2020); *see also Doe #1 v. Trump*, 957 F.3d 1050, 1069 (9th Cir. 2020). And in virtually identical circumstances, the Fourth Circuit refused to consider a challenge to a class certification order when the defendant had not sought permission to appeal under Rule 23(f). *See Pashby v. Delia*, 709 F.3d 307, 318-19 (4th Cir. 2013). Unlike here, the district court in *Pashby had* expressly "t[aken] the class members into account when determining whether [the challenged policy] caused irreparable harm." *Id.* at 318. Nonetheless, the Fourth Circuit ruled that class certification was not inextricably "intertwined" with the injunction because "the district court could have determined that [the challenged policy] caused irreparable harm by looking only at its effect on the named Appellees[.]" *Id.* at 319. There, as here, "because the class certification question is distinct from the preliminary injunction, the issue is not properly before [the Court]." *Id.*

## CONCLUSION

For the foregoing reasons, this Court should dismiss Respondents' appeal as it relates to class certification issues. Petitioners also respectfully request that this

13

Court stay the briefing in this case until it rules on this Motion.

                                            Respectfully submitted

                                            ACLU OF SOUTHERN CALIFORNIA

Dated: September 16, 2020          s/ Ahilan T. Arulanantham
                                            AHILAN T. ARULANANTHAM
                                            Counsel for Petitioners-Appellees