**No. 20-55770**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ALEJANDRO RODRIGUEZ, et al.
Petitioners-Appellees,

v.

WILLIAM BARR, et al.
Respondents-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:07-cv-03239-TJH

## RESPONDENTS-APPELLANTS OPPOSITION TO PETITIONERS-APPELLEES' MOTION TO DISMISS APPEAL IN PART AND TO STAY BRIEFING PENDING RESOLUTION OF THIS MOTION

JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*
Civil Division

ERNESTO MOLINA
*Deputy Director*
Office of Immigration Litigation

SARAH S. WILSON
*Senior Litigation Counsel*
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
sarah.s.wilson@usdoj.gov

# **TABLE OF CONTENTS**

Introduction .................................................................................................1

Procedural Background ...............................................................................2

Argument.....................................................................................................8

I.   The Court has jurisdiction over the appeal pursuant to 28 U.S.C. §
     1292(a)(1). ........................................................................................8

II.  The Court has pendent appellate jurisdiction over the district court's denial of
     the motion for decertification. ......................................................10

     A.  The government's argument easily satisfies the inextricably intertwined
         standard for pendent appellate jurisdiction. ...............................10

     B.  *Microsoft* and *Lambert* did not eliminate pendent appellate jurisdiction
         over the argument asserted here. ...............................................12

III. The Court should vacate its order staying briefing and reinstate the briefing
     schedule. .......................................................................................17

Conclusion ...............................................................................................20

Certificate of Compliance ........................................................................ i

# TABLE OF AUTHORITIES

## Cases

*Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020)..........................................15

*Abdi v. McAleenan*, 405 F. Supp. 3d 467 (W.D.N.Y. 2019) ...................................18

*Barnes v. Healy*, 980 F.2d 572 (9th Cir. 1992)...........................................................8

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007).............. 12, 14, 18

*Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018) .........18

*Carpenter v. Boeing Co.*, 456 F.3d 1183 (10th Cir. 2006)......................................14

*Clinton v. Jones*, 520 U.S. 681 (1997)............................................................. 10, 15

*Columbia Gas Transmission LLC v. An Easement to Construct, Operate &
   Maintain a 20-Inch Gas Transmission Pipeline,* 797 F. App'x 64
   (3d Cir. 2019)....................................................................................................17

*Doe v. Regents of the Univ. of California*, 891 F.3d 1147 (9th Cir. 2018) .............16

*Fleischman v. Albany Med. Ctr.*, 639 F.3d 28 (2d Cir. 2011) .................................13

*FTC v. Consumer Def., LLC*, 926 F.3d 1208 (9th Cir. 2019)..................................15

*Gutierrez v. Johnson & Johnson,* 523 F.3d 187 (3d Cir. 2008) ..............................14

*Hernandez v. City of San Jose*, 897 F.3d 1125 (9th Cir. 2018)........................ 11, 16

*Immigrant Assistance Project of AFL-CIO v. INS*, 306 F.3d 842
   (9th Cir. 2002)............................................................................................. 12, 18

*In re DC Water & Sewer Auth.*, 561 F.3d 494 (D.C. Cir. 2009) .............................13

*In re Wholesale Grocery Prods. Antitrust Litig.*, 849 F.3d 761 (8th Cir. 2017) .....13

*Jenkins v. BellSouth Corp.*, 491 F.3d 1288 (11th Cir. 2007)..................................14

*Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ................................................ passim

*Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012) ......................................................14

*Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469 (9th Cir. 2015) ........................................................................................................................9

*Lopez v. Massachusetts*, 588 F.3d 69 (1st Cir. 2009) .............................................10

*McGrew v. Duncan*, 937 F.3d 664 (6th Cir. 2019)..................................................16

*McNamara v. Felderhof*, 410 F.3d 277 (5th Cir. 2005) ..........................................14

*Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017)........................................... passim

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) ....................................................13

*Mirlis v. Greer*, 804 F. App'x 4 (2d Cir. 2020) ......................................................17

*Mogard v. City of Milbank*, 932 F.3d 1184 (8th Cir. 2019) ...................................16

*Nucor Corp. v. Brown*, 760 F.3d 341 (4th Cir. 2014)..............................................13

*Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710 (2019) .................................. passim

*Paige v. State of Cal.*, 102 F.3d 1035 (9th Cir. 1996) ...................................... passim

*Patel v. City of Madison, Alabama*, 959 F.3d 1330 (11th Cir. 2020).....................16

*Penate v. Hanchett*, 944 F.3d 358 (1st Cir. 2019) ..................................................16

*Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541 (7th Cir. 2016) ...............................13

*Puente Ariz. v. Arpaio*, 821 F.3d 1098 (9th Cir. 2016)...........................................11

*Reid v. Donelan*, 390 F. Supp. 3d 201 (D. Mass. 2019) ..........................................18

*Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013 ...............14

*Rodriguez v. Marin*, 887 F.3d 954 (9th Cir. 2018) .....................................................4

*Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018) ......................................... passim

*Sajous v. Decker*, No. 18-CV 2447 (AJN), 2018 U.S. Dist. LEXIS 86921, 2018

    WL 2357266 (S.D.N.Y. May 23, 2018) ...............................................................18

*Singleton v. Cannizzaro*, 956 F.3d 773 (5th Cir. 2020) ...........................................16

*Smith v. City of Stockton*, 818 F. App'x 697 (9th Cir. 2020) ..................................18

*Swint v. Chambers County Commission*, 514 U.S. 35 (1995) ......................... 10, 15

*United States ex rel. Citynet, LLC v. Gianato*, 962 F.3d 154 (4th Cir. 2020) .........16

*United States v. Delgado-Ramos*, 635 F.3d 1237 (9th Cir. 2011) ...........................14

*United States v. Orm Hieng*, 679 F.3d 1131 (9th Cir. 2012),..................................14

*United States v. Robertson*, 875 F.3d 1281 (9th Cir. 2017) ....................................14

*Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624 (9th Cir. 2020) ............................13

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)...........................................3, 4

*Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) .................. 1, 7, 8

*Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*,

    968 F.3d 1156 (10th Cir. 2020) ...........................................................................16

## **Statutes**

8 U.S.C. § 1225(b) ......................................................................... 1, 2, 18

iv

8 U.S.C. § 1226(a) ........................................................................ 1, 2, 18

8 U.S.C. § 1226(c) ........................................................................ 1, 2, 18

8 U.S.C. § 1231(a)(6) .............................................................................3

8 U.S.C. § 1252(f)(1) .........................................................................3, 4

28 U.S.C. § 1291 ...................................................................... 13, 14, 15

28 U.S.C. § 1292(a)(1) ........................................................... i, 2, 8, 9

## **Rules**

Federal Rule of Appellate Procedure 32(a)(7)(A-C) ....................................1

Federal Rule of Civil Procedure 23(b)(2) ...........................................3, 4

**INTRODUCTION**

In this appeal, the government seeks to vacate the district court's order affording Petitioners a preliminary injunction on the class's constitutional challenges to three immigration detention provisions, 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). The district court entered the preliminary injunction based solely on its misreading of this Court's remand order in *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) ("*Marin*"). The district court held that this Court prohibited it from making any changes to the now-vacated permanent injunction (entered on a different set of statutory claims) prior to entering final judgment on the constitutional claims. Excerpts of Record (ER) 7. As a result of this misreading, the district court concluded that it must both convert the permanent injunction order into a preliminary injunction, and refuse to consider any merits or class issues ahead of entering final judgment on the constitutional claims. *Id*. In its opening brief, the government argues that interpretation of the *Marin* remand order (and the injunction itself) violates the Supreme Court's decision in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), which requires that the district court apply the *Winter* factors *prior* to entering any preliminary injunction, and the Supreme Court's decision in this case, which directed that class certification issues be decided ahead of any decision regarding whether relief is appropriate, *see Jennings v. Rodriguez*, 138 S. Ct. 830

(2018). The government seeks relief solely in the form of vacating the preliminary injunction so that the case may proceed in the manner directed by the Supreme Court.

In total, Petitioners move to "dismiss" one paragraph of the government's opening brief in which it argues, "The district court erred in maintaining the injunction without considering the government's motion to decertify." Opening Br. at 14-15. Petitioners incorrectly claim that the government was required to seek permission to file an interlocutory appeal prior to making this argument in its appeal of the preliminary injunction order—an appeal over which Petitioners concede this Court has jurisdiction consistent with 28 U.S.C. § 1292(a)(1). Whether under section 1292(a)(1) or as a matter of pendent appellate jurisdiction, this Court undoubtedly has jurisdiction to consider whether the district court's preliminary injunction order conflicts with the Supreme Court's instructions in this case and the longstanding prerequisites for obtaining preliminary injunctive relief. The Court should deny the motion and, in any event, lift its stay of briefing in light of the government's weighty interest in vindicating the constitutionality of three acts of Congress.

## PROCEDURAL BACKGROUND

Petitioners are a class of aliens detained for a period of six months or longer under one of three immigration detention provisions, 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). ER 22. The class challenged their detention on both statutory and constitutional grounds, but, in 2013, sought and obtained a classwide permanent

injunction only on their statutory claims. *Rodriguez v. Robbins*, 804 F.3d 1060, 1065 (9th Cir. 2015) ("*Rodriguez III*"). In *Rodriguez III*, this Court affirmed the permanent injunction order, with the exception of decertifying the subclass detained pursuant to fourth statutory provision (8 U.S.C. § 1231(a)(6)), and adding the requirement that the government provide "periodic" bond hearings every six months. *Id.* Both the district court and this Court found that Petitioners were entitled to relief as a statutory matter, without addressing the constitutional claims. *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) ("*Marin*") ("[T]he district court . . . 'had no occasion to consider [the] constitutional arguments on their merits.'"); *Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018) ("The Court of Appeals . . . had no occasion to consider respondents' constitutional arguments on their merits.").

On February 27, 2018, the Supreme Court reversed this Court's decision in *Rodriguez III*. *Jennings,* 138 S. Ct. at 852. After requesting that the parties submit supplemental briefing on the constitutional claims, the Supreme Court ultimately declined to consider the constitutionality of the statutes "in the first instance." *Jennings,* 138 S. Ct. at 851. The Supreme Court directed "the Court of Appeals" on remand to "first decide whether it continues to have jurisdiction despite 8 U.S.C. § 1252(f)(1)" and "reexamine whether [Petitioners] can continue litigating their claims as a class" in light of Federal Rule of Civil Procedure 23(b)(2), and *Wal-Mart*

*Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), prior to addressing the merits of the constitutional claims. *Jennings,* 138 S. Ct. at 851-52.

On remand, the government moved this Court to vacate the permanent injunction. The Court initially deferred ruling on the motion and directed the parties to brief the jurisdictional and class issues alongside the merits of Petitioners' constitutional claims. *Rodriguez v. Marin*, 887 F.3d 954 (9th Cir. 2018) ("Ninth Circuit Briefing Order"). After briefing and argument, the Court declined to rule on these issues, stating, "[l]ike the Supreme Court, we will not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Marin*, 909 F.3d at 256. Instead, the Court directed the district court to address the following questions on remand:

(1)    whether the class certified by the district court should remain certified for consideration of the constitutional issue and available class remedies;

(2)    whether classwide injunctive relief is available under 8 U.S.C. § 1252(f)(1);

(3)    whether a Rule 23(b)(2) class action (a) remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), and (b) whether such a class action is appropriate for resolving Petitioners' due process claims;

(4)    whether composition of the previously identified subclasses should be reconsidered;

4

(5)     the minimum requirements of due process to be accorded to all that will ensure a meaningful time and manner of opportunity to be heard; and;

(6)     a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

*Id*. at 257 & n.2.

On remand to the district court, the court granted Petitioners leave to file their Fourth Amended Complaint (FAC), in which they added a new named Petitioner, a claim under the Eighth Amendment, proposed changes to the subclass definitions, and re-asserted a statutory claim for the vacated section 1231 subclass. ER 20-55.

The government moved to dismiss the FAC, and the district court granted that motion in part on November 7, 2019. ER 15-19. In that order, the district court dismissed the new Petitioner, confirmed the decertification of the section 1231 subclass, and recognized that the permanent injunction had been vacated implicitly by the Supreme Court, stating "Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the merits on summary judgment. *See Paige v. State of Cal.*, 102 F.3d 1035, 1040 (9th Cir. 1996). However, the preliminary injunction remains in place." ER 16-17.

Petitioners moved for reconsideration of the order's vacatur language and argued that the district court erred in asserting that the Supreme Court had implicitly

5

vacated the permanent injunction. ER 143. While the motion was pending, the government moved for vacatur of the preliminary injunction and class decertification in a motion directed to answering the jurisdictional and class-based questions in the Court's remand order. ER 144. The government did not move for vacatur of the permanent injunction because the district court had already recognized its vacatur in the prior order, *see* ER 16-17.

On March 10, 2020, the district court granted Petitioners' motion for reconsideration, ER 13-14, and issued a revised order on the motion to dismiss, ER 9-12. The district court deleted the portion of its prior order suggesting that the permanent injunction had been implicitly overruled. *Compare* ER 16-17 *with* ER 10. In its place, the district court announced, "Upon further consideration, this Court will keep the permanent injunction in place pending a resolution on Petitioners' constitutional claims." ER 14.

The government moved for reconsideration of the orders, vacatur of the permanent injunction, and decertification of the class. ER 146. On May 28, 2020, the district court denied the motions. ER 4-8. Regarding vacatur, the court stated that "because the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending the consideration of the constitutional issues, this Court is obligated to follow those instructions." ER 7. The district court acknowledged the force of the government's position that it is not appropriate to have a permanent

injunction in place before a final judgment on the merits of the constitutional claims. *Id.* But the district court thought that responsibility for that problem lay with the appellate courts, and the district court stated that it would "reconcile" the appellate courts' orders by "deem[ing] its previously issued permanent injunction to be, in effect, a preliminary injunction . . . which shall, now, remain in place pending a final resolution of [the] constitutional claims." *Id.* The district court did not evaluate the merits of the constitutional claims or find that the class is likely to succeed on those claims. The court also refused to consider whether this action could proceed as a class action, again claiming that this Court "ordered the permanent injunction to remain in effect," and stating that decertification "would move the case backward, not forward." ER 8.

The government filed a timely notice of appeal. ER 1. The parties stipulated to an expedited schedule for the appeal. ECF 3. On September 3, 2020, the government filed its brief in which it argued that the preliminary injunction order should be vacated as contrary to the Supreme Court's decisions in *Winter* and *Jennings*. This Court has stayed briefing in the appeal pending consideration of Petitioners' partial motion to dismiss. ECF 14.

**ARGUMENT**

**I.  The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a)(1).**

This appeal is a challenge to the district court's preliminary injunction order and the procedures attendant to its issuance. Section 1292 affords this Court jurisdiction over "interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions. 28 U.S.C. § 1292(a)(1). The district court entered the injunction based on its reading of this Court's remand order as requiring it to maintain the injunction without any consideration of the merits of the injunction or propriety of class treatment, and determined that the injunction must continue through to a decision on the merits. In this appeal, the government challenges the injunction—not the decertification decision—as entered in a manner that violates both *Winter* and *Jennings*. The government does not assert any arguments regarding the merits of class certification and does not ask that this court decertify the class here. This is not, therefore, an appeal of the decertification order, but an appeal of the terms of the injunction and manner in which it was entered.

This Court has jurisdiction to consider the terms, scope, and duration of the preliminary injunction order consistent with section 1292(a)(1). *See Barnes v. Healy*, 980 F.2d 572, 576 (9th Cir. 1992) ("We review a challenge to the scope of preliminary injunctive relief for abuse of discretion, erroneous legal standards, or

clearly erroneous factual findings."). The government's arguments here fall squarely within this review. First, the court has jurisdiction to consider whether it was error to enter the injunction without considering arguments that have an impact on the merits and scope of the classwide injunction. *Id*. (recognizing review for legal error). Second, the Court also has jurisdiction to consider whether the preliminary injunction is based on a misinterpretation of this Court's remand order requiring the now-vacated permanent injunction remain in place without consideration of the merits or the government's motion for decertification. *See id.* ("We review a challenge to the scope of preliminary injunctive relief for abuse of discretion, erroneous legal standards, or clearly erroneous factual findings."). Finally, the Court has jurisdiction to consider whether the district court's determination that the preliminary injunction prohibits the consideration of any class-based arguments for the duration of the preliminary injunction, and whether that determination is inconsistent with the Supreme Court's remand instructions. *See, e.g., Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469, 472 (9th Cir. 2015) (evaluating the terms and scope of preliminary injunction order). Any of these arguments provide ample grounds for this Court to vacate the preliminary injunction consistent with the review authorized by 28 U.S.C. § 1292(a)(1).

## II. The Court has pendent appellate jurisdiction over the district court's denial of the motion for decertification.

The challenged portion of the government's brief also satisfies the standard for pendent appellate jurisdiction. In *Swint v. Chambers County Commission*, 514 U.S. 35 (1995), and *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997), the Supreme Court recognized a narrow path for application of pendent appellate jurisdiction where a collateral order is inextricably intertwined with an order that is reviewable on appeal. Following *Swinton*, all circuits adopted the "inextricably intertwined" standard for accepting pendent appellate jurisdiction over related claims. *Lopez v. Massachusetts*, 588 F.3d 69, 82 (1st Cir. 2009) (collecting cases); *see Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996). The government's argument here satisfies that standard, and Petitioners are plainly wrong that *Microsoft* or *Lambert* eliminated this Court's longstanding precedent recognizing its authority to assert pendent appellate jurisdiction over matters intertwined with issues subject to appellate review. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017), and *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 713 (2019). Pendent appellate jurisdiction therefore provides an alternative basis for jurisdiction here.

### A. The government's argument easily satisfies the inextricably intertwined standard for pendent appellate jurisdiction.

Even if the above arguments constituted an appeal of the district court's denial of decertification, the Court should accept pendent jurisdiction over the challenge.

The standard is "satisfied where the issues are (a) so intertwined that the Court must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1139-40 (9th Cir. 2018).

Here, the resolution of the district court's misreading of the *Marin* remand order necessarily resolves the government's challenges to both the district court's preliminary injunction order and the district court's handling of the class decertification motion. The district court failed to consider the merits of either motion based on its reading of the same sentence of this Court's remand order: "[l]ike the Supreme Court, we will not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Marin*, 909 F.3d at 256. Thus, the Court's determination of whether the district court properly interpreted that line resolves the government's challenge to both orders.

Although "the Court 'interprets the inextricably intertwined standard narrowly' and applies it in 'extremely limited' circumstances," *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016), it is also readily satisfied here. This Court has consistently applied pendent jurisdiction to review class issues when reviewing classwide preliminary injunction orders. *See, e.g., Paige*, 102 F.3d at 1039; *Immigrant Assistance Project of AFL-CIO v. INS*, 306 F.3d 842, 868-70 (9th

11

Cir. 2002); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 984 (9th Cir. 2007). In addition, for the reasons discussed above, *supra* section I, review of the scope and terms of the injunction are necessarily intertwined with review of the reason the district court denied the decertification motion. Thus, review is appropriate here.

### B. *Microsoft* and *Lambert* did not eliminate pendent appellate jurisdiction over the argument asserted here.

Petitioners claim that the Supreme Court has implicitly overruled this Court's longstanding precedent extending pendent appellate jurisdiction to claims that otherwise would have to be appealed consistent with Federal Rule of Civil Procedure 23(f)'s procedures for seeking permission to appeal "an order granting or denying class-action certification."[1] Petitioners cite *Microsoft*, 137 S. Ct. at 1709, and *Lambert*, 139 S. Ct. at 713. In *Microsoft*, the Court held that a plaintiff who was denied certification and the ability to appeal the ruling under Rule 23(f) could not voluntarily dismiss its claims in order to obtain review of the certification order. 137 S. Ct. at 1709. The Court so held because voluntary dismissal did not constitute an

---

[1] Rule 23(f) provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omission occurring in connection with duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

appealable final judgment for purposes of a provision not at issue here—28 U.S.C. § 1291. *Id*. In *Lambert*, the Court interpreted Rule 23(f) to hold that, in order to appeal from a denied motion for reconsideration of a class certification order, the motion for reconsideration must be filed within 14 days of the original order. 139 S. Ct. at 713. Petitioners claim that *Microsoft* and *Lambert* are "clearly irreconcilable" with "permit[ting] circumvention of Rule 23(f)." Pets. Mot. at 9; *see Miller v. Gammie*, 335 F.3d 889, 893, 899-900 (9th Cir. 2003) (en banc).

As an initial matter, even if *Microsoft* or *Lambert* narrowed some portion of this Court's pendant appellate jurisdiction, it would not apply here. Contrary to Petitioners' assertion (Pets. Mot. at 7), Rule 23(f) does not apply to orders denying a motion to decertify a class. This Court recently joined "every circuit to consider the issue" in holding that an "order that leaves the status quo of a prior certification order unchanged neither grants nor denies class-action certification, as required to render an order appealable under Rule 23(f)." *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 636 (9th Cir. 2020) (citing *In re Wholesale Grocery Prods. Antitrust Litig.*, 849 F.3d 761, 765-66 (8th Cir. 2017); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559-60 (7th Cir. 2016); *Nucor Corp. v. Brown*, 760 F.3d 341, 343 (4th Cir. 2014); *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31-32 (2d Cir. 2011); *In re DC Water & Sewer Auth.*, 561 F.3d 494, 496-97 (D.C. Cir. 2009); *Gutierrez v. Johnson & Johnson,* 523 F.3d 187, 193-94 (3d Cir. 2008); *Jenkins v. BellSouth Corp.*, 491 F.3d

13

1288, 1291-92 (11th Cir. 2007); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005)). As a result, Rule 23(f) does not govern appeals from an order denying class certification and the appropriate test is the one this Court, sitting en banc, applied in *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007). As Petitioners aptly point out, in *Bates*, this Court did not mention Rule 23(f) in finding pendent appellate jurisdiction to review an order denying a motion for decertification and looked only at whether the decertification decision was inextricably intertwined with its review of the injunction. Pet. Mot. at 9. *Microsoft* did not disturb that holding.

*Microsoft* and *Lambert* are not "clearly irreconcilable" with this Court's precedent recognizing jurisdiction here. "The 'clearly irreconcilable' requirement is 'a high standard.'" *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) (quoting *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013)). It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal citation omitted) (quoting *United States v. Orm Hieng*, 679 F.3d 1131, 1140-41 (9th Cir. 2012), and *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (per curiam)). "In order for [the Court] to ignore existing . . . precedent the reasoning and principles of [the later authority] would need to be so

fundamentally inconsistent with [the] prior cases that [the] prior cases cannot stand." *Aleman Gonzalez v. Barr*, 955 F.3d 762, 765 (9th Cir. 2020) (quoting *In re Gilman*, 887 F.3d 956, 962 (9th Cir. 2018)). If the Court "can apply [its] precedent consistently with that of the higher authority, [it] *must* do so." *Id.* (quoting *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019)) (emphasis in original).

Neither *Microsoft*'s nor *Lambert*'s holding involve pendent appellate jurisdiction or in any way question the standard the Supreme Court outlined for pendent jurisdiction in *Swint*, 514 U.S. at 35, and *Jones*, 520 U.S. at 707 n.41. *Lambert*'s holding narrowly addresses how to perfect a Rule 23(f) appeal and does not speak to the distinct question of whether pendent jurisdiction can support such an appeal without satisfying Rule 23(f). 139 S. Ct. at 713. Indeed, as Petitioners acknowledge, this Court has continued to recognized pendent jurisdiction over class issues even after the promulgation of Rule 23(f). Pet. Mot. at 8-9. *Microsoft*'s holding is limited to what constitutes a final appealable judgment consistent with 28 U.S.C. § 1291. 137 S. Ct. at 1709. Its discussion of 23(f) makes the point that plaintiffs should not be permitted to engineer their own interlocutory appeals designed to interrupt the district court proceedings. *See id.* That reasoning does not apply where the appellate court already has jurisdiction over an interrelated issue, the decision to appeal is not in the hands of only one side, and the appeal does not end the district court's jurisdiction over the case.

15

Since *Microsoft*, this Court has continued to find pendent appellate jurisdiction over "non-appealable ruling[s] . . . inextricably intertwined with a claim properly before the Court on interlocutory appeal." *See, e.g*., *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018) ("The Court may also exercise pendent appellate jurisdiction over an otherwise non-appealable ruling if the ruling is inextricably intertwined with a claim properly before the Court on interlocutory appeal."); *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th Cir. 2018) ("Under the doctrine of pendent appellate jurisdiction, we may review an otherwise non-appealable ruling when it is 'inextricably intertwined' with or 'necessary to ensure meaningful review of' the order properly before us."). Indeed, all of the circuit courts have explicitly reaffirmed their "inextricably intertwined" standard for finding pendent appellate jurisdiction since *Microsoft* and *Lambert*. *See, e.g., Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*, 968 F.3d 1156, 1166 (10th Cir. 2020); *Patel v. City of Madison, Alabama*, 959 F.3d 1330, 1337 (11th Cir. 2020); *Singleton v. Cannizzaro*, 956 F.3d 773, 785 (5th Cir. 2020); *United States ex rel. Citynet, LLC v. Gianato*, 962 F.3d 154, 161 (4th Cir. 2020); *Penate v. Hanchett*, 944 F.3d 358, 369 (1st Cir. 2019); *McGrew v. Duncan*, 937 F.3d 664, 670 (6th Cir. 2019); *Mogard v. City of Milbank*, 932 F.3d 1184, 1192 (8th Cir. 2019), reh'g denied (Sept. 19, 2019); *Mirlis v. Greer*, 804 F. App'x 4, 7 (2d Cir. 2020); *Columbia Gas Transmission LLC v. An Easement to Construct, Operate & Maintain a 20-Inch Gas*

*Transmission Pipeline,* 797 F. App'x 64, 67 (3d Cir. 2019). This Court should not change course here.

**III.   The Court should vacate its order staying briefing and reinstate the briefing schedule.**

The Court should vacate its order staying briefing. Although the Court's Rules permit Petitioners to seek to modify the schedule in conjunction with their motion, *see* Circuit Advisory Committee Note to Rule 27-1, Petitioners did not indicate in the motion that they required relief by a date certain, *see* Rule 27-1(3) ("If a motion requests relief by a date certain to avoid irreparable harm, the motion must specify that date in bold on the caption page."). Expedited treatment was not required here as the mutually-agreed deadline for filing the Appellees' brief remains more than a month away—more than sufficient time to answer the paragraph they seek to "dismiss" here. Because the government was not given an opportunity to respond prior to the Court's order staying its appeal, the government respectfully requests reconsideration of the order.

Briefing should not be stayed for consideration of this motion. The government is entitled to immediate review of the preliminary injunction order. The challenged order enjoins three acts of Congress as unconstitutional on grounds that have been rejected by every other court to consider them. *See, e.g., Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (finding section 1226(a) constitutional after more than a year of detention); *Abdi v. McAleenan*, 405

17

F. Supp. 3d 467 (W.D.N.Y. 2019) (rejecting a brightline constitutional standard for section 1225(b)); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019)) (rejecting a brightline constitutional standard for section 1226(c)); *Sajous v. Decker,* No. 18-CV 2447, 2018 U.S. Dist. LEXIS 86921, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018) (rejecting a brightline constitutional standard for section 1226(c). In recognition of the government's need for expeditious review, this Court's rules set briefing on appeals of preliminary injunctions orders on an expedited schedule and discourage extensions. *See* Rule 3-3 (setting expedited schedule); Rule 31-2.2(a)(3) (barring use of the streamlined process for seeking an extension for "any brief filed in a Preliminary Injunction Appeal").

Rule 27-11(a)(1) does not require a stay where the motion to dismiss is merely a partial motion, or, like here, more akin to a motion to strike. As such, Petitioners provide no occasion for departing from the briefing schedule, as the merits of the government's position are readily addressed in Petitioners' brief. This Court routinely decides questions of pendent jurisdiction with the merits of the appeal. *See, e.g.*, *Smith v. City of Stockton*, 818 F. App'x 697, 700 (9th Cir. 2020); *Bates*, 511 F.3d at 984; *Immigrant Assistance Project of AFL-CIO*, 306 F.3d at 868-70; 511 F.3d at 974; *Paige*, 102 F.3d at 1039. Indeed, reviewing pendent jurisdiction with the merits is more efficient here given the necessity of determining to what degree the issues and their resolution overlap.

There is no prejudice to Petitioners in continuing briefing on the appeal. In total, Petitioners seek to "dismiss" less than two pages of the government's brief. The argument Petitioners seek to avoid is not a new argument. Rather, it criticizes the district court's decision to adopt a position that Petitioners repeatedly advocated to the district court. District Court ECF 552 (citing ECF 528, 534, 539). Petitioners acknowledge that the Court has jurisdiction to enter the relief sought in this appeal—vacatur of the preliminary injunction—and the government is entitled to expedited consideration of its request. The parties negotiated a schedule that allotted Petitioners a generous time for preparing their brief based on consideration of previously-planned vacation time while balancing the government's interest in expedited relief. ECF 3. The Court should reinstate that stipulated briefing scheduled and carry the motion with the appeal.

## CONCLUSION

The partial motion to dismiss should be denied, the stay of the briefing

schedule should be vacated, and the schedule as agreed upon by the parties should

resume.

Dated: September 28, 2020        Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 532-4700

Attorneys for Respondents-Appellants

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rule 32-3, I certify that the Brief For Respondents-Appellants was prepared using Microsoft Word using Times New Roman, 14 point, font type; is proportionally spaced; and contains 4,482 words.

/s/ Sarah Wilson
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Sarah Wilson
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice