No. 20-55770
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

TIMOTHY ROBBINS, et al.,
Respondents-Appellants,

v.

ALEJANDRO RODRIGUEZ, et al.,
Petitioners-Appellees.
_____

On Appeal from the United States District Court, Central District of California
No. CV 07-3239-TJH (RNB)
_____

**PETITIONERS-APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL IN PART FOR LACK OF APPELLATE JURISDICTION AND TO STAY BRIEFING PENDING RESOLUTION OF THIS MOTION**

AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
MICHAEL KAUFMAN
mkaufman@aclusocal.org
ZOE MCKINNEY
zmckinney@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN
mtan@alcu.org
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-26

JAYASHRI SRIKANTIAH
jsrikantiah@law.stanford.edu
Stanford Law School
Immigrants' Rights Clinic
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426


SEAN COMMONS
scommons@sidley.com
ALEXANDRIA V. RUIZ
aruiz@sidley.com
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................... 1

II. ARGUMENT .............................................................................................. 2

    A. Rule 23(f) Contains No Exception Based on the Grounds Relied Upon by a District Court for Disposing of a Class Certification Motion ................................................................................ 2

    B. Even if Pendent Jurisdiction Were Theoretically Possible, Respondents Cannot Satisfy the "Inextricably Intertwined" Standard Here ............................................................................................ 8

III. CONCLUSION……………………………………………………....10

i

# TABLE OF AUTHORITIES

**Cases**

*Barnes v. Healy*,
 980 F.2d 572 (9th Cir. 1992) ................................................................................4

*Bates v. United Parcel Serv., Inc.*,
 511 F.3d 974 (9th Cir. 2007) ...........................................................................9, 10

*Clinton v. Jones*,
 520 U.S. 681 (1997) .........................................................................................5, 6

*Gutierrez v. Johnson & Johnson*,
 523 F.3d 187 (3rd Cir. 2008) ................................................................................5

*Hernandez v. City of San Jose*,
 897 F.3d 1125 (9th Cir. 2018) ..............................................................................6

*Immigrant Assistance Project of AFL-CIO v. INS (IAP)*,
 306 F.3d 842 (9th Cir. 2002) ................................................................................9

*Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*,
 601 F. App'x 469 (9th Cir. 2015) .........................................................................4

*Microsoft Corp. v. Baker*,
 137 S. Ct. 1702 (2017) ............................................................................5, 6, 7, 8

*Nutraceutical Corp. v. Lambert*,
 139 S. Ct. 710 (2019) ........................................................................................1, 4

*Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*,
 688 F.2d 615 (9th Cir. 1982) ................................................................................8

*Paige v. California*,
 102 F.3d 1035 (9th Cir. 1996) ..............................................................................9

*Swint v. Chambers County Comm'n*,
 514 U.S. 35 (1995) ........................................................................................5, 6, 7

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. ConocoPhillips Co.*,
   593 F.3d 802 (9th Cir. 2010) .................................................................................8

*Walker v. Life Ins. Co. of the Sw.*,
   953 F.3d 624 (9th Cir. 2020) .................................................................................1

**Other Authorities**

Fed. R. Civ. P. 23(c)(1)(C) .......................................................................................8

Rule 23(f) ...........................................................................................................*passim*

I.  **INTRODUCTION**

Respondents ask this Court to invent a new ground for appellate jurisdiction where a district court "refuses" to decide a motion to decertify on its merits. The district court denied the motion, it did not "refuse" to decide it. But even assuming it did, Rule 23(f) contains no exception permitting a party to ignore its procedural requirements based on a district court's reasons for denying a motion to decertify. Instead, it speaks simply of "order[s] granting or denying class-action certification." Two recent Supreme Court cases unambiguously establish that courts lack authority to invent common-law additions to Rule 23(f)'s jurisdictional grant. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017); *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 713 (2019). Because Respondents failed to seek permission to appeal the district court's order denying their motion to decertify, this Court lacks jurisdiction.

Respondents contend otherwise, relying on an expansive view of pendent jurisdiction, but their view has twice been rejected by the Supreme Court because it would vitiate the "deliberately harsh" jurisdictional limits imposed by Rule 23(f). *See Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 635 (9th Cir. 2020). Here (as in most other contexts), appellate jurisdiction does not turn on the nature or extent of the district court's analysis. Respondents also claim their position can be reconciled with the facts of *Microsoft* and *Lambert*, but both strictly enforced the jurisdictional limits under Rule 23(f), and their rationales admit of no further exceptions.

1

Although this Court need not address the question because Rule 23(f) has no exception for class certification issues "inextricably intertwined" with others, Respondents also err in contending the issues here are "inextricably intertwined" with the merits of the motion to vacate. If the district court "refused" to entertain the motion to decertify but did address the motion to vacate, then Respondents' request for decertification obviously could not have impacted the district court's analysis of the factors bearing on whether to grant the motion to vacate.

For these reasons, Respondents' appeal of the district court's denial of the motion to decertify should be dismissed for lack of jurisdiction.

## II. ARGUMENT

### A. Rule 23(f) Contains No Exception Based on the Grounds Relied Upon by a District Court for Disposing of a Class Certification Motion.

Respondents assert their appeal falls outside Rule 23(f) because "this is not an appeal of the decertification order," but instead an appeal from the "preliminary injunction order and the procedures attendant to its issuance." ECF 15 at 8.[1]

---

[1] Although it is more relevant in the merits briefing than here, it bears mention that there is no "preliminary injunction" operating in this case. The district court's orders make crystal clear that it was maintaining the permanent injunction. *See* Dkt. 555 at 4 ("this Court is obligated to" leave "the *permanent* injunction in place"); *id.* (finding Respondents' motion "to vacate the *permanent* injunction must be denied"); *id.* at 5 (considering Respondents' motion to de-certify in light of "the continuation of the *permanent* injunction") (emphases added). Petitioners will elaborate on this issue in their merits brief.

Relatedly, they assert that the district court did not *deny* their motion for decertification, but instead only *refused to decide* it. But these descriptions distort the relevant procedural history. Respondents styled the motion the district court denied (which they are now appealing) as a motion to "Decertify [The] Class." ER 144; Dkt. 533. Moreover, the district court did not "refuse[] to consider" Respondents' decertification motion; the court ruled "the motion to decertify the class must be denied." ER 8.

Were there any doubt, Respondents' merits brief and their arguments in opposition to this motion make clearer still that this Court lacks jurisdiction. Their brief argues the district court erred by rejecting "the government's motion to decertify the class." *See, e.g.*, ECF 6 at 8. Even now, Respondents claim the district court erred by rejecting their attempt to revisit "class-based arguments." *Id.* at 9. These arguments challenge the district court's decision to deny their motion and maintain certification of the class. Thus, while Respondents assert they do "not [challenge] the decertification decision" (*id.* at 8), their opening brief does precisely that.

Respondents also contend Rule 23(f) does not apply because their challenge goes to the *timing* of when to consider class certification, rather than the *merits* of whether the class still satisfies Rule 23. But the purported distinction between "refusing to decide" a motion to decertify and just denying it, if even coherent,

3

makes no difference here. Nothing in Rule 23(f) permits exceptions based on the rationale a district court provides for choosing to maintain certification or the alleged theory for asserting error on appeal. Rule 23(f) speaks only of "order[s] granting or denying class-action certification."

Tellingly, Respondents cite no cases even suggesting that the scope of Rule 23(f) turns on whether a challenge is about timing rather than the merits. *See* ECF 16 at 8-9. They cite only *Barnes v. Healy*, 980 F.2d 572, 576 (9th Cir. 1992), a pre-Rule 23(f) decision that, in any event, was not an interlocutory appeal, and *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469, 472 (9th Cir. 2015), an unpublished decision that did not involve a class. These cases obviously provide no reason to depart from the governing rule established by the Supreme Court: "[t]o take an immediate appeal from a federal district court's order granting or denying class certification, a party must first seek permission from the relevant court of appeals." *Nutraceutical Corp.*, 139 S. Ct. at 713. Because they sought no permission, this Court lacks jurisdiction over that portion of Respondents' appeal.

Respondents also contend Rule 23(f) does not apply to "orders denying a motion to decertify a class," ECF 15 at 13, but that is obviously wrong. As Respondents themselves acknowledge, *Lambert* involved a "denied motion for reconsideration of a class certification order" *Id.* (citing *Lambert*). So long as the order at issue is the "functional equivalent" of an order granting (or denying) a

4

motion class certification, Rule 23(f) controls whether an interlocutory appeal is possible. *See* ECF 12 at 7 (citing *Microsoft*, 137 S. Ct. at 1711 n.7).

Respondents nonetheless cite various cases purporting to support their view, but those cases only make their claim harder. ECF 15 at 13-14 (citing, *inter alia*, *Walker*, 953 F.3d at 636). The cases Respondents cite concern whether the filing of a *motion to reconsider* a district court's denial or grant of class certification tolls Rule 23(f)'s "strict and mandatory" time limit for requesting permission to appeal. Those cases hold that a motion to reconsider that does not meaningfully alter the court's initial ruling does not restart the clock under Rule 23(f). *See, e.g.*, *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 193 (3rd Cir. 2008) ("period for filing either a Rule 23(f) petition or a motion to reconsider runs from the order granting or denying class certification. A later order that does not change the status quo will not revive the . . . time limit.") (internal citation omitted). To the extent they have any other relevance here, these cases establish only that Rule 23(f) tightly constrains jurisdiction. They undermine rather than support Respondents' proposed liberal construction of Rule 23(f).

Respondents' other arguments are equally meritless. They say neither *Microsoft* nor *Lambert* mentioned the general pendent jurisdiction rules established in *Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995) and *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997), ECF 15 at 10, but this is hardly surprising: neither *Swint*

5

nor *Clinton* involved interlocutory appeals from orders granting or denying class certification, and both pre-date Rule 23(f). *See Swint*, 514 U.S. at 38 (jurisdiction to review denial of individual defendants' motions for summary judgment based on alleged qualified immunity did not give the circuit court authority to review the denial of the county's motion for summary judgment); *Clinton*, 520 U.S. at 707 n.41 (orders involving timing and permissible scope of discovery). For the same reason, the recent cases Respondents cite from this and other circuits invoking pendent jurisdiction in other contexts are completely irrelevant. None of them involve the impact of Rule 23(f) on appellate jurisdiction over class certification issues. *See* ECF 15 at 16 (citing, inter alia, *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018); *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th Cir. 2018); *McGrew v. Duncan*, 937 F.3d 664, 670 (6th Cir. 2019))[2].

Respondents also attempt to limit *Lambert* and *Microsoft* to their facts, but their holdings govern. While the particular issue in *Lambert* concerned whether the order there was appealable, the Court's holding—stated in literally the first sentence of the opinion—was unambiguous: "[t]o take an immediate appeal from a federal district court's order granting or denying class certification, a party must first seek

---

[2] Of the twelve cases Respondents cite, only one involved a class action. Even there, the class certification order was not at issue. The Court was instead considering whether it could exercise pendent jurisdiction over a denial of a motion to dismiss. *Hernandez*, 897 F.3d at 1128.

6

permission from the relevant court of appeals." *Lambert,* 139 S. Ct. at 713.

As for *Microsoft*, Respondents contend its reasoning should not apply where "the appellate court already has jurisdiction over an interrelated issue, the decision to appeal is not in the hands of only one side, and the appeal does not end the district court's jurisdiction over the case." ECF 15 at 15. But this is precisely the type of extra-textual common law exception *Microsoft* rejected. As the Supreme Court explained, rules "provid[ing] for appellate review of interlocutory orders not governed by statute" *must* "come from rulemaking," "not judicial decisions in particular controversies." *Microsoft*, 137 S. Ct. at 1714; *see also Swint*, 514 U.S. at 48 (Section 1292(e) "empowered [the Supreme] Court to . . . expand the list of orders appealable on an interlocutory basis," but by "rulemaking" and "not expansion by court decision."). "[C]ourts are without authority to make exceptions" to Rule 23(f). *Lambert*, 139 S. Ct. at 714-15. This Court cannot craft exceptions to Rule 23(f)'s procedural rules.

Because *Microsoft* and *Lambert* have abrogated this Court's pre-existing rule creating jurisdiction to hear interlocutory appeals from otherwise-unappealable class certification orders where those orders are "inextricably intertwined" with appealable orders, this Court lacks jurisdiction to review the district court's class certification ruling under Rule 23(f).

7

### B. Even if Pendent Jurisdiction Were Theoretically Possible, Respondents Cannot Satisfy the "Inextricably Intertwined" Standard Here.

Finally, although the Court need not reach the issue in light of *Microsoft* and *Lambert*, Respondents do not satisfy the demanding standard for invoking pendent jurisdiction over the district court's denial of the motion to decertify.

Respondents assert the issues are intertwined because their claim of error as to both the injunction and the class certification decision arise from the same line of this Court's opinion in *Rodriguez V*, ECF 15 at 7-8, but they never explain why that means the two distinct orders are inextricably intertwined. The district court denied the motion to vacate because it (correctly) read this Court's remand order, like the Supreme Court's decision, to require that the injunction remain in place until it had adjudicated the constitutional claims. Dkt. 555 at 7-8. In contrast, its decision to maintain class certification involved an exercise of its broad discretion to determine at what stage in the case to adjudicate Respondents' decertification motion. *See* Fed. R. Civ. P. 23(c)(1)(C); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809-10 (9th Cir. 2010) ("[A] district court retains the flexibility to address problems with a certified class as they arise[.]"); *Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) (district courts are "vested with broad discretionary control over the conduct of

8

(class) actions" and able "to respond fluidly" to the needs of the case). And, as Petitioners noted previously, this Court need not consider whether the class is properly certified to analyze whether the district court erred in interpreting and applying the remand order in *Rodriguez V*. *See* ECF 12 at 12.

Respondents also rely on *Paige v. California*, 102 F.3d 1035, 1039 (9th Cir. 1996); *Immigrant Assistance Project of AFL-CIO v. INS (IAP)*, 306 F.3d 842, 868-70 (9th Cir. 2002); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 984 (9th Cir. 2007), *see* ECF 10, but none advance a categorical rule that the appeal of an injunction is necessarily bound up with the underlying class certification order. To the contrary, many cases recognize that class certification and the merits of an injunction are not necessarily inextricably intertwined. ECF 12 at 13 (citing *Padilla v. Immigration and Customs Enforcement*, 953 F.3d 1134, 1142-52 (9th Cir. 2020); *Doe #1 v. Trump*, 957 F.3d 1050, 1069 (9th Cir. 2020); *Pashby v. Delia*, 709 F.3d 307, 318-19 (4th Cir. 2013)).

The cases Respondents cite do not support pendent jurisdiction over the district court's certification ruling here. In those cases, the orders were inextricably intertwined because review of one was "necessary to ensure meaningful review of the other." *Paige*, 102 F.3d at 1039; *see also IAP*, 306 F.3d at 868 (preliminary injunction and class certification orders inextricably intertwined where [the Court] could not uphold [the preliminary injunction] without also upholding certification of

9

the class"); *Bates*, 511 F.3d at 984-85 (finding particular class certification order "inextricably bound up with findings and conclusions in support of permanent injunction") (internal quotation marks omitted). That rationale is inapplicable here. The Court can resolve whether the district court erred in ruling that the permanent injunction remained in place without reaching the separate and distinct question of whether the class satisfies Rule 23's requirements. Here, the "findings and conclusions in support of" the injunction—that this Court had specifically instructed that the permanent injunction remain in place until adjudication of the merits—are in no way bound up with whether class certification remains appropriate. *See* Dkt. 555 at 4; *Bates*, 511 F.3d at 985.

### III. CONCLUSION

For the foregoing reasons, this Court should dismiss Respondents' appeal as to class certification issues for lack of jurisdiction, and, thus, decline to review that portion of the district court's order denying Respondents' motion to decertify the class. Petitioners respectfully request that this Court then reset the briefing schedule to permit Petitioners to respond to what remains of Respondents' appeal. To ensure clarity in the merits briefing, it may also be appropriate for this Court to direct Respondents to file a revised brief consistent with the scope of this Court's jurisdiction.

|  |  |
|---|---|
|  | Respectfully submitted |
|  | ACLU OF SOUTHERN CALIFORNIA |
| Dated: October 5, 2020 | /s/ Ahilan T. Arulanantham<br>AHILAN T. ARULANANTHAM<br>Counsel for Petitioners-Appellees |