No. 20-55770
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
_____

WILLIAM BARR, et al.,
Respondents-Appellants,

v.

ALEJANDRO RODRIGUEZ, et al.,
Petitioners-Appellees.
_____

On Appeal from the United States District Court, Central District of California
No. CV 07-3239-TJH (RNB)
_____

### PETITIONERS-APPELLEES'
### SUPPLEMENTAL EXCERPTS OF RECORD, VOLUME 1 OF 1
_____

AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
MICHAEL KAUFMAN
mkaufman@aclusocal.org
ZOE MCKINNEY
zmckinney@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN
mtan@alcu.org
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-26

JAYASHRI SRIKANTIAH
jsrikantiah@law.stanford.edu
Stanford Law School
Immigrants' Rights Clinic
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426


SEAN COMMONS
scommons@sidley.com
ALEXANDRIA V. RUIZ
aruiz@sidley.com
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# INDEX

**Page**

Joint Stipulation for Scheduling Order,
Docket No. 567 (filed November 24, 2020) ............................................................4

Joint Stipulation for Scheduling Order,
Docket No. 561 (filed September 17, 2020)............................................................9

Joint Stipulation to Temporarily Suspend Case Schedule,
Docket No. 556 (filed June 15, 2020)....................................................................14

Joint Stipulation to Temporarily Suspend Case Schedule,
Docket No. 551 (filed April 17, 2020)....................................................................18

Memorandum in Support of Respondents' Motion for
Reconsideration and to Vacate the Permanent Injunction,
Docket No. 550-1 (filed April 7, 2020) .................................................................22

Joint Stipulation to Recalendar Submission Date for
Respondents' Motion to Vacate the Preliminary Injunction
and Decertify Class,
Docket No. 542 (filed February 18, 2020)............................................................25

Memorandum in Support of Motion to Vacate the Preliminary
Injunction Decertify Class,
Docket No. 533-1 (filed November 27, 2019)........................................................27

Respondents' Opposition to Petitioners' Motion for Clarification
or Reconsideration,
Docket No. 531 (filed November 25, 2019) ..........................................................38

Notice of Motion and Motion for Clarification or Reconsideration,
Docket No. 528 (filed November 18, 2019) ..........................................................42

Joint Stipulation for Second Extension of Time for Respondents
to File a Response to the Fourth Amended Complaint,
Docket No. 518 (filed August 6, 2019) .................................................................53

Joint Stipulation for Extension of Time for Respondents
to File a Response to the Fourth Amended Complaint,
Docket No. 516 (filed July 24, 2019) ......................................................55

Joint Stipulation for Extension of Time for Resolution of the
Motion for Leave to Amend the Complaint and to Continue
Hearing Date to July 8, 2019,
Docket No. 510 (filed May 29, 2019)......................................................57

Joint Stipulation for Extension of Time for Petitioners to
File a Motion for Leave to Amend the Complaint,
Docket No. 507 (filed April 18, 2019)......................................................59

Stipulation for Order Rescheduling Status Conference,
Docket No. 501 (filed February 4, 2019).................................................63

Stipulation for Order Rescheduling Status Conference,
Docket No. 498 (filed December 14, 2018)..............................................65

Order, Judgment and Permanent Injunction,
Docket No. 353 (filed August 6, 2013) ...................................................67

Order and Preliminary Injunction,
Docket No. 255 (filed September 13, 2012)............................................73

Order,
Docket No. 161 (filed March 8, 2011).....................................................75

Memorandum of Points and Authorities,
Docket No. 101-1 (filed October 15, 2010).............................................78

Class Certification Order,
Docket No. 77 (filed April 5, 2010).........................................................81

1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclusocal.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclusocal.org
3  ZOË MCKINNEY (SBN 312877)
   zmckinney@aclusocal.org
4  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
5  Los Angeles, CA 90017
   Telephone: (213) 977-5211
6  Facsimile: (213) 977-5297

7  Attorneys for Petitioner
   (Additional counsel listed on following page)
8
9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12  ALEJANDRO RODRIGUEZ,                    ) Case No. CV 07-3239-TJH (RNBx)
    ABDIRIZAK ADEN FARAH, YUSSUF            )
13  ABDIKADIR, ABEL PEREZ RUELAS,           ) **JOINT STIPULATION FOR**
    JOSE FARIAS CORNEJO, ANGEL              ) **SCHEDULING ORDER**
14  ARMANDO AYALA, ALEX CACHO               )
    CASTILLO for themselves and on behalf   ) Honorable Terry J. Hatter, Jr.
15  of a class of similarly-situated individuals, )
                                            )
16          Petitioners,                    )
                                            )
17          v.                              )
                                            )
18  WILLIAM BARR, United States Attorney    )
    General; KEVIN MCALEENAN, Acting        )
19  Secretary, Homeland Security; JAMES     )
    MCHENRY, Director, Executive Office     )
20  for Immigration Review; DAVID MARIN,    )
    Field Office Director, Los Angeles      )
21  District, Immigration and Customs       )
    Enforcement; DON BARNES Sheriff of      )
22  Orange County; OFFICER NGUYEN,          )
    Officer-in-Charge, Theo Lacy Facility;  )
23  LUKE SOUTH, Commander, Theo Lacy        )
    Facility; LISA VON NORDHEIM,            )
24  Captain, James A. Musick Facility;      )
    TERRY NELSEN, Assistant Field Office    )
25  Director, Adelanto Detention Facility,  )
                                            )
26          Respondents.                    )
    _____)
27
28

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
SHANTI THARAYIL (SBN 330123)
tharayil@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
ALEXANDRIA RUIZ (SBN 313286)
aruiz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

AVA GUO
aguo@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Parties hereby request that the Court modify the scheduling order in this case. Good cause exists for this request. Since this Court's scheduling order entered on September 18, 2020, Dkt. 562, the Parties have continued to work towards resolution of the outstanding issues in this case in accordance with the scheduling order. Earlier this month, counsel for Plaintiffs learned that their expert witness, Dr. Susan Long, needed to undergo a major surgery in mid-November. Under the current schedule, the government would produce the final set of data on which Dr. Long will rely in her report on October 16, 2020, and the parties are due to exchange expert reports on December 18, 2020. Dr. Long's surgery, and approximately four weeks of recovery time, will prevent her from being able to prepare her report by the existing deadline.

The Parties have met and conferred at length concerning an updated schedule and agree that modification of the current schedule is necessary, as follows:

**<u>Joint Proposal</u>**

The Parties have met and conferred and have now agreed on the following schedule:

<u>Supplemental Initial Disclosures</u>: The Parties will update their initial disclosures by January 8, 2021.

<u>Fact discovery</u>: Respondents have agreed to respond to staggered production dates in response to certain already-served discovery requests by December 18, 2020, and January 8, 2021.

Specifically, the Parties have met and conferred regarding a set of discovery requests, which Petitioners propounded on March 11, 2020, concerning the costs associated with bond hearings and Respondents' immigration detention practices. Respondents will respond to those requests by December 18, 2020. Petitioners also

1

propounded requests for production of documents relating to Respondents' parole practices. Respondents have agreed to respond to those requests by December 18, 2020.

Separately, the Parties have met and conferred regarding a request for production and a notice for a Rule 30(b)(6) deposition seeking information about the study the government conducted about recidivism rates among class members released on bond. Respondents agree to respond to those requests by January 8, 2021.

Additionally, the Parties have repeatedly met and conferred regarding a set of discovery requests seeking data about bond hearings conducted under the injunction that Petitioners propounded last year. Respondents produced an initial set of information responsive to these requests on December 13, 2019. After months of conferencing, the Parties have now reached an agreement on production of the requested data by January 8, 2021.

The Parties anticipate the possibility that they may serve a limited number of further discovery requests, including requests for documents, and may take additional depositions. Information sought in the additional discovery may include statistical and anecdotal information related to a) the outcomes of immigration cases in which people receive bond hearings conducted pursuant to the injunction in this case, b) recidivism amongst class members, c) Respondents' parole practices, and d) the costs associated with bond hearings and Respondents' immigration detention practices. Nothing in this stipulation shall impair the right of either party to object to any particular discovery request on any ground.

<u>Expert discovery</u>: The Parties propose that the Court set the deadline to update expert disclosures and prepare and serve expert reports by March 19, 2021; and rebuttal reports by May 3, 2021.

<u>Discovery cutoff</u>: The Parties propose a discovery cutoff of May 14, 2021.

<u>Briefing for dispositive motions</u>: Regarding the schedule for anticipated

2

cross-motions for summary judgment, the Parties propose that the Court set the deadline for Petitioners to file their opening motion for summary judgment on June 25, 2021; Respondents to file their brief in opposition and cross-motion for summary judgment on July 23, 2021; Petitioners to file a response in opposition to Respondents' summary judgment motion and reply in support of their summary judgment motion on August 13, 2021; and Respondents to file their reply in support of their cross-motion for summary judgment on September 3, 2021. The motions shall be noticed for September 20, 2021.

* * *

The Parties agree that the proposed schedule complies with Federal Rule of Civil Procedure 26 and Local Rule 16. The Parties agree that the entry of the proposed scheduling order serves the interests of judicial efficiency, and for that reason respectfully request that the Court enter the accompanying proposed order.

It is so stipulated.

Respectfully submitted,

Dated: November 24, 2020

/s/ Zoë McKinney
Counsel for Petitioners

/s/ Sarah Wilson (with permission)
Counsel for Respondents

3

1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclusocal.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclusocal.org
3  ZOË MCKINNEY (SBN 312877)
   zmckinney@aclusocal.org
4  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
5  Los Angeles, CA 90017
   Telephone: (213) 977-5211
6  Facsimile: (213) 977-5297

7  Attorneys for Petitioner
   (Additional counsel listed on following page)
8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                   **WESTERN DIVISION**

13

14  ALEJANDRO RODRIGUEZ,                    ) Case No. CV 07-3239-TJH (RNBx)
    ABDIRIZAK ADEN FARAH, YUSSUF            )
15  ABDIKADIR, ABEL PEREZ RUELAS,           ) **JOINT STIPULATION FOR**
    JOSE FARIAS CORNEJO, ANGEL              ) **SCHEDULING ORDER**
16  ARMANDO AYALA, ALEX CACHO               )
    CASTILLO for themselves and on behalf   ) Honorable Terry J. Hatter, Jr.
17  of a class of similarly-situated individuals, )

18              Petitioners,                 )
                                             )
19          v.                               )
                                             )
20  WILLIAM BARR, United States Attorney    )
    General; KEVIN MCALEENAN, Acting        )
21  Secretary, Homeland Security; JAMES     )
    MCHENRY, Director, Executive Office      )
22  for Immigration Review; DAVID MARIN,    )
    Field Office Director, Los Angeles       )
23  District, Immigration and Customs        )
    Enforcement; DON BARNES Sheriff of      )
24  Orange County; OFFICER NGUYEN,          )
    Officer-in-Charge, Theo Lacy Facility;   )
25  LUKE SOUTH, Commander, Theo Lacy        )
    Facility; LISA VON NORDHEIM,            )
26  Captain, James A. Musick Facility;       )
    TERRY NELSEN, Assistant Field Office    )
27  Director, Adelanto Detention Facility,   )
                                             )
28              Respondents.                 )
    _____)

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

AVA GUO
aguo@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

On May 19, 2020, this Court granted the Parties' stipulated request to stay the scheduling order it had entered on January 27, 2020, Dkt. 541, for 60 days from April 15, 2020 to June 15, 2020 because of the COVID-19 pandemic. Dkt. 554. On June 18, 2020, this Court granted the Parties' stipulated request to extend the stay for an additional 30 days to July 15, 2020 in light of the fact that the COVID-19 pandemic continued to significantly impact day-to-day activities for counsel and the Court, and to complicate efforts to proceed with discovery in this case. Dkt. 557. The Court ordered that the Parties propose a modified scheduling order by July 15, 2020. *Id.*

Throughout the stay, counsel have been engaged in ongoing discussions regarding discovery issues and the schedule for resolution of this case. The Parties have made significant progress in resolving several discovery issues which were complicating the task of setting a new case schedule. However, the Parties were unable to agree on a proposal by July 15, 2020 due to their continued efforts to resolve discovery disputes that would materially affect any scheduling proposal.

The parties have now agreed on the following schedule:

<u>Supplemental Initial Disclosures</u>: The Parties will update their initial disclosures by October 16, 2020.

<u>Fact discovery</u>: Respondents have agreed to respond to certain already-served discovery requests by October 16, 2020, as explained below. The Parties request that the Court set November 6, 2020 as the deadline to file any motion to compel discovery related to the outstanding discovery requests.

Specifically, the Parties have repeatedly met and conferred regarding a set of discovery requests seeking data regarding bond hearings conducted under the injunction that Petitioners propounded last year. Respondents produced an initial set of information responsive to these requests on December 13, 2019. The Parties have continued to negotiate regarding Respondents' pending productions, and have resolved the majority of their original disputes The Parties will continue to confer

1

regarding the outstanding issues, and will file motions to compel or for protective orders no later than November 6, 2020, should they be unable to reach agreement. Apart from the issues subject to this ongoing discussion, Respondents will produce all other agreed-upon data responsive to these discovery requests by October 16, 2020.

The Parties have also had some discussions concerning a separate set of discovery requests, which Petitioners propounded on March 11, 2020, concerning the costs associated with bond hearings and Respondents' immigration detention practices. The Parties will meet and confer as to those requests shortly, and Respondents will respond by October 16, 2020.

The Parties anticipate the possibility that they may serve a limited number of further discovery requests, including requests for documents and interrogatories, and may take additional depositions. Information sought in the additional discovery may include statistical and anecdotal information related to a) the outcomes of immigration cases in which people received bond hearings conducted pursuant to the injunction in this case, b) recidivism amongst class members, and c) Respondents' parole practices. Nothing in this stipulation shall impair the right of either party to object to any particular discovery request on any ground.

Expert discovery: The Parties propose that the Court set the deadline to update expert disclosures and prepare and serve expert reports by December 18, 2020; and rebuttal reports by January 29, 2021.

Discovery Cut Off: The Parties propose a discovery cutoff of February 12, 2021.

Briefing for dispositive motions: Regarding the schedule for anticipated cross-motions for summary judgment, the Parties propose that the Court set the deadline for Petitioners to file their opening motion for summary judgment on

2

March 26, 2021; Respondents to file their brief in opposition and cross motion for summary judgment on April 23, 2021; and Petitioners to file a response in opposition to Respondents' summary judgment motion and reply in support of their summary judgment motion on May 14, 2021; and Respondents to file their reply in support of their cross motion for summary judgment on June 4, 2021. The motions shall be noticed for June 21, 2021.

The parties agree that the proposed schedule complies with Federal Rule of Civil Procedure 26 and Local Rule 16. The parties agree that the entry of the proposed scheduling order serves the interests of judicial efficiency, and for that reason respectfully request that the Court enter the accompanying proposed order.

It is so stipulated.

Respectfully submitted,

Dated:  September 17, 2020

/s/ Ahilan Arulanantham
Counsel for Petitioners

/s/ Sarah Wilson (with permission)
Counsel for Respondents

3

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOE MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **JOINT STIPULATION TO TEMPORARILY SUSPEND CASE SCHEDULE** <br><br> Honorable Terry J. Hatter, Jr. |

1

Additional counsel:

2

JUDY RABINOVITZ

3

jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)

4

mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT

5

125 Broad Street, 18th Floor
New York, NY 10004

6

Telephone: (212) 549-2618
Facsimile: (212) 549-2654

7

8

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL

9

IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle

10

559 Nathan Abbott Way
Stanford, CA 94305-8610

11

Telephone: (650) 724-2442
Facsimile: (650) 723-4426

12

13

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP

14

555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010

15

Telephone: (213) 896-6000
Facsimile: (213) 896-6600

16

17

AVA GUO
aguo@sidley.com
SIDLEY AUSTIN LLP

18

1501 K Street, N.W.
Washington, D.C. 20005

19

Telephone: (202) 736-8000
Facsimile: (202) 736-8711

20

21

22

23

24

25

26

27

28

1  On May 19, 2020, Dkt. 554, this Court granted the Parties' stipulated request
2  to stay the scheduling order it had entered on January 27, 2020, Dkt. 541, for 60
3  days from April 15, 2020 to June 15, 2020 because of the COVID-19 pandemic. In
4  light of the fact that the COVID-19 pandemic continues to significantly impact
5  day-to-day activities for counsel and the Court, and because it continues to
6  complicate efforts to proceed with discovery in this case, the Parties hereby jointly
7  request that the Court extend the stay for an additional 30 days to July 15, 2020.

8  The Parties have met and conferred at length regarding the significant
9  limitations and burdens that the pandemic has imposed on meeting upcoming case
10  deadlines. For example, both Parties' counsel and other employees at both the
11  federal government and the ACLU remain under work-from-home orders, and will
12  therefore be largely unable to access physical files to respond to discovery
13  requests. Furthermore, completing depositions in this case could require cross-
14  country travel, which is not feasible due to California's extended shelter-in-place
15  orders.

16  The parties are mindful of their obligations to adhere to the case schedules
17  adopted by the Court and have been endeavoring to comply with the operative
18  deadlines, but jointly believe there is good cause for extending the 60-day
19  suspension of the case for an additional 30 days until July 15, 2020 because of the
20  concerns discussed above. Before July 15, 2020, the Parties will again meet and
21  confer as to an updated case schedule and submit a stipulated agreement to the
22  Court. The Parties agree that entry of an additional 30-day stay will not inhibit
23  either Party's right to seek appeal, and that any deadline that would otherwise have
24  fallen during the 30-day stay period should not be deemed to have expired during
25  that period.

26  As the COVID-19 situation continues to evolve, and it remains uncertain
27  when offices will re-open and regular day-to-day activities will resume, the Parties
28  will reassess the need for extending the stay prior to the end of this 30-day period.

1

1  Should the parties wish to continue the stay beyond July 15, 2020, they will inform

2  the Court by separate filing.

3

4

5        It is so stipulated.

6                                                    Respectfully submitted,

7

8  Dated:  June 15, 2020                            /s/ Ahilan Arulanantham
                                                    Counsel for Petitioners

9

10                                                   /s/ Sarah Wilson (with permission)
                                                    Counsel for Respondents

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOË MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals,<br><br>       Petitioners,<br><br>       v.<br><br>WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility,<br><br>       Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**JOINT STIPULATION TO TEMPORARILY SUSPEND CASE SCHEDULE**<br><br>Honorable Terry J. Hatter, Jr. |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

AVA GUO
aguo@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

The Parties hereby request that the Court stay the scheduling order entered on January 27, 2020, Dkt. 541, from April 15, 2020 to June 15, 2020 in light of the COVID-19 pandemic, which has significantly changed day-to-day activities for counsel and the Court, and complicated efforts to proceed with discovery in this case.

The Parties have met and conferred at length regarding the significant limitations and burdens that the pandemic has imposed on meeting upcoming case deadlines. For example, both counsel and other federal employees involved with completing discovery are all under work-from-home orders, and will therefore be unable to access physical files to respond to discovery requests. Furthermore, completing depositions in this case would require cross-country travel, which is not feasible due to California's shelter-in-place orders.

The parties are mindful of their obligations to adhere to the case schedules adopted by the Court and have been endeavoring to comply with the operative deadlines, but jointly believe there is good cause for a 60-day suspension of the case schedule until June 15, 2020 because of the concerns summarized above. Before June 15, 2020, the Parties will again meet and confer as to an updated case schedule and submit a stipulated agreement to the Court. The Parties agree that entry of a 60-day stay will not inhibit either Party's right to seek appeal, and that any deadline that would otherwise have fallen during the 60-day stay period should not be deemed to have expired during that period.

As the COVID-19 situation is rapidly evolving, and it remains uncertain when offices will re-open and regular day-to-day activities will resume, the Parties will reassess the need for extending the stay prior to the end of this 60-day period. Should the parties wish to continue the stay beyond June 15, 2020, they will inform the Court by separate filing.

1    It is so stipulated.

2                                        Respectfully submitted,

3

4    Dated:  April 17, 2020              /s/ Ahilan Arulanantham
                                         Counsel for Petitioners

5
                                         /s/ Sarah Wilson (with permission)
6                                        Counsel for Respondents

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700
    sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>       Petitioners,<br><br>    vs.<br><br>DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>      Respondents. | Case No. CV 07-3239-TJH<br><br>**MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR RECONSIDERATION AND TO VACATE THE PERMANENT INJUNCTION**<br><br>**The Honorable Terry Hatter, Jr.**<br><br>Hearing Date: May 11, 2020<br>Hearing Time: Under Submission |

Respondents request reconsideration of this Court's order granting Petitioners' motion to clarify or reconsider (ECF 546) and its amended order on the motion to dismiss (ECF 547). Rather than limiting itself to the question of whether the Supreme Court implicitly invalidated the permanent injunction in this case, the Court's order addresses the distinct question of whether this Court can or should maintain the permanent injunction. The Court's order deprived Respondents of the opportunity to seek vacatur of the injunction, and therefore merits reconsideration.

The permanent injunction must be vacated. There is no legal justification for maintaining a permanent injunction when the only claims that have progressed to a final judgment have been rejected and dismissed. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Rodriguez v. Robbins*, 804 F.3d 1060, 1086 (9th Cir. 2015) ("*Rodriguez III*"). Moreover, Petitioners cannot satisfy the preliminary injunction standard for relief on the constitutional claims as every Court to consider the question in the wake of the Supreme Court's decision in *Jennings* has concluded that there is no due process right to the relief afforded by the permanent injunction. To the extent Petitioners believe they are entitled to a *preliminary* injunction on their constitutional claims, the Ninth Circuit's order gave them the opportunity to seek that relief on remand. Petitioners' failure to do so is not a justification for maintaining a permanent injunction where there is no final judgment to support it.

## PROCEDURAL HISTORY

On February 27, 2018, the Supreme Court reversed the Ninth Circuit's decision in *Rodriguez III,* 804 F.3d 1060, that 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c) require bond hearings after six months of immigration detention as a matter of statutory construction. *Jennings*, 138 S. Ct. 836. The Supreme Court declined to consider the class's constitutional challenges to the statutes "in the first instance" because the Ninth Circuit "had no occasion to consider [the] constitutional arguments on their merits." *Jennings*, 138 S. Ct. at 851. The Supreme Court directed "the Court of Appeals" on remand to "first decide whether it continues to have jurisdiction

despite 8 U.S.C. § 1252(f)(1)" and "reexamine whether respondents can continue litigating their claims as a class" in light of Federal Rule of Civil Procedure 23(b)(2), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), prior to addressing the merits of the constitutional claims.  *Id*. at 851-52.

On remand, the Ninth Circuit directed the parties to brief these issues alongside the merits of Petitioners' constitutional claims. *Rodriguez v. Marin*, 887 F.3d 954 (9th Cir. 2018). After briefing and argument, the Ninth Circuit declined to rule on these issues, and noted that "[l]ike the Supreme Court, [it would] not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("*Marin*"). Instead, the Ninth Circuit directed this Court to address the following questions on remand:

> (1) whether the class certified by the district court should remain certified for consideration of the constitutional issue and available class remedies;
> (2) whether classwide injunctive relief is available under 8 U.S.C. § 1252(f)(1);
> (3) whether a Rule 23(b)(2) class action (a) remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), and (b) whether such a class action is appropriate for resolving Petitioners' due process claims;
> (4) whether composition of the previously identified subclasses should be reconsidered;
> (5) the minimum requirements of due process to be accorded to all that will ensure a meaningful time and manner of opportunity to be heard; and
> (6) a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

*Id*. at 257 & n.2.

On further remand, this Court granted Petitioners leave to file their Fourth Amended Complaint (FAC), in which they added a new named Petitioner, a claim under the Eighth Amendment, proposed changes to the subclass definitions, and re-asserted a statutory claim for the vacated 1231 subclass. ECF 515. Respondents moved to dismiss the FAC, and this Court granted that motion in part on November 7, 2019. ECF 527. In that order, the Court dismissed the new Petitioner, confirmed the

1 | JOSEPH HUNT
2 | Assistant Attorney General
  | Civil Division
3 | ERNESTO MOLINA
4 | Deputy Director, Appellate Section
  | Office of Immigration Litigation
5 | SARAH STEVENS WILSON
6 | Senior Litigation Counsel
  | United States Department of Justice
7 | 1801 Fourth Avenue North
8 | Birmingham, Alabama 35203
  | Telephone: (202) 532-4700
9 | Sarah.S.Wilson@usdoj.gov
10 | *Attorneys for Respondents*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ALEJANDRO RODRIGUEZ, et al., | ) | Case No. CV-07-3239-TJH |
|---|---|---|
| Petitioners, | ) | **JOINT STIPULATION TO RE-CALENDAR SUBMISSION DATE FOR RESPONDENTS' MOTION TO VACATE THE PRELIMINARY INJUNCTION AND DECERTIFY CLASS** |
| v. | ) | |
| DAVID MARIN, et al., | ) | |
| Respondents. | ) | |
| | ) | Honorable Terry J. Hatter, Jr. |

It is stipulated that Respondents' Motion to Vacate the Preliminary and Decertify Class be re-calendared from February 17, 2020, to March 16, 2020.[1] There is good cause for the stipulation. The parties are currently discussing a number of issues, and believe those discussion may be more productive while the motion remains pending.

For the foregoing reasons, the parties jointly stipulate and respectfully request that this Court re-calendar Respondents' motion from February 17, 2020, to March 16, 2020.

Respectfully submitted,

Dated: February 18, 2020

 s/ Sarah Stevens Wilson
SARAH STEVENS WILSON
Counsel for Respondents

s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners

---

[1] Under the new submission deadline, Respondents' reply brief will be due on March 2, 2020.

JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700/(205) 244-2140
    sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>         Petitioners,<br><br>    vs.<br><br>DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>         Respondents. | Case No. CV 07-3239-TJH<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO VACATE THE PRELIMINARY INJUNCTION AND DECERTIFY CLASS**<br><br>**The Honorable Terry Hatter, Jr.**<br><br>Hearing Date: February 17, 2019<br>Hearing Time: 10:00 am |

order would be tantamount to holding those statutes unconstitutional (at least as applied to class members), which clearly would enjoin or restrain the operation of the statutes as Congress has written them.

Petitioners' effort to exclude all as-applied challenges from the ambit of the statute is also foreclosed by the fact that the statute already contains one exception: It provides that "No court . . . shall . . . enjoin . . . the operation of [sections 1221-1232] *other than* with respect . . . to an individual alien." 8 U.S.C. § 1252(f)(1). Petitioners would effectively read the statute to contain a duplicative exception for as-applied challenges. But "[t]hat express exception to detention implies that there are no *other* circumstances under which" the statute's bar does not apply. *Jennings*, 138 S. Ct. at 844. Moreover, Petitioners' standard for what constitutes a restraint on operation would read the express exception out of the statute, because any injunction that prevents application of the statutes "with respect to . . . an individual alien" would also be an as-applied challenge barring only some (but not all) applications of the relevant statutes. Section 1252(f)(1) thus requires that the injunction here be vacated.

## III. The class should be decertified.

Section 1252(f)(1) aside, the injunction must be vacated—and the class decertified—because the constitutional questions Petitioners ask cannot be commonly analyzed as to the entire class or any subclass. The Due Process Clause does not impose a one-size-fits-all six-month cap under each of the challenged provisions and all of their applications. As a result, the ordinary efficiencies of a class action are inapplicable here and, in any event, are far outweighed by its procedural difficulty as compared to an individual habeas petition. The class and subclasses should be decertified.

A. Petitioners' constitutional claims cannot be commonly resolved based on six months of detention alone.

Petitioners bear the "rigorous" burden of demonstrating, among other things, that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2),

(b)(2); *Wal-Mart*, 564 U.S. at 350-51. In determining whether a question of law is common to the class, it is not enough simply to ask the same question. "What matters to class certification . . . is not the raising of common 'questions'—even in droves— but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 351. To satisfy Rule 23(b)(2), Petitioners must show that relief "is available to the class as a whole" and that the challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 360.

Accordingly, Petitioners have the burden of demonstrating that the factual differences in the class here are immaterial, and that the question presented can be answered (and any violation remedied) the same way for every member of the class. *See id.* at 350 (The common legal problem "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims *in one stroke*." (emphasis added)); *cf. Califano*, 442 U.S. at 701. Petitioners "must affirmatively demonstrate" "that there are *in fact* . . . common questions of law." *Wal-Mart*, 564 U.S. at 350. Similarly, the Court must "probe behind the pleadings before coming to rest on the certification question," including a "rigorous analysis" that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 351. "Frequently that 'rigorous analysis' will entail some overlap with the merits of the . . . underlying claim" because "the class determination . . . involves considerations that are enmeshed in the factual and legal issues comprising the . . . cause of action." *Id.*

Petitioners' due process claims do not satisfy these requirements. Petitioners' due process claims turn on a highly-flexible and fact-intensive inquiry that *requires* an individualized assessment of numerous factors, and cannot be conducted based on length of detention alone. *See Abdi*, 2019 WL 4621898, at *9-11. Thus, the necessary constitutional analysis demonstrates that certification is not appropriate here because

the subclasses contain individuals with differences that materially bear on the merits of their due process claims.

    *1. The law does not support a due process analysis that is blind to every relevant due process factor except time.*

A rigid six-month mandate is fundamentally inconsistent with the flexibility inherent in the Due Process Clause. The Supreme Court has "repeatedly stressed" that due process is a flexible concept that requires an individualized assessment of numerous factors including "interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982); *see Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

The Supreme Court's precedent on the Speedy Trial Clause illustrates that the Constitution cannot be read to superimpose a rigid six-month deadline on the flexible and multi-layered adjudicatory system here. In the criminal context, the Constitution expressly provides a right "to a speedy and public trial." U.S. Const. Amend. VI. In interpreting that guarantee, the Court has unanimously rejected a rule "that the government must be ready for trial within six months of the date of arrest, except in unusual circumstances." *Barker v. Wingo*, 407 U.S. 514, 523 (1972). "We cannot definitely say how long is too long," the Court stated, "in a system where justice is supposed to be swift but deliberate." *Id.* at 521; *see id.* at 538 (White, J., concurring) ("[C]ases will differ among themselves as to the allowable time between charge and trial.").

The Court in *Barker* found "no constitutional basis for holding" that the right "can be quantified into a specified number of days or months." *Id.* at 523. Adopting such a rule, the Court concluded, "would require this Court to engage in legislative or rulemaking activity," "rather than in the adjudicative process." *Id.* The "inflexible"

approach of a "fixed-time period," the Court reasoned, thus "goes further than the Constitution requires." *Id*. at 529. Instead, the Court held that "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Id*. at 522. That analysis applies *a fortiori* here, where (unlike in *Barker*) Petitioners' six-month rule would encompass individuals with varying individual characteristics involved in proceedings with multiple layers of appellate review available to the alien depending on his own litigation choices.

The individual characteristics of the members of the subclasses and the varied procedural protections available to them make it impossible for the Court to answer the due process question the same way for each of them. *See Lujan v. G&G Fire Sprinklers, Inc*., 532 U.S. 189, 196 (2001) ("The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation."). The subclasses include aliens with different characteristics that are relevant to the justifications for detention; aliens with varying criminal histories; aliens who claim a right to live inside the United States, and those who concede they lack such a right; aliens who seek discretionary and nondiscretionary relief; aliens who expeditiously pursued their claims and others who did not; aliens who have been ordered removed by an immigration judge or the Board of Immigration Appeals, and those who have not; lawful permanent residents and aliens who have no substantial contacts; and aliens who have been subject to different kinds of processes along the way. These factual differences prevent deciding or remedying the due process claims in a common manner.[5]

---

[5] In addition, although the government has taken the position that *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), was overruled by *Jennings*, to the extent Petitioners take a contrary position, *Casas* precludes certification of the section 1226(a) class. *Casas* concluded that criminal aliens who were subject to mandatory detention under section 1226(c)during removal proceedings during which the government prevailed, are subject to section 1226(a) if they file a petition for review of the removal order and request a stay of removal. *Id*. The government's weighty interest in detaining dangerous criminals who have already been ordered removed

*(Footnote continued)*

The individual circumstances of the immigration proceedings also vary. Courts routinely analyze the reasonableness of the removal proceedings, as well as the government's conduct, in determining whether detention has become unconstitutional. *See, e.g., Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 276-80 (3d Cir. 2018) (finding length of detention alone not sufficient to justify new section 1226(a) bond hearings where no evidence of governmental delay); *Sajous* 2018 WL 2357266, at *10 (rejecting six month rule, but finding section 1226(c) unconstitutionally applied due to delay on FOIA request). Under *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2011), the relevant proceedings span three levels of review; thus all of the subclasses include individuals who have been ordered removed by an immigration judge, had their appeal dismissed by the Board of Immigration Appeals, and will become subject to imminent removal when (in the vast majority of instances) their motion for a stay of removal is denied. For all such aliens, the government's interest in continued detention is highest and accordingly the alien must demonstrate a weighty liberty interest in order to bring a successful due process challenge. But the six month rule necessarily prevents the proper consideration of those relevant factors—detention length as compared to the stage of the proceedings and litigant behavior—and instead treats the government's interest in detention of an alien on the precipice of removal the same as an alien who has faced unjustifiable delays.

Justice Kennedy's concurrence in *Demore* reflects a similar understanding. Justice Kennedy viewed the constitutionality of continuing detention without a bond hearing as depending on why detention is continuing: If there were an "unreasonable delay *by the [Immigration and Naturalization Service (INS)]* in pursuing and completing deportation proceedings," he explained, it "could become necessary" to

---

cannot be commonly adjudicated with the claims of individuals with no criminal history who have been eligible for bond throughout their proceedings.

20

ask whether "the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, *but to incarcerate for other reasons*." 538 U.S. at 532-533 (emphases added). Justice Kennedy could not draw such an inference, however, "from the circumstances of" *Demore* itself. *Id*. at 533. The clear implication is that the reasonable continuation of removal proceedings occasioned by an alien's choices—including seeking continuances, relief from removal, or appellate review—does not undermine the constitutionality of detention. So long as the added time is reasonably needed to adjudicate the case (not prolonged pointlessly or to punish), the ongoing detention continues to be constitutionally justified by the interests in "protect[ing] against risk of flight or dangerousness." *Id*. at 532-33; *Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir. 1991) ("Although this litigation strategy is perfectly permissible, we hold that [the alien] may not rely on the extra time resulting therefrom to claim that his prolonged detention violates substantive due process."). A rigid six-month cap thus cannot be squared with the constitutional inquiry *Demore* requires.[6]

2. *The weight of authority on this issue supports decertification of the subclasses.*

No court has adopted a six-month constitutional brightline for any of the challenges statutes. In *Abdi*, the Western District of New York decertified a far more narrowly-defined class pre-entry asylum seekers detained pursuant to section 1225(b)(1)(B)(ii) for six months. 2019 WL 4621898 at *4-9. The court correctly reasoned that

> [t]he six month temporal rule endorsed by *Lora* and *Rodriguez* was the adhesive that held the subclass together. While it may be possible for Petitioners to demonstrate that some subclass members have been

---

[6] *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), is not to the contrary. *Diouf*'s holding is limited to post-order detention, its six-month rule was imposed as statutory construction, and it was based on *Zadvydas*, which the Supreme Court has said does not apply to pre-order detention. *Jennings,* 138 S. Ct. at 848 (quoting *Demore*, 538 U.S. at 529). *Diouf* also stops short of applying an unbending six-month rule by allowing for exceptions where removal is imminent. 634 F.3d at 1092 n.13.

21

detained for a constitutionally infirm period, Petitioners have not demonstrated that such is the case for *all* current *and* future subclass members. Any such determination is no longer automatically triggered by time in custody.

*Id.* at *4. Similarly, in *Reid* and *Sajous*, two courts that previously embraced the six-month rule as a matter of statutory construction have now rejected that rule as inappropriate for a due process claim. *Reid*, 390 F. Supp. 3d at 219; *Sajous* 2018 WL 2357266, at *10. Meanwhile, numerous courts have relied on non-time-based factors to uphold these statutes against challenges brought by the individuals detained for longer than six months. *See, e.g.*, *Borbot*, 906 F.3d at 276-80 (holding section 1226(a) not unconstitutional based on 18 months of detention alone); *Nikolic*, 2019 WL 5887500 (relying on reasonableness of administrative proceedings to find 11 months of section 1226(c) constitutional). And the Ninth Circuit in this case has acknowledged that class members enjoy varying degrees of due process. *Rodriguez II*, 715 F.3d at 1140 ("Some non-citizens therefore enjoy very limited protections under the United States constitution."). Altogether, the weight of the authority supports a flexible due process analysis that is inconsistent with certification of Petitioners' classes for the constitutional claims.

    B. <u>Changes to the section 1225(b) subclass require it to be decertified.</u>

    As an initial matter, the section 1225(b) subclass must be decertified based on the substantive alterations to the subclass in the FAC.[7] As presently certified, the section 1225(b) subclass is defined to include aliens who are seeking initial admission to the United States, who have "no constitutional rights regarding [their] application" for admission, *Plasencia*, 459 U.S. at 32, as well as aliens who are lawful permanent residents, who stand on very different constitutional footing, *e.g.*, *Zadvydas v. Davis*,

---

[7] Petitioners also modified the definitions of the section 1226(a) and section 1226(c) subclasses in the FAC such that they no longer match the certified subclasses. Petitioners have not moved for certification on these classes and therefore they are not operative.

533 U.S. 678, 693 (2001). In the Fourth Amended Complaint, Petitioners removed lawful permanent residents from the proposed 1225(b) subclass. ECF 515 at 28 n.10; *see supra* note 1. Because Petitioners have abandoned the certified section 1225(b) subclass, it should be decertified.

In addition, in the decade since the section 1225(b) subclass was certified on Petitioners' statutory claim, the scope of section 1225(b) has significantly changed. *See Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019) (holding asylum seekers intercepted after entry are subject to section 1225(b)(1)(B)(ii); Designating Aliens for Expedited Removal, 84 FR 35,409 (July 23, 2019) (expanding section 1225(b)(1)(B)(ii) to include individuals detained within two years of initial entry). Petitioners bear the burden of demonstrating that these changes do not undermine the commonality of the subclass's claims, and to show that its representatives—both of whom were detained prior to entry, ECF 515 at 15, 17—continue to adequately represent the interests of the entire class. *Marlo*, 639 F.3d at 947. The Ninth Circuit has suggested that these differences matter. *See Ibrahim v. DHS*, 669 F.3d 983, 997 (9th Cir. 2012) (conducting individual analysis of substantial connections to determine due process entitlement); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) ("[A]liens receive constitutional protections when they have come within the territory of the United States and developed *substantial connections* with this country."). Therefore, the section 1225(b) class should be decertified.

C. Petitioners' constitutional claims should be adjudicated through individual habeas cases.

In addition to being the only viable method to address each person's individual claim of unconstitutional detention, an individual habeas action is the appropriate forum for Petitioners' constitutional claims. First, in this context, the class action is a far less efficient means of answering "the straightforward constitutional question" presented here. *Marin*, 909 F.3d at 255. As the Ninth Circuit has held, the constitutional question here is limited to "the *minimum* requirements of due process"

for each subclass—a question that is far less relevant to each individual habeas petitioner than the *total* process due to them personally. *Id*. at 255-56. Indeed the class questions, along with a host of others questions, could be litigated much more quickly in an individual habeas case. *See* 28 U.S.C. § 2241 (setting expedited habeas procedures). And an individual habeas petition offers a more robust remedy: whereas an individual habeas petition can result in binding circuit precedent that shapes procedures available throughout the jurisdiction, the remedy for the class claim here is, at best, a declaratory order that could require further individual action to enforce. *See* 8 U.S.C. § 1252(f)(1); *Alli v. Decker*, 650 F.3d 1007, 1013 (3d Cir. 2011). Thus, the individual habeas petition offers quicker, less procedurally complicated, and more effective relief than a class claim on this issue.

Second, an individual challenge allows courts to examine all of the relevant factors affecting the constitutionality of the individual's continued detention, and take into account the reasons why that outlier case is an outlier in the first place. This provides more flexibility to fashion remedies that more appropriately accord the proper deference to the statute. "[F]ederal courts have the institutional competence to make fact-specific determinations," *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018), as demonstrated by their ability to apply case-specific standards under the Speedy Trial Clause and as-applied challenges to prolonged pretrial detention. *Cf. Reno v. Flores*, 507 U.S. 292, 314 (1993) (observing that there was "no evidence . . . that habeas corpus [wa]s insufficient to remedy particular abuses" in terms of detention for "undue periods.")

Third, a Rule 23(b)(2) class action on these claims is problematic for class members who wish to pursue individual relief because class members cannot opt out of the class. *See Wal-Mart*, 564 U.S. at ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). Thus, they must await a final decision in the class action and cannot bring these claims in their individual habeas cases.

24

Finally, section 1252(f)(1) provides clear evidence that Congress intended such claims to be handled on a case-by-case basis. As the sovereign, Congress has the authority to dictate the manner in which it is subject to suit, and its intent should be considered in deciding the propriety of permitting a case to proceed under Rule 23. Therefore the injunction should be vacated and the class decertified.

25

JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
     P.O. Box 868, Ben Franklin Station
     Washington, DC 20044
     Phone: (202) 532-4700/(205) 244-2140
     sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH <br><br> **RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR CLARIFICATION OR RECONSIDERATION** <br><br> **The Honorable Terry Hatter, Jr.** <br><br> Hearing Date: December 23, 2019 <br> Hearing Time: Under Submission |

Petitioners request reconsideration of this Court's decision recognizing the vacatur of the permanent injunction. This recognition is in line with settled law that that when a judgment is reversed, the associated relief should also be vacated. *See* Fed. R. 60(b)(5) (proving relief from judgment or order "based on an earlier judgment that has been reversed or vacated"). Here, the permanent injunction was entered in connection with this Court's order granting Petitioner's motion for summary judgment on the class's statutory claims. The Supreme Court has undeniably reversed that summary judgment grant, and with it vacated the permanent injunction. *See TransWorld Airlines v. American Coupon Exch.*, 913 F.2d 676, 680 (9th Cir.1990) ("A summary judgment order that provides the legal authority to issue an injunction— that constitutes a 'necessary predicate' to complete review of the injunction—is inextricably bound up with the injunction."). The motion should therefore be denied.

Notably absent from Petitioners' motion is any legal justification for leaving in place a permanent injunction entered on a reversed summary judgment order. Indeed, Petitioners do not cite a single authority to suggest that a permanent injunction can remain in place without a judgment to support it. Instead, Petitioners hang their motion on a single sentence in the Ninth Circuit's order—"[l]ike the Supreme Court, we do not vacate the permanent injunction"—from which they derive an unjustifiable principle. Pet. Mot., ECF 528-1 at 3 (quoting *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018)). The Ninth Circuit's decision to remand the case to this Court without expressly vacating the injunction, is not—as Petitioners claim—a "h[olding] . . . that the Supreme Court intended for the injunction to remain in place pending resolution of Petitioners' constitutional claims." *Id*. at 4. The Ninth Circuit took no action with respect to the injunction and instead elected to return all remaining issues to this Court—including the housekeeping matter of vacatur—to handle in the first instance. Thus, it was wholly appropriate for this Court to recognize the vacatur of the permanent injunction at this stage of the proceedings.

Petitioners' prejudice claims are misguided and also fail to justify the unprecedented relief they seek. The only subclass impacted by the Court's order is the class held pursuant to 8 U.S.C. 1226(a). This class is statutorily entitled to bond hearings through a process that even the *Jennings* dissenters concluded was constitutionally adequate. *Jennings v. Rodriguez*, 138 S. Ct. 830, 876 (2018) (Breyer, J., dissenting) (concluding that any constitutionally-required bond hearings should be conducted "in accordance with customary rules of procedure and burdens of proof rather than the special rules that the Ninth Circuit imposed."). Every individual in the subclass has been individually assessed for flight risk and danger, 8 C.F.R. § 236.1(c)(5), (g), and provided with the opportunity to seek two levels of review of that determination, 8 C.F.R. 236.1(d)(1); 8 C.F.R. § 236.1(d)(3). They also have the opportunity to request a new bond hearing based on materially changed circumstances, and, if dissatisfied with the outcome of the hearing, appeal the decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(e); *Matter of Uluocha*, 20 I. & N. Dec. 133 (BIA 1989). But even so, prejudice is not a basis for leaving in place a vacated injunction, and Petitioners have not cited any authority suggesting otherwise. The permanent injunction has been vacated. The motion should be denied.

Dated: November 25, 2019

JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700/ (205) 244-2140
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

Case 20-55770, 12/01/2020, ID 11917741, DktEntry 10, Page 41 of 82

## CERTIFICATE OF SERVICE

I certify that on November 25, 2019, I served a copy of the foregoing by CM/ECF which delivered a copy to all counsel of record, including:

Ahilan T. Arulanantham
Email: aarulanantham@aclu-sc.org

Michael Kaufman
Email: mkaufman@aclu-sc.org

Zoe McKinney
Email: ZMcKinney@aclusocal.org

*/s/ Sarah Wilson*
Sarah Wilson
United States Department of Justice

1   AHILAN T. ARULANANTHAM (SBN 237841)
    aarulanantham@aclusocal.org
2   MICHAEL KAUFMAN (SBN 254575)
    mkaufman@aclusocal.org
3   ZOE MCKINNEY (SBN 312877)
    zmckinney@aclusocal.org
4   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West 8th Street
5   Los Angeles, CA 90017
    Telephone: (213) 977-5211
6   Facsimile: (213) 977-5297

7   Attorneys for Petitioner
    (Additional counsel listed on following page)
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                         WESTERN DIVISION
11

12  ALEJANDRO RODRIGUEZ,                   )  Case No. CV 07-3239-TJH (RNBx)
    ABDIRIZAK ADEN FARAH, YUSSUF           )
13  ABDIKADIR, ABEL PEREZ RUELAS,          )  **NOTICE OF MOTION AND**
    JOSE FARIAS CORNEJO, ANGEL             )  **MOTION FOR CLARIFICATION**
14  ARMANDO AYALA, ALEX CACHO              )  **OR RECONSIDERATION**
    CASTILLO for themselves and on behalf  )
15  of a class of similarly-situated individuals, )  The Honorable Terry J. Hatter, Jr.
                                           )
16              Petitioners,               )  Hearing Date:  December 23, 2019
                                           )  Hearing Time:  Under Submission
17         v.                              )
                                           )
18  WILLIAM BARR, United States Attorney   )
    General; KEVIN MCALEENAN, Acting       )
19  Secretary, Homeland Security; JAMES    )
    MCHENRY, Director, Executive Office    )
20  for Immigration Review; DAVID MARIN,   )
    Field Office Director, Los Angeles     )
21  District, Immigration and Customs      )
    Enforcement; DON BARNES Sheriff of     )
22  Orange County; OFFICER NGUYEN,         )
    Officer-in-Charge, Theo Lacy Facility; )
23  LUKE SOUTH, Commander, Theo Lacy       )
    Facility; LISA VON NORDHEIM,           )
24  Captain, James A. Musick Facility;     )
    TERRY NELSEN, Assistant Field Office   )
25  Director, Adelanto Detention Facility, )
                                           )
26              Respondents.               )
    _____)

27

28

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone:  (212) 549-2618
Facsimile:  (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:  (650) 724-2442
Facsimile:  (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

1    To all parties and their counsel of record, please take notice that a hearing is

2    under submission in the above-entitled Court, before the Honorable Terry J. Hatter,

3    on December 23, 2019. Petitioners will and hereby do move for clarification or

4    reconsideration of this Court's Order of November 7, 2019 (Dkt. 527). This

5    Motion is made following the conference of counsel pursuant to L.R. 7.3, at which

6    Respondents stated that they oppose this Motion.

7    This Motion is made based on the present Notice, the Memorandum of

8    Points and Authorities, and all other documents on file with this Court, as well as

9    any other evidence or argument that may be presented before or at the time of the

10   hearing.

11                                          Respectfully submitted,

12                                          ACLU OF SOUTHERN CALIFORNIA

13

14   Dated:  November 18, 2019         By: /s/ Ahilan T. Arulanantham

15                                          AHILAN T. ARULANANTHAM
                                            Counsel for Petitioners

16

17

18

19

20

21

22

23

24

25

26

27

28

1

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOE MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals, | Case No. CV 07-3239-TJH (RNBx) **MOTION FOR CLARIFICATION OR RECONSIDERATION** The Honorable Terry J. Hatter, Jr. |
| Petitioners, | Hearing Date:  December 23, 2019 Hearing Time:  Under Submission |
| v. | |
| WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility, | |
| Respondents. | |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone:  (212) 549-2618
Facsimile:  (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:  (650) 724-2442
Facsimile:  (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

**MOTION FOR CLARIFICATION OR RECONSIDERATION**

Petitioners respectfully move this Court under Federal Rule of Civil Procedure 59(e) to clarify or reconsider in part its order of November 7, 2019, which granted in part and denied in part Respondents' partial motion to dismiss. ECF 527. Petitioners seek review of only one aspect of the Court's order—its suggestion that the Supreme Court "implicitly" vacated the entire permanent injunction, leaving only the preliminary injunction in place. *See id*. at 2-3. ("Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the merits on summary judgment").

Plaintiffs respectfully submit that the Court's apparent conclusion contravenes the Ninth Circuit's remand order, which unambiguously held that the permanent injunction remains in place pending this Court's resolution of Plaintiffs' constitutional claims. Moreover, the error is significant because Section 1226(a) Subclass members are entitled to bond hearings only under the permanent injunction, not the preliminary injunction. Absent further order from this Court, Respondents will soon cease providing bond hearings to those individuals, thereby reversing policy that has afforded them due process for the last six years. Because the Court's apparent conclusion is clearly erroneous and would work a manifest injustice, this Court should clarify or reconsider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that reconsideration should be granted where a decision is in "clear error or the initial decision was manifestly unjust").

The Court's suggestion that the Supreme Court implicitly vacated the permanent injunction is clearly erroneous. In its order remanding this case to this Court, the Ninth Circuit stated "*[l]ike the Supreme Court, we do not vacate the permanent injunction* pending the consideration of these vital constitutional issues." *See Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 256 (9th Cir. 2018) (emphasis added). The Ninth Circuit made that statement in response to

1

1   Respondents' request that the Ninth Circuit vacate the permanent injunction

2   because "existing Supreme Court authority *implicitly* forecloses a six-month

3   constitutional limit to pre-order detention." Respondents' Supplemental Brief at 8,

4   *Rodriguez v. Marin*, Nos. 13-56706, 13-56755 (9th Cir. Jul. 13, 2018) ECF No. 174

5   (emphasis added). Thus, the Ninth Circuit rejected Respondents' attempt to read

6   the Supreme Court's decision as implicitly vacating the injunction.

7        In their recent motion to dismiss Petitioners' Fourth Amended Complaint—

8   the motion that gave rise to the order at issue here—Respondents recognized they

9   had lost this argument at the Ninth Circuit. They argued the permanent injunction

10   would remain in place unless and until the Court granted "Respondents'

11   forthcoming motion to decertify the class and vacate the injunction." ECF 521 at 3.

12   Respondents have not yet filed that motion.

13        Thus, while this Court may decide to vacate the injunction *after* the parties

14   brief the constitutional questions, it would be clear error to vacate the injunction

15   *now* on the ground that the Supreme Court has implicitly done so, because the

16   Ninth Circuit unambiguously rejected that very argument and held instead that the

17   Supreme Court intended for the injunction to remain in place pending resolution of

18   Petitioners' constitutional claims. *Rodriguez V*, 909 F.3d at 256. Therefore, this

19   Court should clarify or reconsider its apparent decision to vacate the permanent

20   injunction.

21        The Court should also refrain from vacating the permanent injunction

22   because doing so now would work a manifest injustice. *Zamani*, 491 F.3d at 997.

23   Whether the operative injunction is now the preliminary injunction or instead the

24   permanent injunction (which has been in effect since 2013) matters greatly because

25   members of the Section 1226(a) Subclass are only entitled to bond hearings under

26   the permanent injunction. *Compare* ECF 255 (preliminary injunction ordering

27   *Rodriguez* bond hearings only for individuals held under the Section 1225(b) and

28   Section 1226(c) Subclasses) *with* ECF 353 (permanent injunction ordering bond

Case: 22-55770, 12/01/2020, ID: 11916774, DktEntry: 18, Page 49 of 82

hearings for all four Subclasses). The Court's order therefore permits Respondents to cease providing bond hearings to members of the Section 1226(a) Subclass *before* they have had the chance to litigate their constitutional claims.

For these reasons, Petitioners respectfully request the Court clarify or, if necessary, reverse its prior order, so as to make clear that the permanent injunction remains in effect.[1]

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  November 18, 2019        By: /s/ Ahilan T. Arulanantham
                                         AHILAN T. ARULANANTHAM
                                         Counsel for Petitioners

---

[1] Petitioners do not seek reconsideration of the Court's ruling dismissing the Section 1231(a) Subclass. Respondents' counsel has indicated that the Government will continue to provide bond hearings to those individuals under *Diouf v. Holder (Diouf II)*, 634 F.3d 1081, 1085 (9th Cir. 2011) and *Aleman-Gonzalez v. Barr*, 325 F.R.D. 616, 619 (N.D. Cal. 2018), *appeal pending*, No. 18-16465 (9th Cir. 2019).

3

Case 20-55770, 12/04/2020, ID: 11918374, DktEntry: 19, Page 50 of 82

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOE MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR CLARIFICATION OR RECONSIDERATION** <br><br> The Honorable Terry J. Hatter, Jr. |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

1    Good cause having been shown in Petitioners' Motion for Clarification or

2    Reconsideration, the motion is hereby GRANTED.

3    This Court hereby clarifies the Order of November 7, 2019 (Dkt. 527) as

4    follows: the permanent injunction remains in effect in all respects except "to the

5    extent [it] pertain[s] to individuals detained under Section 1231(a)." *Rodriguez v.*

6    *Robbins*, 804 F.3d 1060, 1080 (9th Cir. 2015), *rev'd in part*, *Jennings v.*

7    *Rodriguez*, 138 S.Ct. 830 (2018).

8

9

10   Dated:  November___, 2019          _____

11                                      HONORABLE TERRY J. HATTER, JR.
                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

2 JOSEPH HUNT
Assistant Attorney General
3 Civil Division
WILLIAM C. PEACHEY
4 Director, District Court Section
Office of Immigration Litigation
5 EREZ REUVENI
6 Assistant Director
SARAH STEVENS WILSON
7 Assistant United States Attorney
8 United States Department of Justice
1801 Fourth Avenue North
9 Birmingham, Alabama 35203
Telephone: (205) 244-2001
10 Sarah.Wilson2@usdoj.gov
11

12 *Attorneys for Respondents*

13

14

15

16

17 **UNITED STATES DISTRICT COURT**

18 **CENTRAL DISTRICT OF CALIFORNIA**

19

20 ALEJANDRO RODRIGUEZ, et al.,   )  Case No. CV-07-3239-TJH

21       Petitioners,     )

22                  )  **JOINT STIPULATION FOR**
v.               )  **SECOND EXTENSION OF TIME**

23                  )  **FOR RESPONDENTS TO FILE A**
DAVID MARIN, et al.,      )  **RESPONSE TO THE FOURTH**

24                  )  **AMENDED COMPLAINT**
      Respondents.    )

25                  )  Honorable Terry J. Hatter, Jr.
                 )

26

27

28

It is stipulated that Respondents' time for responding to Petitioners' Fourth Amended Complaint be extended from August 8, 2019, to August 22, 2019. There is good cause for the stipulation. The parties are continuing to discuss two issues related to Respondents' anticipated Motion to Dismiss the Fourth Amended Complaint. First, Petitioners are in the process of determining whether they are likely to request the opportunity to file a Fifth Amended Complaint, which could make motions practice on the Fourth Amended Complaint unnecessary. In addition, the parties are discussing how to best streamline the briefing of issues in the motion to dismiss so not to overlap with issues the Court of Appeals directed be considered on remand. Due to previously-scheduled vacations and other commitments the parties have not been able to complete their discussions on these issues.

For the foregoing reasons, the parties jointly stipulate for and respectfully request that this Court grant Respondents a 14-day extension to August 22, 2019, to file their response to Petitioners' Fourth Amended Complaint.

Respectfully submitted,

Dated:  August 6, 2019

 s/ Sarah Stevens Wilson
SARAH STEVENS WILSON
Counsel for Respondents

s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners

JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
Assistant United States Attorney
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2001
Sarah.Wilson2@usdoj.gov

*Attorneys for Respondents*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | Case No. CV-07-3239-TJH |
| Petitioners, | |
| v. | **JOINT STIPULATION FOR EXTENSION OF TIME FOR RESPONDENTS TO FILE A REPONSE TO THE FOURTH AMENDED COMPLAINT** |
| DAVID MARIN, et al., | |
| Respondents. | Honorable Terry J. Hatter, Jr. |

It is stipulated that Respondents' time for responding to Petitioners' Fourth Amended Complaint be extended from July 25, 2019, to August 8, 2019. There is good cause for the stipulation. The parties are discussing two issues related to Respondents' anticipated Motion to Dismiss the Fourth Amended Complaint. First, Petitioners are in the process of determining whether they are likely to request the opportunity to file a Fifth Amended Complaint, which could make motions practice on the Fourth Amended Complaint unnecessary. In addition, the parties are discussing how to best streamline the briefing of issues in the motion to dismiss so not to overlap with issues the Court of Appeals directed be considered on remand.

For the foregoing reasons, the parties jointly stipulate for and respectfully request that this Court grant Respondents a 14-day extension to August 8, 2019, to file their response to Petitioners' Fourth Amended Complaint.

Respectfully submitted,

Dated: July 24, 2019


 s/ Sarah Stevens Wilson
SARAH STEVENS WILSON
Counsel for Respondents

 s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners

JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
Assistant United States Attorney
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2001
Sarah.Wilson2@usdoj.gov

*Attorneys for Respondents*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | ) Case No. CV-07-3239-TJH |
| Petitioners, | ) |
| v. | ) **JOINT STIPULATION FOR** |
| | ) **EXTENSION OF TIME FOR** |
| DAVID MARIN, et al., | ) **RESOLUTION OF THE MOTION** |
| | ) **FOR LEAVE TO AMEND THE** |
| Respondents. | ) **COMPLAINT AND TO CONTINUE** |
| | ) **HEARING DATE TO JULY 8, 2019** |
| | ) |
| | ) Honorable Terry J. Hatter, Jr. |

It is stipulated that Respondents' time for responding to Petitioners' Motion to Amend the Complaint be extended from May 28, 2019, to June 12, 2019, Petitioners' time to file a reply in support of the motion, if any, be extended to June 24, 2019, and the submission date be continued from June 17, 2019, to July 8, 2019. The parties are continuing to negotiate and have been working to determine whether they can agree to the proposed modifications to the Third Amended Complaint. Several key decisionmakers for Respondents are out of the office on leave and have not yet had the opportunity to review the proposed amended complaint. Additional time to sort out these issues will help clarify the parties' positions and will not unnecessarily delay the proceedings.

For the foregoing reasons, the parties jointly stipulate for and respectfully request that this Court grant Respondents an extension to June 12, 2019, to file their response to Petitioners' Motion to File an Amended Complaint, grant Petitioners an extension to June 24, 2019, to file any reply, and continue the submission deadline from June 17, 2019, to July 8, 2019.

Respectfully submitted,

Dated: May 29, 2019

 s/ Sarah Stevens Wilson
SARAH STEVENS WILSON
Counsel for Respondents

 s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners

1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)
7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14  ALEJANDRO RODRIGUEZ, et al.,        )   Case No. CV-07-3239-TJH
                                         )
15              Petitioners,             )   **JOINT STIPULATION FOR**
                                         )   **EXTENSION OF TIME FOR**
16         v.                            )   **PETITIONERS TO FILE A**
                                         )   **MOTION FOR LEAVE TO AMEND**
17  DAVID MARIN, et al.,                 )   **THE COMPLAINT**
                                         )
18              Respondents.             )
                                         )   Honorable Terry J. Hatter, Jr.
19                                       )
    _____

20

21

22

23

24

25

26

27

28

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

On March 18, 2019, this Court ordered Petitioners to file their Amended Complaint by April 19, 2019. Dkt. 505.

Petitioners have endeavored in good faith to meet the Court's deadline, and had prepared a draft Amended Complaint that they intended to file by April 19, 2019. However, on April 16, 2019, the Attorney General issued a decision in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). *Matter of M-S-* overrules the BIA's prior decision in *Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005), and changed the Government's position on the detention authority for certain individuals in the *Rodriguez* class. *Matter of M-S-*, 27 I&N Dec. at 509-10 (holding that individuals who are designated "arriving aliens," entered without inspection, and pass a "credible" fear screening are detained under color of 8 U.S.C. § 1225). Because *Matter of M-S-* alters the putative detention authority for some class members, Petitioners are evaluating how the decision impacts their claims, including whether to alter the certified subclasses or add an additional subclass to include the class members covered by *Matter of M-S-*. If Petitioners determine that a new subclass is necessary, they will need additional time to identify a new class representative for the subclass. Accordingly, Petitioners respectfully request that the Court extend the deadline for their Amended Complaint by 30 days.

Respondents do not oppose a thirty-day extension of time for Petitioners to file a motion for leave to amend the complaint. Respondents have not agreed that an amended complaint is appropriate at this stage of the litigation, but remain open to discussing any proposed modifications with the potential to streamline the litigation. Respondents agree that additional discussion is warranted in light of the *M-S-* decision.

For the foregoing reasons, the parties jointly stipulate for and respectfully request that this Court grant Petitioners a 30 day extension to May 20, 2019 to file their Amended Complaint.

Respectfully submitted,

Dated:  April 18, 2019

 s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners


 s/ Sarah Wilson (with permission)
SARAH WILSON
Counsel for Respondents

1  JOSEPH H. HUNT
   Assistant Attorney General
2  Civil Division
   WILLIAM C. PEACHEY
3  Director, District Court Section
   Office of Immigration Litigation
4  EREZ R. REUVENI
   Assistant Director
5  SARAH STEVENS WILSON (GA State Bar No. 21212)
   Assistant United States Attorney
6  United States Department of Justice
        1801 4TH Avenue North
7       Birmingham, AL 35213
        Telephone:    (205) 244-2140
8       E-mail:       sarah.wilson2@usdoj.gov

9  Attorneys for Respondents

10

11                UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  Alejandro Rodriguez, *et al.*,          No. CV 2:07-cv-3239

15          Petitioners,                     STIPULATION FOR ORDER
                                            RESCHEDULING STATUS
16          v.                              CONFERENCE;

17
    David Marin, in his official capacity    [Proposed] ORDER.
18  as Field Office Director,
    Immigration and Customs
19  Enforcement, *et al.*,

20          Respondents.

21

22

23

24

25

26

27

28

IT IS STIPULATED that the Status Conference currently scheduled for February 11, 2019, be rescheduled for March 4, 2019, or the Court's next available date. Counsel for the Respondents request the extension due to a conflicting hearing date and other deadlines that were moved as a result of the result lapse in appropriations. There are no other DOJ attorneys assigned to this case available to handle the hearing for February 11, 2019.  Petitioners have no objections to rescheduling the Status Conference to March 4, 2019 or a later date.


DATED:  February 4, 2019.                    Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General
                                             Civil Division
                                             WILLIAM C. PEACHEY
                                             Director, District Court Section
                                             Office of Immigration Litigation
                                             EREZ R. REUVENI
                                             Assistant Director

                                             _/s/ Sarah Stevens Wilson_____
                                             SARAH STEVENS WILSON
                                             Assistant United States Attorney

                                             Attorneys for Respondents


DATED:  February 4, 2019.


                                             _/s/Michael Kaufman_
                                             ACLU of Sothern California

                                             Attorney for Petitioners

1  JOSEPH H. HUNT
   Assistant Attorney General
2  Civil Division
   WILLIAM C. PEACHEY
3  Director, District Court Section
   Office of Immigration Litigation
4  EREZ R. REUVENI
   Assistant Director
5  SARAH STEVENS WILSON (GA State Bar No. 21212)
   Assistant United States Attorney
6  United States Department of Justice
      1801 4ᵀᴴ Avenue North
7      Birmingham, AL 35213
      Telephone:    (205) 244-2140
8      E-mail:        sarah.wilson2@usdoj.gov

9  Attorneys for Respondents

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14  Alejandro Rodriguez, *et al.*,          No. CV 2:07-cv-3239

15        Petitioners,                       STIPULATION FOR ORDER
                                             RESCHEDULING STATUS
16        v.                                 CONFERENCE;

17
                                             [Proposed] ORDER.
18  David Marin, in his official capacity
    as Field Office Director,
19  Immigration and Customs
    Enforcement, *et al.*,
20
          Respondents.
21

22

23

24

25

26

27

28

IT IS STIPULATED that the Status Conference currently scheduled for January 28, 2019, be rescheduled to February 11, 2019, or the Court's next available date. Counsel for the Respondents request the extension due to a conflicting trial date. There are no other attorneys assigned to this case available to handle the hearing for the Respondents on January 28, 2019.

DATED:  December 14, 2018.                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
EREZ R. REUVENI
Assistant Director

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
Assistant United States Attorney

Attorneys for Respondents

DATED:  December 14, 2018.

*/s/Ahilan Arulanantham*
ACLU of Sothern California

Attorney for Petitioners

* I attest that Petitioners' counsel concurs in this filing's content and has authorized its filing.

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON

1
2
3
4
5
6
7
8

# United States District Court
# Central District of California
# Western Division

9
10
11

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-3239 TJH (RNBx) |
| Petitioners, | |
| v. | Order, |
| | Judgment |
| ERIC HOLDER, *et al.*, | and |
| Respondents. | Permanent Injunction |

The Court has considered Petitioners' motion to clarify the class definition and the cross motions for summary judgment together, with moving and opposing papers.

The Court certified the class in this case after the Ninth Circuit held that the class must be certified. *Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105 (9th Cir. 2010). The class is defined as:

> All non-citizens within the Central District of California who: (1) Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) Have not been afforded a

1      hearing to determine whether their detention is justified.

2 "General immigration statutes" in the class definition refers to 8 U.S.C. §§ 1225(b),

3 1226 and 1231(a). *See Rodriguez I*, 591 F.3d at 1113. "Removal proceedings" does

4 not narrowly refer to its use in 8 U.S.C. § 1229a, but to any proceedings to determine

5 whether persons detained pursuant to the general immigration statutes, as defined in

6 *Rodriguez 1*, will be removed from the United States.

7      For organizational purposes, the class is divided into four subclasses, as follows:

8      1.     Class members detained under 8 U.S.C. § 1225(b);

9      2.     Class members detained under 8 U.S.C. § 1226(a);

10      3.     Class members detained under 8 U.S.C. § 1226(c); and

11      4.     Class members detained under 8 U.S.C. § 1231(a).

12      The Court provided for no exceptions to the definitions of class membership, yet

13 Respondents have unilaterally excluded certain detainees. Consequently,

14      It is Ordered that there are no exceptions, express or implied, to the class

15 membership definitions.

16      It is further Ordered that class membership includes, *inter alia*, detainees

17 incarcerated for restatement under 8 U.S.C. § 1231(a)(5), detainees held for

18 proceedings initiated by an administrative removal order under 8 U.S.C. § 1228(b); and

19 detainees held under the general immigration statutes after entering the United States

20 through the Visa Waiver Program.

21      There are no genuine issues of material fact, and neither party contests that those

22 detained under § 1231 or § 1226(a) have a right to a bond hearing after six months of

23 detention. Most of Respondents's arguments were previously addressed by this Court

24 and affirmed by the Circuit in *Rodriguez v. Robbins (Rodriguez II)*, 715 F.3d 1127 (9th

25 Cir. 2013). However, Respondents raises one new argument. Respondents argue that

26 constitutional concerns are not implicated because the *Rodriguez II* panel did not

27 consider evidence that "a large number of aliens" extend the term of their own

28 detention through their own actions, such as requests for continuances. For this

argument, Respondents rely on *Demore v. Kim*, 538 U.S. 510, 526, 123 S. Ct. 1708, 1719, 155 L. Ed. 724, 739 (2003), which the Ninth Circuit explicitly construed to only support brief periods of detention. *Rodriguez II*, 715 F.3d at 1135.

The procedural requirements for bond hearings are well settled in the Ninth Circuit. *See Casas–Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). In *Rodriguez II*, the Ninth Circuit reaffirmed that the procedural requirements for a *Casas* bond hearing are those articulated in *Singh v. Holder*, 638 F.3d 1196, 1203-10 (9th Cir. 2011). *Rodriguez II*, 715 F.3d at 1135-36. The government must prove by clear and convincing evidence that a detainee is a flight risk or a danger to the community to justify the denial of bond at a *Casas* hearing. *Rodriguez II*, 715 F.3d at 1136. Additionally, due process requires a contemporaneous record of Casas hearings, so that a transcript or audio recording is available upon request. *Rodriguez II*, 715 F.3d at 1136.

Petitioners, now, request four additional procedural safeguards. First, Petitioners request that an Immigration Judge be required to consider whether the detainee will ever be removed. Second, Petitioners request that an Immigration Judge be required to consider conditions short of incarceration. Third, Petitioners request that the bond hearings be automatically provided, rather than placing the burden on the detainee to request the hearing. Finally, Petitioners request that notice of the hearing be provided to each detainee in plain language, reasonably calculated to inform a person unfamiliar with English and the United States legal system of the pendency of the hearing.

The first and second proposed procedural additions – consideration of the likelihood of removal during a bond hearing, and consideration of alternatives to incarceration – fall outside the ambit of *Casas*, *Singh*, and *Rodriguez II*. *Rodriguez II* affirmed that the purpose of a *Casas* bond hearing is to determine a detainee's flight risk and dangerousness. *Rodriguez II*, 715 F.3d at 1135-36. Accordingly, Petitioners' request that Immigration Judges consider the likelihood of detainees' ultimate removal as a factor at bond hearings would drastically expand the scope and purpose of bond

hearings. Such a requirement would require legal and political analyses beyond what would otherwise be considered at a bond hearing, and would place an unreasonable burden on overly burdened Immigration Judges. As to the second request, Immigration Judges should already be considering restrictions short of incarceration, including house arrest with electronic monitoring, in determining a detainee's flight risk and dangerousness. *Rodriguez II*, 715 F.3d at 1131.

On the other hand, Petitioners' request that the bond hearings be provided automatically and that the notice to detainees of the bond hearings be provided in plain language are consistent with the due process concerns of *Casas*, *Singh*, and *Rodriguez II*. The bond hearing process would be fraught with peril if the Court were to place the burden on detainees to request a bond hearing when the government is constitutionally obligated to provide those hearings. Accordingly, comprehendible notice must be provided to detainees for that notice to pass constitutional review.

Petitioners are entitled to judgment as a matter of law. Members of all four subclasses – Sections 1231, 1226(a), 1226(c), and 1225(b) – should be afforded bond hearings after six months of detention, consistent with *Rodriguez II*. The procedural requirements of the bond hearings should be consistent with the findings of the Ninth Circuit in *Singh*, and *Rodriguez II*. Additionally, bond hearings should be provided automatically, and plain language notice, in writing, of the bond hearings should be provided to detainees prior to the hearing.

It is further Ordered that Petitioners' motion for summary judgment be, and hereby is, Granted.

It is further Ordered that Respondents' motion for summary judgment be, and hereby is, Denied.

It is further Ordered, Adjudged and Decreed that Judgment be, and hereby is, Entered in favor of Petitioners and against Respondents.

It is further Ordered that Respondents and their agents, employees, assigns, and all those acting in concert with them be, and hereby are, Permanently Enjoined as follows:

1.     Respondents shall provide each class member, by the class member's 181st day of detention, with a a bond hearing before an Immigration Judge consistent with the substantive and procedural requirements set forth in this Order and *Casas*, *Singh*, and *Rodriguez II*.

2.     The bond hearings shall be recorded or transcribed so that a written record can be made available if an appeal is taken.

3.     At least seven days prior to providing any bond hearing conducted pursuant to this Order, Respondents shall provide written notice, in plain language, to the detainee of his or her upcoming bond hearing. For notice to be sufficient, Respondents must take reasonable steps to ensure receipt of the notice by the class member and class counsel.

4.     For class members who have already been detained for more than six months as of the date of this order, but who have not yet received a bond hearing pursuant to this Court's preliminary injunction, Respondents shall provide a bond hearing before an Immigration Judge consistent with the requirements of this Order and *Casas*, *Singh*, and *Rodriguez II,* within 30 days of the date of this Order.

5.     Within 60 days of the date of this Order, Respondents shall file a status report describing the steps taken to timely identify all current and future class members and to ensure that they receive bond hearings and notice of those hearings. Along with the status report, Respondents shall file under seal (with a copy served on class counsel) a list containing each class member's name and alien number, the date of any scheduled or completed bond hearing, whether the class member is or was represented, the Immigration Judge who conducted or will conduct the hearing, the bond amount set, if any, and whether any appeal has been taken. Respondents shall file and serve an updated status report and class member list every 90 days thereafter until August 1, 2015. The updated reports and lists shall include the information for all class members in detention as of the date of the prior report.

6.     If Respondents determine that an individual is not a class member even

though that individual (a) is detained in Respondents' custody within the Central District, (b) has been detained by Respondents for six months or longer, (c) is not detained under 8 U.S.C. § 1226a or 8 U.S.C. § 1531-37, and (d) remains detained even though the government does not have present authority to deport that individual, Respondents shall notify class counsel of that individual's circumstances and the reason Respondents believe that individual is not a class member.

7. For class members in detention as of the date of this Order, Respondents shall provide class counsel with notice of class member bond hearings at the same time that they provide notice to class members directly.

Date: August 6, 2013

Terry J. Hatter, Jr.
Senior United States District Judge

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239-TJH(RNBx) |
| Petitioners, | consolidated w/ <br> SA CV 11-01287-TJH(RNBx) |
| v. | Order |
| TIMOTHY S. ROBBINS, *et al.*, | and |
| Respondents. | Preliminary Injunction <br> [232] |

The Court has considered Petitioners' motion for a preliminary injunction, together with the moving and opposing papers.

It is Ordered that the motion be, and hereby is, Granted.

The Court finds that Petitioners have demonstrated a substantial likelihood of success on the merits, that they will suffer irreparable injury in the absence of a preliminary injunction, and that the balance of hardships tip sharply in their favor.

It is further Ordered that Respondents and their agents, employees, assigns, and all those acting in concert with them, are preliminarily enjoined as follows:

1. Within thirty days of the date of this order, Respondents shall identify all members of the Section 1225(b) and Section 1226(c) Subclasses and provide each of them with a bond hearing before an Immigration Judge with power to grant their release. The Immigration Judge shall release each Subclass member on reasonable conditions of supervision, including electronic monitoring if necessary, unless the government shows by clear and convincing evidence that continued detention is justified based on his or her danger to the community or risk of flight.

2. The bond hearings shall be recorded, so that transcriptions will be available in the event of any appeal.

3. Within thirty days of the date of this Order, Respondents shall develop a system to timely identify all future Subclass members and ensure that they receive such bond hearings.

Date:  September 13, 2012

Terry J. Hatter, Jr.
Senior United States District Judge

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | |
| ERIC H. HOLDER, *et al.*, | Order |
| Respondents. | [101] |

The Court has considered Plaintiff's motion for class certification, together with the moving papers and Respondents' statement of non-opposition.

To certify a class, it must satisfy commonality, typicality, numerosity, and adequacy requirements. Fed. R. Civ. P. 23(a). For subclasses to exist, each subclass must meet these requirements as well. Fed. R. Civ. P. 23(c)(5). The first requirement, commonality, ensures that all absent members of the class are adequately represented. *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998). This requirement has been construed permissively, as in, it is not necessary for all questions of law and fact to be exactly the same. *Hanlon v. Chrysler Corp.*, 150

F.3d 1011, 1019 (9th Cir. 1998). It is only necessary that there be a common core of operative facts and legal issues. *Hanlon*, 150 F.3d at 1019.

The second requirement, typicality, looks to whether the claims of the class representative adequately represent the claims of the class as a whole. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). The claims must, also, share parallel legal arguments. *Armstrong*, 275 F.3d at 849. Typicality is construed permissively as well, and only requires that the claims be reasonably similar, rather than identical. *Hanlon*, 150 F.3d at 1020.

Numerosity is satisfied if joinder of all parties is impractical. Fed. R. Civ. P. 23(a). A large number of plaintiffs generally satisfies this requirement. *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982).

Finally, adequacy is fulfilled if the counsel for each named representative is sufficiently qualified, there is a shared interest between representatives and absent class members, and it is unlikely the suit is collusive. *Walters*, 145 F.3d at 1046. Additionally, the Circuit already determined that the class satisfies Rule 23(b)(2)'s requirements, given that the class as a whole seeks declaratory and injunctive relief. *Rodriguez v. Holder*, 951 F.3d 1105, 1125-26 (9th Cir. 2010).

As for numerosity, Plaintiff conducted a random sampling from the government's list of 352 class members, and the result indicated that each subclass would contain at least forty five immigrants. Joinder of all of these people would be impractical, and thus the subclasses satisfy numerosity. The adequacy requirement is met, also, given that counsel consists of lawyers from the American Civil Liberties Union, and each named plaintiff is seeking identical relief as the absentee class members.

The proposed subclasses share a common question of law and fact, as well. The subclasses are divided along statutory lines, with each section containing a

subclass. Therefore, each subclass member shares a similar factual pattern, having been detained under that section's authority. Though most situations are not exactly the same, commonality does not mandate that the fact patterns be identical. *Hanlon*, 150 F.3d at 1019. Additionally, the questions of law under each section are the same: Whether that section can be interpreted to require a bond hearing after six months, or, conversely, whether the procedures already in place satisfy due process. Therefore, the commonality requirement is met.

As for the typicality requirement, each named representative has been detained under the authority of the various sections for over six months. Thus, the named plaintiff shares a common underlying fact pattern with the absent class members, otherwise he would be detained under a different section. Furthermore, the remedy the named plaintiff is seeking is identical to the other class members: Declaratory and injunctive relief, mandating a bond hearing after a detention of more than six months. Therefore, typicality is satisfied. Thus, all the requirements of Rule 23 are met for each subclass.

It is Ordered that Plaintiff's motion for class certification shall be, and hereby is, Granted.

Date: March 8, 2011

Terry J. Hatter, Jr.
Senior United States District Judge

1   AHILAN T. ARULANANTHAM (SBN 237841)
    Email: aarulanantham@aclu-sc.org
2   JENNIFER STARK (SBN 267062)
    Email: jstark@aclu-sc.org
3   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West 8th Street
4   Los Angeles, CA 90017
    Tel: (213) 977-5211
5   Fax: (213) 977-5297

6   **Attorneys For Petitioners**
    (Additional counsel listed on following page)
7

8

9                  **UNITED STATES DISTRICT COURT**

10           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11                       **WESTERN DIVISION**

12

13  ALEJANDRO RODRIGUEZ,              )   Case No. CV 07-3239-TJH (RNBx)
    ABDIRIZAK ADEN FARAH, YUSSUF      )
14  ABDIKADIR, ABEL PEREZ RUELAS,     )   **MEMORANDUM OF POINTS AND**
    JOSE FARIAS CORNEJO, ANGEL        )   **AUTHORITIES**
15  ARMANDO AYALA, *for themselves*   )
    *and on behalf of a class of similarly-* )  Honorable Terry J. Hatter
16  *situated individuals*,           )
                                      )   Hearing Date:  December 6, 2010
17          Petitioners,              )
                                      )   Hearing Time:  UNDER SUBMISSION
18          v.                        )
                                      )
19  ERIC H. HOLDER, JR., in his official )
    capacity as *United States Attorney* )
20  *General, et al.*                 )
                                      )
21          Respondents.              )
                                      )
22  ─────────────────────────────────

23

24

25

26

27

28

1   Additional Counsel:

2   JUDY RABINOVITZ
    AMERICAN CIVIL LIBERTIES FOUNDATION
3   IMMIGRANTS' RIGHTS PROJECT
    125 Broad Street, 18th Floor
4   New York, NY 10004
    Telephone: (212) 549-2618
5   Facsimile: (212) 549-2654

6   JAYASHRI SRIKANTIAH (SBN 189566)
    STANFORD LAW SCHOOL
7   IMMIGRANTS' RIGHTS CLINIC
    Crown Quadrangle
8   559 Nathan Abbott Way
    Stanford, CA 94305-8610
9   Telephone: (650) 724-2442
    Facsimile: (650) 723-4426

10
    STEVEN A. ELLIS (SBN 171742)
11  WILLIAM TRAN (SBN 245104)
    BRIAN K. WASHINGTON (SBN 248960)
12  SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
13  Los Angeles, California  90013-1010
    Telephone: (213) 896-6000
14  Facsimile: (213) 896-6600

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    adequate procedural safeguards, in violation of the class members' statutory and

2    constitutional rights.  To remedy this ongoing violation, Petitioners bring this action

3    seeking declaratory and injunctive relief on behalf of themselves and the class.

4    **II.    Proposed Subclasses**

5        Pursuant to this court's directive that the parties propose subclasses in this

6    action, Petitioners propose that the court certify four subclasses corresponding to each

7    of the general detention statutes.  Petitioners propose the following subclasses:

8        (1)    a subclass of class members detained under 8 U.S.C. §
9                  1225(b) represented by Petitioners Abdirizak Aden Farah and
                   Yussuf Abdikadir, see Exhibit 21 (Declaration of Abdirizak
10                 Aden Farah of Oct. 12, 2010);

11       (2)    a subclass of class members detained under 8 U.S.C. §
                   1226(a) represented by Petitioners Rodriguez and Abel Perez
12                 Ruelas, see Exhibit 22 (Declaration of Alejandro Rodriguez of
                   May 10, 2007), Exhibit 23 (Declaration of Abel Perez Ruelas
13                 of Oct. 12, 2010);

14       (3)    a subclass of class members detained under 8 U.S.C. §
                   1226(c) represented by Petitioner Jose Farias Cornejo, see
15                 Exhibit 24 (Declaration of Jose Farias Cornejo of Oct. 12,
                   2010); and

16       (4)    a subclass of class members detained under 8 U.S.C. §
17                 1231(a) represented by Petitioner Angel Armando Ayala, see
                   Exhibit 25 (Declaration of Angel Armando Ayala of Oct. 14,
18                 2010).

19   **III.    The Proposed Subclasses Meet the Requirements of Rule 23**

20       Subclassification is appropriate where groups of class members have "'separate

21   and discrete legal claims pursuant to particular federal and state constitutional,

22   statutory, and regulatory obligations of the defendants,'" and where subclassification

23   would serve the interests of practicality, economy, and effective representation.

24   Rodriguez v. Hayes, 591 F.3d 1105, 1123 (9th Cir. 2010) (quoting Marisol A. v.

25   Giuliani, 126 F.3d 372, 378-79 (2d Cir. 1997)); see also Fed. R. Civ. P. 23(c)(4)

26   (authorizing subclass certification where "appropriate").

27       "[E]ach subclass must independently meet the requirements of Rule 23 for the

28   maintenance of a class action."  Betts v. Reliable Collection Agency, Ltd., 659 F.2d

3

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | |
| JAMES HAYES, *et al.*, | Class Certification Order |
| Respondents. | |

Pursuant to the decision of the Ninth Circuit Court of Appeals in *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010), it is Ordered that the Petitioner Class be, and hereby is, Certified.

It is further Ordered that the Class Representative shall be Alejandro Rodriguez.

It is further Ordered that the Class's Counsel shall be Peter J Eliasberg, Ahilan T Arulanantham, Cecillia D Wang, Jayashri Srikantiah, Judy Rabinovitz, Monica M

Ramirez, Ranjana Nataranjan, Steven A. Ellis, William Tran, and Brian K. Washington.

It is further Ordered that the Class shall consist of all non-citizens within the Central District of California who: (1) are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, (2) are not and have not been detained pursuant to a national security detention statute, and (3) have not been afforded a hearing to determine whether their detention is justified.

Date: April 5, 2010

Terry J. Hatter, Jr.
Senior United States District Judge