**No. 20-55770**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ALEJANDRO RODRIGUEZ, et al.,
Petitioners-Appellees,

v.

WILLIAM BARR, et al.,
Respondents-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:07-cv-03239-TJH

**REPLY BRIEF**

JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*
Civil Division

ERNESTO MOLINA
*Deputy Director*
Office of Immigration Litigation

SARAH S. WILSON
*Senior Litigation Counsel*
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-532-4700
sarah.s.wilson@usdoj.gov

# **TABLE OF CONTENTS**

Introduction ................................................................................................ 1

Argument ..................................................................................................... 2

   I.   The district court's preliminary injunction order is inconsistent with *Winter* and the Supreme Court's remand instructions in *Jennings*. .................................. 2

     A.  The district court's order violates the Supreme Court's remand instructions. ..................................................................................... 6

     B.  This Court's remand order did not decide the issues raised this appeal.... 11

   II.  The Court has jurisdiction over the appeal. ................................................. 15

     A.  The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a)(1). ................................................................................ 16

     B.  The Court has pendent appellate jurisdiction over the district court's denial of the motion for decertification. .................................................. 18

Conclusion ................................................................................................. 25

Certificate of Compliance ............................................................................. 1

Certificate of Service ................................................................................... 2

i

# TABLE OF AUTHORITIES

## CASES

*Abdi v. McAleenan*,
  405 F. Supp. 3d 467 (W.D.N.Y. 2019) .................................................. 4

*Aleman Gonzalez v. Barr*,
  955 F.3d 762 (9th Cir. 2020) ............................................................... 24

*Barnes v. Healy*,
  980 F.2d 572 (9th Cir. 1992) ............................................................... 17

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ......................................................... 20, 22

*Carpenter v. Boeing Co.*,
  456 F.3d 1183 (10th Cir. 2006) ........................................................... 23

*Clinton v. Jones*,
  520 U.S. 681 (1997) ............................................................................ 25

*Columbia Gas Transmission LLC v. An Easement to Construct, Operate &*
  *Maintain a 20-Inch Gas Transmission Pipeline*,
  797 F. App'x 64 (3d Cir. 2019) ........................................................... 25

*Dep't of Homeland Sec. v. Thuraissigiam*,
  140 S. Ct. 1959 (2020) ......................................................................... 4

*Fleischman v. Albany Med. Ctr.*,
  639 F.3d 28 (2d Cir. 2011) .................................................................. 23

*Golden Gate Hotel Ass'n v. City & County of San Francisco*,

18 F.3d 1482, 1483 (9th Cir.1994) ....................................... 5

*Gutierrez v. Johnson & Johnson,*
523 F.3d 187 (3d Cir. 2008) ............................................... 23

*Hernandez v. City of San Jose,*
897 F.3d 1125 (9th Cir. 2018) ..................................... 19, 24

*Immigrant Assistance Project of AFL-CIO v. INS,*
306 F.3d 842 (9th Cir. 2002) ............................................ 20

*In re DC Water & Sewer Auth.,*
561 F.3d 494 (D.C. Cir. 2009) .......................................... 22

*Jenkins v. BellSouth Corp.,*
491 F.3d 1288 (11th Cir. 2007) ........................................ 22

*Jennings v. Rodriguez,*
138 S. Ct. 830 (2018) ............................................ 1, *passim*

*Lair v. Bullock,*
697 F.3d 1200 (9th Cir. 2012) .......................................... 23

*Life Alert Emergency Response, Inc. v. LifeWatch, Inc.,*
601 F. App'x 469 (9th Cir. 2015) ...................................... 18

*Lopez v. Massachusetts,*
588 F.3d 69 (1st Cir. 2009) .............................................. 18

*McGrew v. Duncan,*
937 F.3d 664 (6th Cir. 2019) ............................................ 25

iii

*McNamara v. Felderhof,*
410 F.3d 277 (5th Cir. 2005) .............................................................. 22

*Microsoft Corp. v. Baker,*
137 S. Ct. 1702 (2017) ..................................................... 19, *passim*

*Miller v. Gammie,*
335 F.3d 889 (9th Cir. 2003) .............................................................. 22

*Mogard v. City of Milbank,*
932 F.3d 1184 (8th Cir. 2019) ........................................................... 25

*Munaf v. Geren,*
553 U.S. 674, 128 S. Ct. 2207 (2008) ................................................. 3

*Nucor Corp. v. Brown,*
760 F.3d 341 (4th Cir. 2014) .............................................................. 22

*Nutraceutical Corp. v. Lambert,*
139 S. Ct. 710 (2019) ....................................................... 19, *passim*

*Paige v. State of Cal.,*
102 F.3d 1035 (9th Cir. 1996) ...................................................... 18, 20

*Patel v. City of Madison, Alabama,*
959 F.3d 1330 (11th Cir. 2020) ......................................................... 25

*Penate v. Hanchett,*
944 F.3d 358 (1st Cir. 2019) .............................................................. 25

*Puente Ariz. v. Arpaio,*
821 F.3d 1098 (9th Cir. 2016) ........................................................... 20

*Reid v. Donelan*,
    390 F. Supp. 3d 201 (D. Mass. 2019) ................................................................. 4

*Rodriguez v. Marin*,
    909 F.3d 252 (9th Cir. 2018)................................................................ 1, *passim*

*Rodriguez v. Robbins*,
    715 F.3d 1127 (9th Cir. 2013)................................................................. 4

*Rodriguez v. Robbins*,
    804 F.3d 1060 (9th Cir. 2015)............................................................ 1, *passim*

*Sajous v. Decker*,
    No. 18-CV 2447 (AJN), 2018 U.S. Dist. LEXIS 86921, 2018 WL 2357266
    (S.D.N.Y. May 23, 2018) ................................................................. 4

*Singleton v. Cannizzaro*,
    956 F.3d 773 (5th Cir. 2020)................................................................ 25

*Swint v. Chambers County Commission*,
    514 U.S. 35 (1995) ................................................................. 18, 23

*United States ex rel. Citynet, LLC v. Gianato*,
    962 F.3d 154 (4th Cir. 2020)................................................................ 25

*Walker v. Life Ins. Co. of the Sw.*,
    953 F.3d 624 (9th Cir. 2020)................................................................ 22

*Winter v. Natural Resources Defense Council*,
    555 U.S. 7 (2008) ................................................................. 1, *passim*

*Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*,
    968 F.3d 1156 (10th Cir. 2020)................................................................ 25

## **<u>STATUTES</u>**

8 U.S.C. § 1225(b) ................................................................. 4

8 U.S.C. § 1226 .................................................................. 4

28 U.S.C. § 1292(a)(1) ........................................... 16, *passim*

# INTRODUCTION

The district court erred by denying the government's motion to vacate the injunction and decertify the class without considering the merits of the motion based on its misreading of this Court's remand order in *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) ("*Marin*"). The district court held that this Court prohibited it from making any changes to the permanent injunction (entered on statutory claims that have since been denied and dismissed) prior to resolving the constitutional claims. Excerpts of Record ("ER") 7. As a result of this misreading, the district court concluded that it must convert the permanent injunction order into a preliminary injunction, and could not consider class issues ahead of final briefing on the constitutional claims. *Id*. The injunction order conflicts with *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), which prohibits entry of a classwide preliminary injunction without considering whether the class is likely to succeed on the merits of the claims at issue, and the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), which instructed the court to consider class issues prior to addressing the constitutional claims.

In response, Petitioners do not even attempt to defend the order as consistent with *Winter* and *Jennings*. Instead, Petitioners claim that this Court's remand order entitles them to a holdover injunction without having to make any showing on the merits of their constitutional claims or class certification. But all injunctions

require a merits assessment and, to date, no Court has determined that class treatment is appropriate for the constitutional claims—much less determined that the class is likely to succeed in obtaining the very same classwide injunction awarded on the statutory claims as relief on the constitutional claims. Thus, regardless whether the district court understood itself to be entering a new injunction or preserving an existing one, the injunction is fundamentally flawed for the simple reason that a federal court has no authority to enter or preserve an injunction on the basis of constitutional claims before the court has found that the plaintiffs are likely to succeed on the merits of those claims. The district court therefore erred by denying the government's motion to vacate and decertify without giving the motion due consideration. The Court should vacate the district court's preliminary injunction order and remand for proper consideration of the government's motion to decertify the class.

## ARGUMENT

I.     **The district court's preliminary injunction order is inconsistent with *Winter* and the Supreme Court's remand instructions in *Jennings*.**

The district court interpreted this Court's remand order as prohibiting it from considering any issues or motions that could result in a termination of the injunction before a consideration of the merits of the constitutional claims, and as a result denied the government's motion to vacate the injunction and decertify the class without considering any of the substantive arguments raised therein. That

reading of the remand order is patently incorrect as it interprets it in a manner that is inconsistent with both the Supreme Court's remand instructions and *Winter*'s fundamental pre-requisites to ordering injunctive relief.

### A. The district court's order violates *Winter* because there has been no examination of the likelihood of success on Petitioners' constitutional claims.

The district court "deemed" the permanent injunction entered on the class' statutory claims "to be, in effect, a preliminary injunction" on their constitutional claims without first evaluating the merits of the claims. ER 7. But preliminary injunctive relief is only appropriate if the moving party can satisfy the standard set forth in *Winter*, 555 U.S. at 24. The party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 24 (citing *Munaf v. Geren,* 553 U.S. 674, 689-690 (2008)). The district court plainly did not comply with *Winter*. It did not discuss the merits of the constitutional claims, or any of the other *Winter* factors, ER 4-19. Instead the district court described its decision as being based on its "obligation" and "duty" to create a procedural justification for this Court's remand order. ER 7-8. The district court erred as every injunction has to be supported by, at a minimum, a finding that

3

the preliminary relief is likely to be made permanent at the end of the litigation. No Court has made that finding with regard to Petitioners' constitutional claims.

Petitioners all but concede the *Winter* standard is not satisfied here. Petitioners do not answer the government's argument that every court to examine the constitutionality of sections 1225(b) and 1226(c) since *Jennings* has held that there is no brightline constitutional entitlement to bond hearings after six months. *See, e.g., Abdi v. McAleenan*, 405 F. Supp. 3d 467 (W.D.N.Y. 2019) (rejecting a brightline constitutional standard for section 1225(b)); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019)) (rejecting a brightline constitutional standard for section 1226(c)); *Sajous v. Decker,* No. 18-CV 2447 (AJN), 2018 U.S. Dist. LEXIS 86921, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018) (rejecting a brightline constitutional standard for section 1226(c)). Nor do Petitioners respond to the government's argument that the law of the case directly forecloses granting classwide constitutional relief to the section 1225(b) subclass, *see Rodriguez v. Robbins*, 715 F.3d 1127, 1140 (9th Cir. 2013) ("*Rodriguez II*") (that section 1225(b) is "clearly" constitutional in "likely the vast majority" of circumstances.), and that the Supreme Court's recent affirmation of the entry fiction in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1982 (2020), is determinative of that subclass' constitutional claim. Altogether, the case law firmly establishes that

4

the class is not likely to succeed in showing that these three statutes are subject to a brightline constitutional limit. The injunction is therefore inconsistent with *Winter*.

Instead, Petitioners claim that the district court was not required to apply *Winter* because this is not a preliminary injunction, but merely a continuation of "the same injunction that has been in place since 2013." Petitioners-Appelles' Brief ("Pet. Br.") at 12. The district court held otherwise, and Petitioners' insistence that the injunction is a permanent injunction defies civil procedure. A permanent injunction is a final order. *Golden Gate Hotel Ass'n v. City & County of San Francisco,* 18 F.3d 1482, 1483 (9th Cir. 1994). To date, the only claims that have progressed to a final judgment have been rejected and dismissed. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Rodriguez v. Robbins*, 804 F.3d 1060, 1086 (9th Cir. 2015) ("*Rodriguez III*"). Far from supporting the district court's order, Petitioners' argument only underscores the need for vacatur. The 2013 injunction was entered—exclusively—on the class' statutory claim. *Marin*, 909 F.3d at 255 ("[T]he district court . . . 'had no occasion to consider [the] constitutional arguments on their merits.'"); *Jennings,* 138 U.S. at 851 ("The Court of Appeals . . . had no occasion to consider respondents' constitutional arguments on their merits."). In *Jennings*, the Supreme Court eliminated the legal basis for the injunction and with it any grounds for continuing the permanent injunction. 138

U.S. at 851. Final judgment has not been entered on any other claim. Therefore, there can be no permanent injunction in this case.

The injunction here expires upon entry of a final determination on the claims, and therefore is, by its plain terms, a preliminary injunction. Preliminary injunctive relief can only be entered consistent with *Winter*. The district court failed to apply *Winter* here, and therefore the preliminary injunction must be vacated.

## A.     The district court's order violates the Supreme Court's remand instructions.

The Supreme Court instructed this Court to reexamine whether Petitioners can continue litigating their claims as a class "*before*" considering the constitutional claims. *Jennings*, 138 S. Ct. at 851 ("Before the Court of Appeals addresses th[e] [constitutional] claims, however, it should reexamine whether respondents can continue litigating their claims as a class."). This Court delegated that responsibility to the district court and further directed it "to reexamine whether the class should remain certified *for consideration of the constitutional issues* . . . and as a means for resolving petitioners' due process clause claims." *Marin*, 909 F.3d at 255. The government's motion to vacate and decertify asked the district court to do just that—"reexamine whether the class should remain certified," *see Marin*, 909 F.3d at 255, "before" determining whether the injunction is appropriate as a remedy for the constitutional claims, *Jennings*, 138 S. Ct. at 851. The district

6

court refused based on its erroneous view that this Court had "ordered the permanent injunction to remain in effect" and that consideration of the certification issues conflicted with that order. ER 8. This Court should reverse the district court's misreading of the remand order, and direct the district court to consider the certification issues as a necessary part of the question of whether classwide injunctive relief is appropriate in the first place.

i. Petitioners engage in some revisionist history to suggest that the district court declined to consider certification issues based—not on this Court's order— but on its silent concern that the motion could not be resolved without further discovery. Pet. Br. 30-34. Petitioners compound this error by urging the Court to review this unrecorded finding under the wrong legal standard. Petitioners fail to justify the district court's erroneous reading of the remand order as strictly limiting when the certification questions can be considered. Addressing those questions is necessary to determining whether the *Winter* standard is satisfied as to class-based relief, as well as to complying with the Supreme Court's remand instructions to consider these issues a pre-requisite to reaching the constitutional claims.

Petitioners cannot assign the district court a wholly different motive for its decision and then urge the Court to defer to Petitioners' supplied reasoning under the "abuse of discretion" standard of review. Pet. Br. at 30. The district court did not rely on the need for discovery in denying the motion to vacate and decertify.

Rather, the district court stated that "because the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending the consideration of the constitutional issues, this Court is obligated to follow those instructions." ER 7. The district court relied on this misreading of the remand order as "order[ing] the permanent injunction to remain in effect," and concluded that it could not decertify the case at this stage as it "would move the case backward, not forward." ER 8. Thus, the basis for the district court's order was *exclusively* its misreading of this Court's order. This Court must correct the district court's misreading and remand for proceedings consistent with the Supreme Court's direction to "first" consider certification issues before entering *any* relief on the constitutional claims.

There is no reason to believe that additional discovery is needed here. Extensive discovery was conducted in this case and closed in 2013, after being open for years. Although the parties are currently engaged in some limited discovery, it is confined to matters that could not have been addressed during the original discovery period—namely, updates to the data relating to individuals who were released under the injunction. These matters have no bearing on the critical question of whether the very nature of these claims precludes one-size-fits-all constitutional relief.

More importantly, if (after more than a decade) Petitioners have not amassed sufficient evidence to support class certification on their constitutional claims, then

they are not entitled to a classwide injunction on them. To the extent Petitioners want to rely on a lack of discovery to stave off a certification challenge, they cannot do so while maintaining a classwide injunction that they have not yet subjected to the rigors of the *Winter* analysis. Thus, Petitioners' manufactured discovery justification fails to support the district court's error in entering preliminary injunctive relief without considering the merits of the government's decertification motion.

ii. Petitioners also claim that the government is not entitled to relief because it is merely "conjecture that the district court might" not consider the class issues before the merits. Pet. Br. at 32. This badly misses the point. Even if the district court ultimately adopts Petitioners' "roadmap," the government is entitled to immediate relief based on the district court's failure to consider the motion before affording Petitioners' injunctive relief on the constitutional claims. The question of whether a class can be certified is a critical issue in determining whether a classwide preliminary injunction is legally justified. But not only did the district court ignore the certification issues prior to adopting a preliminary injunction, it expressly indicated that it will not consider certification issues for the life of the preliminary injunction. As the government has explained, that is not consistent with *Winter* because it obstructs any consideration of a likelihood in succeeding in obtaining relief on a classwide basis consistent with Rule 23's requirements. It is

also inconsistent with the Supreme Court's explicit instruction to consider these class issues "before the Court . . . addresses th[e] [constitutional] claims"—not simultaneously with final judgment briefing. *Jennings,* 138 S. Ct. at 851-52. Indeed, if the district court had complied with *Winter*, there would be no way to enter a preliminary injunction without "address[ing]" the constitutional claim. *Id.* The fact that it erroneously did so here, does not mean that the district court complied with the Supreme Court's instructions. The Supreme Court ordered the court to consider Rule 23 first, and the district court erred in construing this Court's order as prohibiting compliance with that instruction.

In any event, it is Petitioners who are engaging in baseless conjecture—far from making it "clear it would consider the issue after discovery," Pet. Br. at 31, the district court's order makes no mention of discovery at all. Instead, the district court interpreted this Court's remand order as restricting its authority to consider decertification issues, and clearly stated that the injunction will remain in place through a "final resolution of Petitioners' constitutional claims." ER 7-8. Thus, the plain text of the order is directly contrary to Petitioners' assurances that the district court will "no doubt" and "surely" reach the class issue before the merits. Pet. Br. at 32.

At bottom, Petitioners are suggesting that this Court is powerless here because there remains a possibility that the district court may find a way to stay

within technical compliance with the Supreme Court's order. Even if that were correct, the power of this Court is not so limited. The district court's basis for not considering the merits of the decertification motion is an erroneous interpretation of this Court's remand order as setting a term of the injunction that prevents decertification prior to final briefing. This is a plain error and it is this Court's obligation to correct it so that the government's motion may be considered in a manner consistent with *Winter* and *Jennings*.

**B.      This Court's remand order did not decide the issues raised this appeal.**

Petitioners argue that the remand order already decided this appeal. It is true that the government previously moved this Court to vacate the injunction, but in declining to vacate the injunction, this Court was not directing the district court to maintain the injunction, and certainly not requiring (contrary to the Supreme Court's remand order) that the district court refuse to decide any challenges to class certification until *after* it "resolv[ed]" the Petitioners' constitutional claims on the merits. ER 7, 14. Rather, this Court remanded for consideration of the very same "vital constitutional" issues raised by the government's motion to vacate and decertify, and the district court erred by failing to afford them due consideration.

Perhaps the clearest indication that this Court did not order that the injunction must remain in place is that it lacked the legal authority to do so. The Supreme Court has reversed on the claim underlying the injunction, eliminating

any grounds for a permanent injunction, and Petitioners have never moved for a preliminary injunction on the constitutional claims. Even if an appellate court could sua sponte enter an injunction, it could not enter it in a way that prevents the district court from taking up a motion to vacate the injunction or decertify the class.

Moreover, this Court stopped far short of finding Petitioners entitled to a preliminary injunction on the constitutional claims. The Court did not cite *Winter* anywhere in the order and did not address any of the factors for preliminary injunctive relief. In fact, the Court made clear that it was not deciding any of the issues remanded by the Supreme Court and was instead remanding them to be considered by the district court "in the first instance," deferring to the district court's "vastly" greater "experience with class litigation." *Marin*, 909 F.3d at 255.

This Court's reasoning also fails to give sufficient support for the preliminary injunction entered. The Court began by confirming that the constitutional claims are governed by a stricter legal standard than applied to the statutory claims. *Compare Rodriguez III*, 804 F.3d at 1083 (class's entitlement to relief to be determined based on the relief available to the subclass member with the *strongest* claim) *with Marin*, 909 F.3d at 255 ("the district court should determine 'the *minimum* requirements of due process' for each subclass."). The Court also openly questioned the continued validity of two critical features of the

injunction and ordered the district court to "reassess and reconsider both the clear and convincing evidence standard and the six-month bond hearing requirement." *Marin*, 909 F.3d at 256, 257. The Court acknowledged that the "[t]he composition of the various subclasses may also require reconsideration." *Id*. at 255. Altogether, the reasoning of the remand order does not establish that it is likely that Petitioners will prevail in maintaining a class for the constitutional claim or ultimately be awarded the very same injunctive relief reversed by the Supreme Court in *Jennings*. Thus, the remand order falls well short of requiring entry of a preliminary injunction on the constitutional claims.

Petitioners claim that the government's reading of the remand order is inconsistent with the government's patience on remand, ECF 18 at 26. But the government has consistently repeated its view that a continued injunction could only be supported by a finding by a court that there was a likelihood that they would be able to obtain the same relief on a classwide constitutional claim, which in the government's view should be taken up on Petitioners' motion. Meanwhile, Petitioners moved to amend the petition and in the amended petition proposed modifications to the class definitions, which in the government's view presented an opportunity for all of the vacatur and class-based issued to be resolved in one set of briefing. After completing briefing on the government's motion to dismiss the amended petition, however, Petitioners communicated that they did not intend to

move to modify their class definitions prior to final judgment briefing. At that point, the government elected to move forward on briefing the vacatur and decertification itself.

Finally, Petitioners baselessly assert that the government "criticize[d] the district court" for the "pace of this litigation," where the government's brief contains no such criticism. Pet. Br. at 20. As Petitioners correctly point out, the schedule of this case has been mutually agreed upon. Pet. Br. at 9-10. All of the extension requests came in the form of joint stipulations, with the longest extensions initially proposed by Petitioners. It therefore makes little sense that Petitioners open their brief by accusing the government of "seeking *eleven* extensions of time" as if those were unilateral requests or are in any way relevant to the issues here. Pet. Br. at 3.

This appeal is not about the pace of this litigation. It is about whether the preliminary injunction may be lawfully imposed without applying *Winter* and while refusing to consider the merits of the government's decertification arguments. Ensuring that preliminary relief is legally justified is especially important because, as this case demonstrates, cases can be drawn out due to unforeseen circumstances that are beyond the parties' control. Thus, in such instances preliminary relief could remain in place for a significant period, but the

court must remain willing to consider valid arguments regarding the continued propriety of preliminary relief. The district court erred by failing to do so here.

## II.    The Court has jurisdiction over the appeal.

In this appeal, the government seeks only one thing: to vacate the district court's improvident order affording Petitioners an injunction on the now-dubious class's constitutional challenges so that the case may proceed in the manner directed by the Supreme Court. The government argues that the district court's interpretation of the *Marin* remand order (and the injunction itself) violates the Supreme Court's decision in *Winter*, 555 U.S. at 20, which requires that the district court apply the *Winter* factors *prior* to entering any preliminary injunction, and the Supreme Court's decision in this case, which directed that class certification issues be decided ahead of any decision regarding whether relief is appropriate. Altogether, Petitioners move to "dismiss" one paragraph of the government's opening brief in which it argues, "The district court erred in maintaining the injunction without considering the government's motion to decertify." Respondents-Appellant's Brief ("Resp. Br.") at 14-15. Petitioners incorrectly claim that the government was required to seek permission to file an interlocutory appeal prior to making this argument in its appeal of the preliminary injunction order—an appeal over which Petitioners concede this Court has jurisdiction consistent with 28 U.S.C. § 1292(a)(1). Whether under section 1292(a)(1) or as a matter of

pendent appellate jurisdiction, this Court undoubtedly has jurisdiction to consider whether the district court's preliminary injunction order conflicts with the Supreme Court's instructions in this case and the longstanding prerequisites for obtaining preliminary injunctive relief. After all, there cannot be classwide preliminary relief where class certification is not appropriate for the claims.

A.   **The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a)(1).**

This appeal is a challenge to the district court's preliminary injunction order and the procedures attendant to its issuance. Section 1292 affords this Court jurisdiction over "interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions. 28 U.S.C. § 1292(a)(1). The district court entered the injunction based on its reading of this Court's remand order as requiring it to maintain the injunction without any consideration of the merits of the injunction, the Supreme Court's remand instructions, or the propriety of class treatment, and determined that the injunction must continue through to a decision on the merits. In this appeal, the government challenges the injunction—not the decertification decision—as entered in a manner that violates both *Winter* and *Jennings*.

This Court has jurisdiction to consider the terms, scope, and duration of the preliminary injunction order consistent with section 1292(a)(1). *See Barnes v. Healy*, 980 F.2d 572, 576 (9th Cir. 1992) ("We review a challenge to the scope of

preliminary injunctive relief for abuse of discretion, erroneous legal standards, or clearly erroneous factual findings."). The government's arguments here fall squarely within this review. First, the Court has jurisdiction to consider whether it was error to enter the injunction without considering arguments that have an impact on the merits and scope of the classwide injunction. *Id.* (recognizing review for legal error). Second, the Court also has jurisdiction to consider whether the preliminary injunction is based on a misinterpretation of this Court's remand order requiring the now-vacated permanent injunction remain in place without consideration of the merits or the government's motion for decertification. *See id.* ("We review a challenge to the scope of preliminary injunctive relief for abuse of discretion, erroneous legal standards, or clearly erroneous factual findings."). Finally, the Court has jurisdiction to consider whether the district court's determination that the preliminary injunction prohibits the consideration of any class-based arguments for the duration of the preliminary injunction, and whether that determination is inconsistent with the Supreme Court's remand instructions. *See, e.g., Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, 601 F. App'x 469, 472 (9th Cir. 2015) (evaluating the terms and scope of preliminary injunction order). Any of these arguments provide ample grounds for this Court to vacate the preliminary injunction consistent with the review authorized by 28 U.S.C. § 1292(a)(1).

17

**B. The Court has pendent appellate jurisdiction over the district court's denial of the motion for decertification.**

The challenged portion of the government's brief also satisfies the standard for pendent appellate jurisdiction. In *Swint v. Chambers County Commission*, 514 U.S. 35 (1995), and *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997), the Supreme Court recognized a narrow path for application of pendent appellate jurisdiction where a collateral order is inextricably intertwined with an order that is reviewable on appeal. Following *Swint*, all circuits adopted the "inextricably intertwined" standard for accepting pendent appellate jurisdiction over related claims. *Lopez v. Massachusetts*, 588 F.3d 69, 82 (1st Cir. 2009) (collecting cases); *see Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996). The government's argument here satisfies that standard, and Petitioners are plainly wrong that *Microsoft* or *Lambert* eliminated this Court's longstanding precedent recognizing its authority to assert pendent appellate jurisdiction over matters intertwined with issues subject to appellate review. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017), and *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 713 (2019). Pendent appellate jurisdiction therefore provides an alternative basis for jurisdiction here.

1. The government's argument easily satisfies the inextricably intertwined standard for pendent appellate jurisdiction.

Even if the above arguments constituted an appeal of the district court's denial of decertification, the Court should accept pendent jurisdiction over the

challenge. The standard is "satisfied where the issues are (a) so intertwined that the Court must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1139-40 (9th Cir. 2018).

Here, the resolution of the district court's misreading of the *Marin* remand order necessarily resolves the government's challenges to both the district court's preliminary injunction order and the district court's handling of the class decertification motion. The district court failed to consider the merits of either motion based on its reading of the same sentence of this Court's remand order: "[l]ike the Supreme Court, we will not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Marin*, 909 F.3d at 256. Thus, the Court's determination of whether the district court properly interpreted that line resolves the government's challenge to both orders.

Although "the Court 'interprets the inextricably intertwined standard narrowly' and applies it in 'extremely limited' circumstances," *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016), it is also readily satisfied here. This Court has consistently applied pendent jurisdiction to review class issues when reviewing classwide preliminary injunction orders. *See, e.g., Paige*, 102 F.3d at 1039; *Immigrant Assistance Project of AFL-CIO v. INS*, 306 F.3d 842, 868-70 (9th

19

Cir. 2002); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 984 (9th Cir. 2007). In addition, for the reasons discussed above, review of the scope and terms of the injunction are necessarily intertwined with review of the reason the district court denied the decertification motion. Thus, the Court has jurisdiction here.

2. *Microsoft* and *Lambert* did not eliminate pendent appellate jurisdiction over the argument asserted here.

Petitioners claim that the Supreme Court has implicitly overruled this Court's longstanding precedent extending pendent appellate jurisdiction to claims that otherwise would have to be appealed consistent with Federal Rule of Civil Procedure 23(f)'s procedures for seeking permission to appeal "an order granting or denying class-action certification."[1] Petitioners cite *Microsoft*, 137 S. Ct. at

---

[1] Rule 23(f) provides:

A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omiss1ion occurring in connection with duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omiss1ion occurring in connection with

1709, and *Lambert*, 139 S. Ct. at 713. In *Microsoft*, the Court held that a plaintiff who was denied certification and the ability to appeal the ruling under Rule 23(f) could not voluntarily dismiss its claims in order to obtain review of the certification order. 137 S. Ct. at 1709. The Court so held because voluntary dismissal did not constitute an appealable final judgment for purposes of a provision not at issue here—28 U.S.C. § 1291. *Id*. In *Lambert*, the Court interpreted Rule 23(f) to hold that, in order to appeal from a denied motion for reconsideration of a class certification order, the motion for reconsideration must be filed within 14 days of the original order. 139 S. Ct. at 713. Petitioners claim that *Microsoft* and *Lambert* are "clearly irreconcilable" with "permit[ting] circumvention of Rule 23(f)." Pets. Mot. at 9; *see Miller v. Gammie*, 335 F.3d 889, 893, 899-900 (9th Cir. 2003) (en banc).

Even if *Microsoft* or *Lambert* narrowed some portion of this Court's pendant appellate jurisdiction, it would not apply here. As Petitioners now acknowledge, a challenge to a denial of decertification appeal is not covered by Rule 23(f). Pet. Br at 23 (citing *Walker v. Life Ins. Co. of the Southwest*, 953 F.3d 624, 636 (9th Cir. 2020)). This Court recently joined "every circuit to consider the issue" in holding that an "order that leaves the status quo of a prior certification order unchanged

---

duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

neither grants nor denies class-action certification, as required to render an order appealable under Rule 23(f)." *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 636 (9th Cir. 2020) (citing *In re Wholesale Grocery Prods. Antitrust Litig.*, 849 F.3d 761, 765-66 (8th Cir. 2017); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559-60 (7th Cir. 2016); *Nucor Corp. v. Brown*, 760 F.3d 341, 343 (4th Cir. 2014); *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31-32 (2d Cir. 2011); *In re DC Water & Sewer Auth.*, 561 F.3d 494, 496-97 (D.C. Cir. 2009); *Gutierrez v. Johnson & Johnson,* 523 F.3d 187, 193-94 (3d Cir. 2008); *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291-92 (11th Cir. 2007); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005)).

As Rule 23(f) does not govern appeals from an order denying class certification, the appropriate test is the one this Court, sitting en banc, applied to the same question in *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007). As Petitioners aptly point out in their Motion to Dismiss, in *Bates*, this Court did not mention Rule 23(f) in finding pendent appellate jurisdiction to review an order denying a motion for decertification and looked only at whether the decertification decision was inextricably intertwined with its review of the injunction. *Microsoft* did not disturb that holding.

*Microsoft* and *Lambert* are not "clearly irreconcilable" with this Court's precedent recognizing jurisdiction here. "The 'clearly irreconcilable' requirement is 'a high standard.'" *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) (quoting *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013)). It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal citation omitted) (quoting *United States v. Orm Hieng*, 679 F.3d 1131, 1140-41 (9th Cir. 2012), and *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (per curiam)). "In order for [the Court] to ignore existing . . . precedent the reasoning and principles of [the later authority] would need to be so fundamentally inconsistent with [the] prior cases that [the] prior cases cannot stand." *Aleman Gonzalez v. Barr*, 955 F.3d 762, 765 (9th Cir. 2020) (quoting *In re Gilman*, 887 F.3d 956, 962 (9th Cir. 2018)). If the Court "can apply [its] precedent consistently with that of the higher authority, [it] *must* do so." *Id.* (quoting *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019)) (emphasis in original).

Neither *Microsoft*'s nor *Lambert*'s holding involve pendent appellate jurisdiction or in any way question the standard the Supreme Court outlined for pendent jurisdiction in *Swint*, 514 U.S. at 35, and *Jones*, 520 U.S. at 707 n.41.

*Lambert*'s holding narrowly addresses how to perfect a Rule 23(f) appeal and does not speak to the distinct question of whether pendent jurisdiction can support such an appeal without satisfying Rule 23(f). 139 S. Ct. at 713. This Court has continued to recognize pendent jurisdiction over class issues even after the promulgation of Rule 23(f). Pet. Mot. at 8-9. *Microsoft*'s holding is limited to what constitutes a final appealable judgment consistent with 28 U.S.C. § 1291. 137 S. Ct. at 1709. Its discussion of 23(f) makes the point that plaintiffs should not be permitted to engineer their own interlocutory appeals designed to interrupt the district court proceedings. *See id*. That reasoning does not apply where the appellate court already has jurisdiction over an interrelated issue, the decision to appeal is not in the hands of only one side, and the appeal does not end the district court's jurisdiction over the case.

Since *Microsoft*, this Court has continued to find pendent appellate jurisdiction over "non-appealable ruling[s] . . . inextricably intertwined with a claim properly before the Court on interlocutory appeal." *See, e.g.*, *Hernandez*, 897 F.3d at 1132 ("The Court may also exercise pendent appellate jurisdiction over an otherwise non-appealable ruling if the ruling is inextricably intertwined with a claim properly before the Court on interlocutory appeal."); *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 (9th Cir. 2018) ("Under the doctrine of pendent appellate jurisdiction, we may review an otherwise non-appealable ruling

when it is 'inextricably intertwined' with or 'necessary to ensure meaningful review of' the order properly before us."). Indeed, all of the circuit courts have explicitly reaffirmed their "inextricably intertwined" standard for finding pendent appellate jurisdiction since *Microsoft* and *Lambert*. *See, e.g., Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*, 968 F.3d 1156, 1166 (10th Cir. 2020); *Patel v. City of Madison, Alabama*, 959 F.3d 1330, 1337 (11th Cir. 2020); *Singleton v. Cannizzaro*, 956 F.3d 773, 785 (5th Cir. 2020); *United States ex rel. Citynet, LLC v. Gianato*, 962 F.3d 154, 161 (4th Cir. 2020); *Penate v. Hanchett*, 944 F.3d 358, 369 (1st Cir. 2019); *McGrew v. Duncan*, 937 F.3d 664, 670 (6th Cir. 2019); *Mogard v. City of Milbank*, 932 F.3d 1184, 1192 (8th Cir. 2019), reh'g denied (Sept. 19, 2019); *Mirlis v. Greer*, 804 F. App'x 4, 7 (2d Cir. 2020); *Columbia Gas Transmission LLC v. An Easement to Construct, Operate & Maintain a 20-Inch Gas Transmission Pipeline,* 797 F. App'x 64, 67 (3d Cir. 2019). This Court should not change course here.

## CONCLUSION

This Court should vacate the injunction order and remand for proper consideration of the government's motion to decertify the class.

Dated: December 22, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERNESTO MOLINA

Deputy Director

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 532-4700

Attorneys for Respondents-Appellants

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(A-C) and Ninth Circuit Rule 32-1, I certify that the Brief For Respondents-Appellants was prepared using Microsoft Word using Times New Roman, 14 point, font type; is proportionally spaced; and contains 5,984 words.

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

 */s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
U.S. Department of Justice