No. 20-55770

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

TIMOTHY ROBBINS, et al.,
Respondents-Appellants,

v.

ALEJANDRO RODRIGUEZ, et al.,
Petitioners-Appellees.

---

On Appeal from the United States District Court, Central District of California
No. CV 07-3239-TJH (RNB)

---

# OPPOSITION TO PETITIONERS' MOTION TO STAY PROCEEDINGS

---

SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: 202-532-4946
Shane.a.young@usdoj.gov

Attorney for Respondents-Appellants

Respondents-Appellants ("Respondents"), through undersigned counsel, respectfully request this Court deny Petitioners' Motion to Stay Proceedings.[1] Instead, it is long past time for this matter to be remanded to the United States District Court for the Central California to vacate the permanent injunction. Respondents submit there is good cause to do so.

Petitioners submit a "stay is warranted because the Supreme Court will soon decide the core constitutional issue here . . . [and] [t]o preserve the resources of this Court, the district court, and the parties, this Court should stay proceedings until the Supreme Court rules." Dkt. 86 at 1 (citing Pet. Cert. at I, *Genalo v. D.C.*, No. 26-379 (U.S. 2026)). However, Petitioners fail to account for two very important details in their argument. First, Respondents continue to be injured by an unlawful permanent injunction. *See* Dkt 30-1 at 3 ("On remand, the permanent injunction must be vacated because it lacks a basis in law."). Second, the parties can simply stay proceedings pending any action by the Supreme Court at the district court level once the permanent injunction is lifted, thereby rendering moot all of Petitioners' arguments on conservation of resources.

---

[1] Fed. R. App. P. 40(d)(4) provides that "[u]nless the court so requests, no response to the petition [for rehearing] is permitted." Consequently, Respondents have not responded to the merits of Petitioners' Petition for Panel Rehearing. However, should this Court require a response on that request, Respondents respectfully request the opportunity to submit one.

Moreover, despite the silence from the Supreme Court following its dismissal of *Genalo v. Black*, No. 25-886 (U.S. 2026), Petitioners insist that the issues underlying this case will soon be taken up and decided. Dkt. 86 at 4-5. Petitioners want this Court to continue a stay that prejudices one party over the other and regardless of the parties' agreement to consent to a stay over the past five years—a position Petitioners ask this court to make permanent—Respondents, as it may do, now ask this Court to enforce its adverse decision from October 19, 2021. It is untenable that an injunction overturned by the Supreme Court in 2018 remains in force in the Central District of California.

Petitioners' sole argument for this court to continue to stay this case is that doing so will preserve judicial economy. *Id*. at 5-6. As stated above, however, Petitioners do not acknowledge the ongoing injury to Respondents imposed by the permanent injunction. Nor do Petitioners acknowledge a stay can be put in place at the district court level. A stay here only harms the Respondents and benefits the Petitioners. None of the three cases Petitioners cite to include continuing a permanent injunction despite one party's disagreement, let alone a permanent injunction one party has established is without a basis in law. *See Id*. (citing *United States v. Orona*, 987 F.3d 892 (9th Cir. 2021); *Henry v. Ryan*, 766 F.3d 1059 (9th Cir. 2014) (Fletcher, J., concurring); *Reyes v. Beto*, 349 F.2d 403 (5th Cir. 1965)).

/

/

For these reasons, this Court should not stay proceedings and instead remand this case so that the permanent injunction may be vacated.

Dated: November 2, 2026

/s/ Shane A. Young
SHANE A. YOUNG
Counsel for Respondents-Appellants

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(c), (g) and Ninth Circuit Rule 32-3, I certify that the response in opposition For Respondents-Appellants was prepared using Microsoft Word using Times New Roman, 14 point, font type; is proportionally spaced; and contains 520 words.

/s/ Shane A. Young
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Shane A. Young
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation